UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OMAR MALCOLM, ANTHONY APONTE, SHIRLENE            Case No: 20-cv-9641
BLAIR, LANAE CURRY, JOSE DEJESUS, SHAKIYNA
ESPINO, ROBERTO FERNANDEZ, VLAJEMY
FRANCOIS, MONIQUE JOHNSON, CAROLYN MARAJ,
MYRLINE ULYSSES, and BRICE WILLIAMS, individually
and on behalf of all others similarly situated,

                       Plaintiffs,                                    **COLLECTIVE ACTION
                                                                              COMPLAINT**

             -against-                                          **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,

                Defendant.
------------------------------------------------------------------------X
       Plaintiffs ANTHONY APONTE, SHIRLENE BLAIR, LANAE CURRY, JOSE

DEJESUS, SHAKIYNA ESPINO, ROBERTO FERNANDEZ, VLAJEMY FRANCOIS,

MONIQUE JOHNSON, OMAR MALCOLM, CAROLYN MARAJ, MYRLINE ULYSSES, and

BRICE WILLIAMS, individually and on behalf of all others similarly situated, as

representatives, by their attorneys Moser Law Firm, P.C. allege, upon personal knowledge as to

themselves and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiffs Anthony Aponte ("Aponte"), Shirlene Blair ("Blair"), Lanae Curry

("Curry"), Jose DeJesus ("DeJesus"), Shakiyna Espino ("Espino"), Roberto Fernandez

("Fernandez"), Vlajemy Francois ("Francois"), Monique Johnson ("Johnson"), Omar Malcolm

("Malcolm"), Carolyn Maraj ("Maraj"), Myrline Ulysses ("Ulysses"), Brice Williams

("Williams")(collectively "Plaintiffs") and the putative members of the collective action are

employees of the Department of Corrections ("DOC"), an agency of the City of New York

("NYC") and bring this action for violations of the Fair Labor Standards Act ("FLSA") including failure to pay overtime and failure to pay overtime promptly/timely.

2.      . Plaintiff Malcolm also brings this action in his individual capacity for retaliation under the FLSA.

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction over the claims in this action pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 201 et. seq.

4.   Venue is proper in this district pursuant to 29 U.S.C. § 1391 as Defendant resides in this district and as a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

## THE PARTIES

**Plaintiff**

5.   Plaintiff Aponte is an individual who resides in the State of New York, County of Suffolk.

6.   Plaintiff Blair is an individual who resides in the State of New York, County of Nassau.

7.   Plaintiff Curry is an individual who resides in the State of New York, County of Richmond.

8.   Plaintiff DeJesus is an individual who resides in the State of New York, County of Bronx.

9.   Plaintiff Espino is an individual who resides in the State of New York, County of Orange.

2

7074733.1

10. Plaintiff Fernandez is an individual who resides in the State of New York, County of New York.

11. Plaintiff Francois is an individual who resides in the State of New York, County of Suffolk.

12. Plaintiff Johnson is an individual who resides in the State of New York, County of New York.

13. Plaintiff Malcolm is an individual who resides in the State of New York, County of Suffolk.

14. Plaintiff Maraj is an individual who resides in the State of New York, County of Orange.

15. Plaintiff Ulysses is an individual who resides in the State of New York, County of New York.

16. Plaintiff Williams is an individual who resides in the State of New York, County of Nassau.

**<u>Defendant</u>**

17. Defendant NYC is a municipality organized and existing pursuant to the laws of the State of New York and maintains its principal place of business in the City, County and State of New York.

18. Defendant NYC is, and at all material times was, a public agency within the meaning of the FLSA.

19. Defendant NYC is, and at all materials times was, a political subdivision of the State of New York and a local government "employer" within the meaning of the FLSA.

