

THE CITY OF NEW YORK

**JAMES E. JOHNSON**
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**KAMI Z. BARKER**
*Assistant Corporation Counsel*
Labor & Employment Law Division
(646) 960-1103
kbarker@law.nyc.gov

January 12, 2021

**BY ECF**
Honorable Andrew L. Carter
United States District Judge
Southern District of New York
Untied States Courthouse
40 Foley Square
New York, NY 10007

           Re:   <u>Malcolm, et. al. v. City of New York</u>
              20 Civ. 09641 (ALC)

Dear Judge Carter:

    I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter. I write, pursuant to Your Honor's Individual Rules, to request a pre-motion conference, seeking permission to file a motion to dismiss the complaint.

**A.**    <u>Background</u>

    Plaintiffs are approximately twelve (12) employees[1] of the New York City Department of Corrections ("DOC"), currently assigned to work in various different facilities or divisions, including the Robert N. Davoren Complex ("RNDC"), the Anna M. Kross Center ("AMKC"), and the Security Operations Division. <u>See</u> Complaint, Dkt. No. 1, at ¶¶ 22-33. Additionally, they work in one of three different civil service titles, including Correction Officer, Captain, and Assistant Deputy Warden ("ADW"). <u>See id.</u> Plaintiffs claim that defendant failed to comply with various provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). In particular, plaintiffs allege that defendant: (1) failed to timely pay plaintiffs and other similarly situated individuals their overtime compensation; (2) failed to pay them overtime compensation at all, and (3) retaliated against Plaintiff Malcolm for allegedly complaining about overtime payments. As explained below, the complaint fails to plead facts sufficient to give rise to a plausible claim of relief. [2]

---

[1] On January 11, 2021, eleven plaintiffs opted-in to the purported collective without making individual claims. <u>See</u> Dkt. Nos. 9-19.

[2] While the FLSA mandates overtime pay for employees who work more than 40 hours per week, there are exceptions to this provision. Specifically, Section 213(a)(1) provides that certain employees employed in a bona fide executive, administrative, or professional capacity are exempt from the overtime requirements contained in Section 207(a)(1). Here, plaintiffs are claiming that they are employees within the meaning of § 207(a)(1), thereby entitling him to the overtime compensation required therein. Therefore, only plaintiffs with the civil service title of Correction Officer are covered by the FLSA, while Captains and ADW are exempt from the overtime requirements of the FLSA.
Defendant recognizes that the Second Circuit has held that at this stage of litigation, a plaintiff is "not required to plead facts…to support that she was a non-exempt employee, that is, one who falls outside of FLSA's exemptions." <u>DeJesus v. HF</u>

Continued…

**HONORABLE ANDREW L. CARTER**
United States District Judge
Malcolm, et. al. v. City of New York
20 Civ. 09641 (ALC)

**B.      Plaintiffs' FLSA Claims Must Be Dismissed**

        **(i.)      Plaintiffs' Claims, Prior to November of 2018, Are Time-Barred**

The statute of limitations under the FLSA is two years, and three years if the violation is willful. 29 U.S.C. § 255(a). A willful FLSA violation occurs if the employer "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by'" the FLSA. Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)). Conclusory allegations of willfulness are insufficient. See Perez v. Queens Boro Yang Cleaner, Inc., No. 14-CV-7310, 2016 U.S. Dist. LEXIS 35587, at *5 (E.D.N.Y. Mar. 17, 2016), adopted by, 2016 U.S. Dist. LEXIS 45862 (E.D.N.Y. Apr. 5, 2016). Plaintiffs have failed to plead sufficient facts to render plausible the conclusion that defendant acted willfully. They only make conclusory allegations of willfulness, and the most plaintiffs can muster is to allege that, "Defendant/DOC was aware or should have been aware that its practices … are unlawful." See Complaint, Dkt. No. 1, at ¶ 61. This is completely insufficient, and absent sufficient allegations of willfulness, the two-year statute of limitations applies. Thus, because plaintiffs filed their Complaint on November 17, 2020, plaintiffs' claims, prior to November 17, 2018, must therefore be dismissed. See Watkins v. First Student, Inc., No. 17-CV-1519 (CS), 2018 U.S. Dist. LEXIS 32729, *19 (S.D.N.Y. February 28, 2018).