20. Defendant is a covered employer within the meaning of the FLSA.

7074733.1

21. Plaintiffs, and other similarly situated individuals, are covered employees within the meaning of the FSLA.

## STATEMENT OF FACTS

22. Plaintiff Aponte is a Captain with the DOC currently assigned to the Robert N. Davoren Complex ("RNDC")

23. Plaintiff Blair is an Assistant Deputy Warden currently assigned to the RNDC.

24. Plaintiff Curry is a Correction Officer currently assigned to the RNDC.

25. Plaintiff DeJesus is a Correction Officer currently assigned to the RNDC.

26. Plaintiff Espino is a Captain currently assigned to the RNDC.

27. Plaintiff Fernandez is a Captain currently assigned to the RNDC.

28. Plaintiff Francois is a Captain currently assigned to the Anna M. Kross Center ("AMKC").

29. Plaintiff Johnson is a Captain currently assigned to the RNDC.

30. Plaintiff Malcolm is an Assistant Deputy Warden currently assigned to the RNDC.

31. Plaintiff Maraj is an Assistant Deputy Warden currently assigned to the RNDC.

32. Plaintiff Ulysses is a Correction Officer currently assigned to the Security Operations Division.

33. Plaintiff Williams is a Captain currently assigned to the AMKC.

34. Plaintiffs, and other similarly situated individuals, keep track of their time via timesheets.

35. Plaintiffs, and other similarly situated individuals, often worked/work in excess of 40 hours a week.

4

36. At the end of each daily tour, Plaintiffs, and other similarly situated individuals, submit tour certification sheets which list, *inter alia*, all of the overtime they work.

37. The time sheets/tour certification sheets are given to a timekeeper who puts the information into a program called CityTime.

38. The timesheets/tour certification sheets are submitted to the Defendant/DOC on a daily basis.

39. As a matter of policy, the Defendant/DOC is supposed to pay overtime compensation earned in a particular workweek on the regular payday for the period in which such workweek ends.

40. The Defendant/DOC is able to pay overtime compensation earned in a particular workweek on the regular payday for the period in which such workweek ends.

41. In direct violation of its own payroll policy, Defendant/DOC has repeatedly failed to pay Plaintiffs, and other similarly situated individuals, their overtime compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends.

42. The Defendant/DOC has engaged in a widespread practice of delaying the payment of overtime compensation to the Plaintiffs and other similarly situated individuals for one pay period or more.

43. Defendant/DOC willfully failed to pay Plaintiffs and other similarly situated individuals overtime compensation timely in accordance with the FLSA.

44. For example, during the past three years:

    a. Plaintiff Aponte has been paid approximately 186 hours of overtime late. Defendant/DOC failed to pay Plaintiff Aponte timely in, *inter alia*, May, June, July, September and October of 2020.

5

b. Plaintiff Blair has been paid approximately 23.5 hours of overtime late. Defendant/DOC failed to pay Plaintiff Blair timely in, *inter alia*, May and September 2018, June 2019, and March 2020.

c. Plaintiff Curry has been paid approximately 80 hours of overtime late. Defendant/DOC failed to pay Plaintiff Curry timely in, *inter alia*, February, May, September, October, and November of 2018 and April and May of 2020.

d. Plaintiff DeJesus was paid approximately 50 hours of overtime late. Defendant/DOC failed to pay Plaintiff DeJesus timely in, *inter alia*, February, March and July of 2020.

e. Plaintiff Espino was paid approximately 100 hours of overtime late. Defendant/DOC failed to pay Plaintiff Espino timely in, *inter alia*, December 2018 and July 2019.

f. Plaintiff Fernandez was paid approximately 8 hours of overtime late. Defendant/DOC failed to pay Plaintiff Fernandez timely in, *inter alia*, August and September 2019.

g. Plaintiff Francois was paid approximately 273 hours of overtime late. Defendant/DOC failed to pay Plaintiff Francois timely in, *inter alia*, October 2020.

h. Plaintiff Johnson was paid approximately 24 hours of overtime late. Defendant/DOC failed to pay Plaintiff Johnson timely in, *inter alia*, May 2020.

7074733.1

    i.   Plaintiff Malcolm was paid in excess of 440 hours of overtime late. Defendant/DOC failed to pay Plaintiff Malcolm timely in, *inter alia*, virtually every month in 2018 and 2019 as well as February through June of 2020.

    j.   Plaintiff Maraj was paid in excess of 300 hours of overtime late. Defendant/DOC failed to pay Plaintiff Maraj timely for virtually the entirety of the pertinent three-year period.

    k.   Plaintiff Ulysses was paid approximately 2 hours of overtime late. Defendant/DOC failed to pay Plaintiff Ulysses timely in, *inter alia*, January 2018.

    l.   Plaintiff Williams was paid approximately 150 hours of overtime late. Defendant/DOC failed to pay Plaintiff Williams timely in, *inter alia*, September 2020.