        **(ii.)      Plaintiffs Fail to Plead Their Claims with Sufficient Specificity**

"[T]o state a plausible FLSA overtime claim, a plaintiff must sufficiently allege 40 hours of work in a given workweek, as well as some uncompensated times in excess of the 40 hours." Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 114 (2d Cir. 2013). Thus, a plaintiff must allege "that [he] actually performed work for 40 hours in a week, and then work of some amount over 40 hours for which they were not compensated." Ramos v. City of New York, No. 13 Civ. 9225(KBF), 2014 U.S. Dist. LEXIS 66449, 2014 WL 2111687, at *3 (S.D.N.Y. May 9, 2014); see Leon v. Port Washington Union Free Sch. Dist., 49 F. Supp. 3d 353, 357-58 (E.D.N.Y. 2014). For an unpaid overtime claim to survive a motion to dismiss, plaintiffs "must provide sufficient detail about the length and frequency of their unpaid work to support a reasonable inference that they worked more than forty hours in a given week." Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir. 2013).

Plaintiff's complaint is bereft of any plausible allegations that would implicate the overtime requirements of the FLSA.  See Amponim v. Olayan Am. Corp., 2015 U.S. Dist. LEXIS 31778, *9 (S.D.N.Y. Mar. 16, 2015).  Indeed, plaintiffs identify only an *approximate* amount of overtime and *some* of the months and years associated with their allegations untimely overtime payment. See Complaint, Dkt. No. 1, at ¶ 44. ("For example, … Plaintiff [] has been paid approximately 186 hours of overtime late. Defendant/DOC failed to pay Plaintiff [] timely in, *inter alia*, May,…"). Plaintiffs completely fail to provide the date, workweek, or the specific amount of overtime for when they were allegedly delayed payment of overtime. This must be fatal to their claims. See Lundy, 711 F.3d at 114; see also Nakahata, 723 F.3d at 201.

Worse, plaintiffs fail to identify a single date, month, workweek, or year for when they claim defendant denied them overtime payment entirely, and, once again, they can only approximate the amount of time allegedly owed.  See id. at ¶¶ 45-46 ("For example, during the past three years: Defendant/DOC failed to pay

---

Mgmt. Servs., 726 F.3d 85, fn 7 (2d Cir. 2013) cert. den. 134 S. Ct. 918 (2014). Rather, "[a] claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim." Id. citing Corning Glass Works v. Brennan, 417 U.S. 188, 196 (1974).  As such, for the purposes of this motion only, and without waiving the affirmative defense that Captain and ADW plaintiffs were properly categorized as exempt employees under FLSA, defendant will assume that all plaintiffs are covered employees.  However, even if such assumption is made, the Complaint must nevertheless be dismissed.

**HONORABLE ANDREW L. CARTER**
United States District Judge
Malcolm, et. al. v. City of New York
20 Civ. 09641 (ALC)

Plaintiff [] for approximately 88 hours of overtime…"). Such ambiguous claims are insufficient and must be dismissed. See DeJesus v. HF Mgmt. Servs., 726 F.3d 85, 89 (2d Cir. 2013).

**C.     Plaintiff Malcom's Retaliation Claim Must Be Dismissed**

The FLSA makes it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under [the FLSA]." 29 U.S.C. § 215(a)(3). Under the McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting, three-step framework, plaintiff must establish a *prima facie* case, to wit: "(1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Salazar v. Bowne Realty Assocs., L.L.C., 796 F. Supp. 2d 378, 384 (E.D.N.Y. 2011) (citing Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010)). On a motion to dismiss, the plaintiff is not required to produce evidence of each *prima facie* element, but he "must plead facts that indicate an ability to do so." Bowen v. Baldwin Union Free Sch. Dist., No. 15-Civ-6829 (JMA) (GRB), 2017 U.S. Dist. LEXIS 136374, *17-18 (E.D.N.Y. August 23, 2017) (quoting McManamon v. Shinseki, No. 11 Civ. 7610 (PAE), 2013 U.S. Dist. LEXIS 96087, at *12 (2d Cir. July 10, 2013). Malcom, an exempt ADW, fails at every turn.

### (i.)     Malcolm's Alleged Complaints Are Not Protected Activity

Malcolm alleges that he "complained frequently and vociferously" about overtime payments in complaints, which "have taken the form of, *inter alia*, oral and written complaints to the payroll department and to his superiors including, but not limited to, a lengthy email of December 29, 2019 in which Plaintiff Malcom complained about unpaid/late paid overtime." See id. at ¶¶ 76, 78. His allegations do not allege that he provided defendant with a basis for it to infer that he was claiming an FLSA violation. For this reason alone, his claim for retaliation should be dismissed. See Watkins, 2018 U.S. Dist. LEXIS 32729, *26-27 (citing Baguidy v. Boro Transit Inc., No. 16-CV-3096, 283 F. Supp. 3d 14, 2017 U.S. Dist. LEXIS 164703, 2017 WL 4443476, at *11 (E.D.N.Y. Sept. 30, 2017), appeal dismissed, No. 17-3431 (Dec. 14, 2017). Moreover, the Second Circuit has held that a retaliation claim will fail unless the plaintiff demonstrates that the retaliation was the result of the plaintiff filing a complaint with "*some* degree of formality." Greathouse v. JHS Security, Inc., 784 F.3d 105, 116 (2d Cir. 2015) (quoting Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011)). As Malcolm fails to allege that he intended to file a formal FLSA complaint, his Complaint should be dismissed.