45. In addition, in many instances Defendant/DOC has failed to pay Plaintiffs their overtime compensation.

46. For example, during the past three years:

    a.   Defendant/DOC failed to pay Plaintiff Aponte for approximately 88 hours of overtime.

    b.   Defendant/DOC failed to pay Plaintiff Curry for approximately 33 hours of overtime.

    c.   Defendant/DOC failed to pay Plaintiff DeJesus for approximately 16 hours of overtime.

d.  Defendant/DOC failed to pay Plaintiff Espino for approximately 16 hours of overtime.

e.  Defendant/DOC failed to pay Plaintiff Fernandez for approximately 22 hours of overtime.

f.  Defendant/DOC failed to pay Plaintiff Francois for approximately 68 hours of overtime.

g.  Defendant/DOC failed to pay Plaintiff Malcolm for approximately 60 hours of overtime.

h.  Defendant/DOC failed to pay Plaintiff Ulysses for approximately 8 hours of overtime.

i.  Defendant/DOC failed to pay Plaintiff Williams for approximately 300 hours of overtime.

47. In addition to Plaintiffs, during the time period pertinent to this matter, Defendant/DOC has employed in excess of 10,000 employees.

## COLLECTIVE ACTION ALLEGATIONS

48. Plaintiffs bring this action individually and on behalf of all others similarly situated pursuant to, *inter alia*, 29 U.S.C. § 216(b).  Plaintiffs and the similarly situated individuals worked for Defendant/DOC.  The proposed collectives are defined as follows:

(a)  All Assistant Deputy Wardens, Captains, and Correction Officers employed by the Defendant/DOC at any time within the three year period immediately preceding the filing of this complaint and up to the time of trial who did not receive overtime earned in a particular workweek on the regular pay day for the period in which such workweek ended ("Late Paid Overtime Collective"); and

(b)  All Assistant Deputy Wardens, Captains, and Correction Officers employed by the Defendant/DOC at any time within the three year period immediately

8

7074733.1

preceding the filing of this complaint and up to the time of trial who were not paid for overtime worked ("Unpaid Overtime Collective").

49.    Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b) and their consent forms are attached hereto as Exhibit A.  As this case proceeds, it is likely that additional individuals will file consent forms and join as "opt-in" plaintiffs.

50. Plaintiffs and the members of the Late Paid Overtime Collective and Unpaid Overtime Collective are or were employed by Defendant/DOC within the meaning of the FLSA.

51. Plaintiffs and the members of the Late Paid Overtime Collective worked substantial overtime hours for which they were not compensated in a timely fashion in violation of the FLSA.

52. Plaintiffs and the members of the Unpaid Overtime Collective worked substantial overtime hours for which they were not compensated at all.

53. Defendant/DOC required overtime work.  Defendant/DOC is aware that Plaintiffs, the Late Paid Overtime Collective and the Unpaid Overtime Collective worked overtime and despite that knowledge did not pay them or paid them in an untimely fashion.

54. Defendant/DOC's unlawful conduct is widespread, repetitious, and consistent affecting Plaintiffs, the Late Paid Overtime Collective and the Unpaid Overtime Collective.

55. Defendant/DOC's conduct is willful and in bad faith, and has caused significant damages to Plaintiffs, the Late Paid Overtime Collective and Unpaid Overtime Collective.

56. Defendant/DOC is liable under the FLSA for failing to properly compensate Plaintiffs, the Late Paid Overtime Collective and the Unpaid Overtime Collective.

57. Notice of this action should be sent to the Late Paid Overtime Collective and Unpaid Overtime Collective.  There are numerous similarly situated current and former employees of the Defendant/DOC who have not been paid overtime or who have been denied

7074733.1

timely compensation in violation of the FLSA who would benefit from a Court supervised notice of the lawsuit and the opportunity to join the case.  Those similarly situated employees are known to the Defendant/DOC and are readily identifiable through the Defendant/DOC's records.

**FIRST CAUSE OF ACTION**
**Plaintiffs and the Late Paid Overtime Collective against Defendant**
**Delayed Overtime Wages under FLSA**

58.     Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

59.     The FLSA mandates, as a general rule, that overtime compensation earned in a particular workweek must be paid on the regular payday for the period in which such workweek ends.