### (ii.)     Malcolm Fails to Allege an Adverse Employment Action

Malcolm alleges that, "Defendant/DOC has taken adverse employment actions against Plaintiff Malcolm including, but not limited to, harassing Plaintiff Malcolm and restricting the amount of overtime Plaintiff Malcolm is able to earn." See Complaint, Dkt. No. 1, at ¶ 79. Malcolm goes on to claim that "on August 13, 2020, Acting Assistant Chief Sherriean [sic] Rembert placed Plaintiff Malcolm on restriction for the balance of the month *attempting* to bar him from earning additional overtime." See id. at ¶ 80 (emphasis added). An attempt to interfere with his overtime is wholly inadequate. Nevertheless, even if Malcolm were entitled to overtime and Rembert had succeeded in limiting his overtime, it would not rise to the level of an adverse employment action since actions as severe as receiving unfavorable work schedules fails to rise to meet the standard under the FLSA. See Copantitla v. Fiskardo Estiatorio, Inc., No. 09 Civ. 1608 (RJH), 788 F. Supp. 2d 253, 304 (S.D.N.Y. 2011).

Moreover, Malcolm fails to make allegations of workplace harassment, "sufficiently severe or pervasive 'to alter the conditions of [his] employment and create an abusive working environment.'" Harris v. Forklift Sys., 510 U.S. 17, 24 (1993). He makes one claim, alleging that, "on November 6, 2020, a supervisor emailed Plaintiff Malcolm's union president and his immediate supervisor in an effort [to] create problems for him." See Complaint, Dkt. No. 1, at ¶ 81. Isolated instances of harassment ordinarily do not rise to this level. Rather, the plaintiff must demonstrate that either a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment. Notaro v. Fossil Indus., 820 F. Supp. 2d 452, 457 (E.D.N.Y. 2011). Therefore, Malcolm's claim of retaliation must be dismissed.

### (iii.)     Malcolm Fails to Allege Causation

3

**HONORABLE ANDREW L. CARTER**
United States District Judge
Malcolm, et. al. v. City of New York
20 Civ. 09641 (ALC)

To establish this element, a plaintiff may satisfy the burden through, *inter alia*, "evidence of retaliatory animus … or by showing that the protected activity was closely followed in time by the adverse action." Mullins, 626 F.3d at 53 (internal quotation marks and citations omitted). However, Malcolm critically fails to allege that employees who did not complain about overtime payments were treated differently than he was. Azeez v. Ramaiah, No. 14 Civ. 5623 (PAE), 2015 U.S. Dist. LEXIS 46574, *26-27 (S.D.N.Y April 9, 2015) (citing Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991). And he fails to allege any direct evidence of retaliatory animus. In fact, Malcolm does not recite statements from defendant's agents referring to, let alone condemning, his purported protected activity. See Azeez, 2015 U.S. Dist. LEXIS 46574, *26-27. Thus, as Malcolm fails to allege discriminatory animus, he must show rely on temporal proximity to meet this burden, and, once again, he fails.

Finally, while there is no "bright line" as to the temporal relationship between an adverse action and the protected activity, "the cases that accept mere temporal proximity as sufficient evidence of causality … uniformly hold that the temporal proximity must be very close." Wang v. Palmisano, 157 F. Supp. 3d 306, 327 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001)). Yet, even in cases where the temporal proximity is sufficiently close, there can be no inference of causation where the defendant's adverse actions toward plaintiff "began well before" defendant's knowledge of the protected activity. Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 95 (2d Cir. 2001). Malcolm admits that he began allegedly complaining in 2016, see Complaint, Dkt. No. 1, at ¶ 77, and the alleged adverse employment actions occurred in August and November of 2020. Moreover, the only specific date Malcolm provides for engaging in alleged protected activity was December 29, 2019, over eight months prior to the alleged adverse actions. Thus, Malcolm fails to state a claim for FLSA retaliation, and his claims should therefore be dismissed.

For the reasons stated above, plaintiffs' Complaint should be dismissed, and defendant requests a pre-motion conference to seek leave to file a motion to dismiss. I thank the Court for consideration of this matter.

Respectfully submitted,

By: **ECF**:   /s/
Kami Z. Barker
Assistant Corporation Counsel

To: **Moser Law Firm, P.C.**
Paul Andrew Pagano
5 East Main Street
Huntington, NY 11743
917-589-1479
paul.pagano@gmail.com
(By ECF)