60.     In violation of the FLSA, Defendant/DOC has engaged in a widespread pattern and practice of failing to timely/promptly pay Plaintiffs and the Late Paid Overtime Collective.

61.     Defendant/DOC's unlawful conduct has been willful and intentional. Defendant/DOC was aware or should have been aware that its practices with respect to the compensation of Plaintiffs and the Late Paid Overtime Collective are unlawful.  Because Defendant/DOC willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

62.     Defendant/DOC has not made a good faith effort to comply with the FLSA's prompt payment requirement.

63.     As a result of Defendant/DOC's unlawful acts, Plaintiffs and the Late Paid Overtime Collective are entitled to recovery of liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

7074733.1

## SECOND CAUSE OF ACTION
### Plaintiffs and the Unpaid Overtime Collective against Defendant
### Unpaid Overtime Wages under FLSA

64.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

65. The FLSA mandates that all hours worked in excess of 40 per week be compensated at one and one half times an individual's regular rate of pay.

66. In violation of the FLSA, Defendant/DOC has engaged in a widespread pattern and practice of failing to pay Plaintiffs and the Unpaid Overtime Collective in accordance with the FLSA.

67. Defendant/DOC's unlawful conduct has been willful and intentional. Defendant/DOC was aware or should have been aware that its practices with respect to the compensation of Plaintiffs and the Unpaid Overtime Collective are unlawful.  Because Defendant/DOC willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

68. Defendant/DOC has not made a good faith effort to comply with the FLSA's overtime pay requirements.

69. As a result of Defendant/DOC's unlawful acts, Plaintiffs and the Unpaid Overtime Collective are entitled to recovery of unpaid overtime wages, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA.

## THIRD CAUSE OF ACTION
### Plaintiff Malcolm against Defendant
### Retaliation under the FLSA

70.   Plaintiffs re-allege and incorporate by reference each and every allegation contained in the preceding paragraphs as if fully set forth herein.

7074733.1

71. 29 U.S.C. § 215(a)(3) provides that it shall be unlawful for any person to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

72. Plaintiff Malcolm is an Assistant Deputy Warden in the RNDC.

73. Like all the other named Plaintiffs and members of the Collectives he has bravely gone about his extremely demanding job in the face of not only regular daily hazards but a world wide pandemic which has disproportionally impacted those involved in the prison system.

74. Plaintiff Malcolm has not requested special treatment but instead merely seeks to be timely paid the overtime he has earned.

75. As set forth above, Plaintiff Malcolm is owed a substantial amount of unpaid overtime and has been paid a substantial amount of overtime late.

76.  Not one to be taken advantage of, Plaintiff Malcolm has complained frequently and vociferously about the Defendant/DOC's rampant violations of the FLSA in both failing to pay overtime timely and failing to pay overtime at all.

77. Such complaints started in approximately November 2016, but have ramped up from late 2019 to present as the Defendant/DOC's violations of the FLSA have become more frequent and widespread.

78. Such complaints have taken the form of, *inter alia*, oral and written complaints to the payroll department and to his superiors including, but not limited to, a lengthy email of December 29, 2019 in which Plaintiff Malcolm complained about unpaid/late paid overtime.

7074733.1

79.    As a result of Plaintiff Malcolm's engagement in protected activity under the FLSA, Defendant/DOC has taken adverse employment actions against Plaintiff Malcolm including, but not limited to, harassing Plaintiff Malcolm and restricting the amount of overtime Plaintiff Malcolm is able to earn.

80. For example, on August 13, 2020, Acting Assistant Chief Sherriean Rembert placed Plaintiff Malcolm on restriction for the balance of the month attempting to bar him from earning additional overtime.

81. More recently, on November 6, 2020, a supervisor emailed Plaintiff Malcolm's union president and his immediate supervisor in an effort create problems for him.

82. As a result of Defendant/DOC's actions Plaintiff Malcolm has suffered, *inter alia*, severe emotional distress.

83. Given the foregoing, Plaintiff Malcolm is entitled to unpaid wages, lost wages, liquidated damages, interest, attorneys' fees, costs and disbursements, emotional distress damages, compensatory damages, punitive damages and all other damages available under the FLSA/applicable law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully request that the Court grant the following relief:

a)    That at the earliest possible time, Plaintiffs be allowed to give notice of this Collective Action, or that the Court issue such notice to the Late Paid Overtime Collective and the Unpaid Overtime Collective, as defined above.  Such notice shall inform the Late Paid Overtime Collective and the Unpaid Overtime Collective of the filing of this civil action, the nature of this action, and their right to join this action;

13

b)  Designation of Plaintiffs as representatives of the Collectives and counsel of record as collective counsel;

c)  On the first cause of action, damages in an amount to be determined at trial which includes, but is not limited to, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA;

d)  On the second cause of action, damages in an amount to be determined at trial which includes, but is not limited to, unpaid overtime, liquidated damages, interest, attorneys' fees, costs, and other compensation pursuant to the FLSA;

e)  On the third cause of action, damages in an amount to be determined at trial which includes, but is not limited to, unpaid wages, lost wages, liquidated damages, interest, attorneys' fees, costs and disbursements, emotional distress damages, compensatory damages, punitive damages and any other damages available under the FLSA/applicable law.

f)  All pertinent and available damages under the FLSA and supporting regulations such as the United States Department of Labor Regulations;

g)  Appropriate injunctive and declaratory relief;

h)  Interest;

i)  Reasonable attorneys' fees, costs and disbursements; and

j)  Such other relief as this Court shall deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff Malcolm demands a trial by jury on all claims properly triable by a jury.

14

7074733.1

Dated: Huntington, New York
      November 17, 2020

Respectfully Submitted,
MOSER LAW FIRM, P.C.

By: _Paul Pagano_____
      Steven J. Moser, Esq.
      Paul A. Pagano, Esq.
      *Attorneys for Plaintiffs*
      5 East Main Street
      Huntington, NY 11743
      (516) 671-1150
      smoser@moserlawfirm.com
      paul.pagano@moserlawfirm.com

7074733.1

# EXHIBIT A

16

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Captain.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws.  I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

_11/6/2020_
Date

_____
Signature

_Anthony Aponte_
Print Name

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Assistant Deputy Warden.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws.  I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10/28/20
Date

Signature

Shirlene Blair
Print Name

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Correction Officer.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws.  I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10/20/20
Date

Signature

Lanae Curry
Print Name

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Correction Officer.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws.  I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10 | 22 | 2020
_____
Date

_____
Signature

DE JESUS, Joss
_____
Print Name

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Captain.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws. I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

_10/20/20_
Date

_____
Signature

_Shakiyner Espino_
Print Name

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Captain.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws.  I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10/28/2020
_____
Date

_____
Signature

Roberto Fernandez
_____
Print Name

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Captain.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws.  I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10 - 20 - 20
_____
Date

_____
Signature

_____
Print Name

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Assistant Deputy Warden.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm et. al. v. The City of New York* to recover unpaid overtime wages, liquidated damages and other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws. I also state that I have been retaliated against in violation of the FLSA. I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

_11-14-2020_
Date

_Omar Malcolm_
Signature

_Omar Malcolm_
Print Name

16

7074733.1

## CONSENT TO JOIN COLLECTIVE ACTION

I am employed by Defendant in the position of Assistant Deputy Warden.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws. I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10/20/2020
Date

Signature

Print Name

## **CONSENT TO JOIN COLLECTIVE ACTION**

I am employed by Defendant in the position of Captain.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws. I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10/29/2020

Date

Signature

Monique Johnson

Print Name

## <u>CONSENT TO JOIN COLLECTIVE ACTION</u>

I am employed by Defendant in the position of Correction Officer.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws.  I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10/20/2020                                              *Myrline Ulysse*
_____              _____
Date                                                          Signature

                                                              <u>Myrline Ulysse</u>

                                                              Print Name

**CONSENT TO JOIN COLLECTIVE ACTION**

I am employed by Defendant in the position of Captain.

Pursuant to Section 16(b) of the Fair Labor Standards Act, I hereby consent to be a party plaintiff in a collective action brought in the United States District Court for the Southern District of New York entitled *Malcolm. v. The City of New York* to recover unpaid overtime wages, liquidated damages and/or other sums owing to me and to other, similarly-situated employees under the FLSA and other applicable laws. I hereby authorize Moser Law Firm, P.C. to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

10-13-2020
_____
Date

_____
Signature

Brice Williams
_____
Print Name