

| | THE CITY OF NEW YORK | |
|---|---|---|
| **JAMES E. JOHNSON**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **KAMI Z. BARKER**<br>*Assistant Corporation Counsel*<br>Labor & Employment Law Division<br>(646) 960-1103<br>kbarker@law.nyc.gov |

March 3, 2021

**BY ECF**
Honorable Andrew L. Carter
United States District Judge
Southern District of New York
Untied States Courthouse
40 Foley Square
New York, NY 10007

        Re: Malcolm, et. al. v. City of New York
           20 Civ. 09641 (ALC)

Dear Judge Carter:

    I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for defendant City of New York in the above-referenced matter. I write, pursuant to Your Honor's Individual Rules, to request a pre-motion conference, seeking permission to file a motion to dismiss plaintiff's First Amended Complaint (hereinafter "Complaint").

**A.**  **Background**

    Plaintiffs are approximately twenty-four (24) employees of the New York City Department of Corrections ("DOC"), currently assigned to work in various facilities or divisions, including the Robert N. Davoren Complex ("RNDC"), the Anna M. Kross Center ("AMKC"), and the Security Operations Division. See Complaint, Dkt. No. 26, at ¶¶ 34-57. Additionally, they work in one of three different civil service titles, including Correction Officer, Captain, and Assistant Deputy Warden ("ADW"). See id. Plaintiffs claim that defendant failed to comply with various provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). In particular, plaintiffs allege that defendant: (1) failed to timely pay plaintiffs and other similarly situated individuals their overtime compensation; (2) failed to pay them overtime compensation at all, and (3) retaliated against Plaintiff Malcolm for allegedly complaining about overtime payments. As explained below, the Complaint fails to plead facts sufficient to give rise to a plausible claim of relief.[1]

---

[1] While the FLSA mandates overtime pay for employees who work more than 40 hours per week, there are exceptions to this provision. Specifically, Section 213(a)(1) provides that certain employees employed in a bona fide executive, administrative, or professional capacity are exempt from the overtime requirements contained in Section 207(a)(1). Here, plaintiffs are claiming that they are employees within the meaning of § 207(a)(1), thereby entitling him to the overtime compensation required therein. Therefore, only plaintiffs with the civil service title of Correction Officer are covered by the FLSA, while Captains and ADW are exempt from the overtime requirements of the FLSA.

Defendant recognizes that the Second Circuit has held that at this stage of litigation, a plaintiff is "not required to plead facts…to support that she was a non-exempt employee, that is, one who falls outside of FLSA's exemptions." DeJesus v. HF Mgmt. Servs., 726 F.3d 85, fn 7 (2d Cir. 2013) cert. den. 134 S. Ct. 918 (2014). Rather, "[a] claim of exemption under the

Continued…

**HONORABLE ANDREW L. CARTER**
United States District Judge
Malcolm, et. al. v. City of New York
20 Civ. 09641 (ALC)

**B.      Plaintiffs' FLSA Claims, Prior to November of 2018, Are Time-Barred and Must Be Dismissed**

The statute of limitations under the FLSA is two years, and three years if the violation is willful. 29 U.S.C. § 255(a). A willful FLSA violation occurs if the employer "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by'" the FLSA. Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S. Ct. 1677, 100 L. Ed. 2d 115 (1988)). Conclusory allegations of willfulness are insufficient. See Perez v. Queens Boro Yang Cleaner, Inc., No. 14-CV-7310, 2016 U.S. Dist. LEXIS 35587, at *5 (E.D.N.Y. Mar. 17, 2016), adopted by, 2016 U.S. Dist. LEXIS 45862 (E.D.N.Y. Apr. 5, 2016). Even with their newly amended Complaint, the most plaintiffs can muster is to allege that defendant knew or *should have known* that its practices were unlawful, which is the very opposite of willful. See Complaint, Dkt. No. 26, at ¶ 85. Indeed, after conclusory claiming that defendant's conduct has been willful and intention, plaintiffs claim that "Malcolm, and others, advised as much." See id. This allegation is glaringly vague. It intentionally omits the names of these "others," who they advised, and of what they were advised. Notably, of the 24 plaintiffs in this case, the Complaint can only name Malcolm who allegedly "advised" someone of something, and he is an exempt worker from the FLSA. Thus, the most anyone could have been advised of was that an employee, exempt from overtime, was allegedly receiving overtime payments late or not at all. Such information could not possibly trigger an implication of willfulness, and the two-year statute of limitations must therefore apply. Thus, because plaintiffs filed their original Complaint on November 17, 2020, plaintiffs' claims, prior to November 17, 2018, must be dismissed. See Watkins v. First Student, Inc., No. 17-CV-1519 (CS), 2018 U.S. Dist. LEXIS 32729, *19 (S.D.N.Y. February 28, 2018).

**C.      Plaintiff Malcom's Retaliation Claim Must Be Dismissed**

The FLSA makes it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under [the FLSA]." 29 U.S.C. § 215(a)(3). Under the McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting, three-step framework, plaintiff must establish a *prima facie* case, to wit: "(1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010). Malcolm, an exempt ADW, fails at every turn.

### (i.)      Malcolm's Alleged Complaints Are Not Protected Activity

Malcolm alleges that he "submitted several complaints about defendant's failure to pay overtime timely and indeed at all… [and] submitted numerous complaints through, *inter alia*, several verbal and written communications with his assigned timekeepers, the central timekeeping unit, payroll department and his superiors." See Complaint at ¶¶ 101-2. His allegations do not allege that he provided defendant with a basis for it to infer that he was claiming an FLSA violation, particularly given the fact that Malcolm is an exempt ADW. For this reason alone, his claim for retaliation should be dismissed. See Watkins, 2018 U.S. Dist. LEXIS 32729, *26-27 (citing Baguidy v. Boro Transit Inc., No. 16-CV-3096, 283 F. Supp. 3d 14, 2017 U.S. Dist. LEXIS 164703, 2017 WL 4443476, at *11 (E.D.N.Y. Sept. 30, 2017), appeal dismissed, No. 17-3431 (Dec. 14, 2017). Moreover, the Second Circuit has held that a retaliation claim will fail unless the plaintiff demonstrates that the retaliation was the result of the plaintiff filing a complaint with "*some* degree of formality." Greathouse v. JHS Security, Inc., 784 F.3d 105, 116 (2d Cir. 2015) (quoting Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011)). As Malcolm fails to allege that he intended to file a formal FLSA complaint, his Complaint should be dismissed.

---

FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim." Id. citing Corning Glass Works v. Brennan, 417 U.S. 188, 196 (1974).  As such, for the purposes of this motion only, and without waiving the affirmative defense that Captain and ADW plaintiffs were properly categorized as exempt employees under FLSA, defendant will assume that all plaintiffs are covered employees.  However, even if such assumption is made, the Complaint must nevertheless be dismissed.

2

HONORABLE ANDREW L. CARTER
United States District Judge
Malcolm, et. al. v. City of New York
20 Civ. 09641 (ALC)

### (ii.) Malcolm Fails to Allege an Adverse Employment Action

In the retaliation context, an adverse employment action is one that "could well dissuade a reasonable worker from making or supporting a charge of discrimination." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72 at 90 (2d Cir. 2015) (citing Burlington N & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006)). In his newly amended Complaint, Malcolm alleges that, "he was subjected to an unfair and adverse job action of a sudden change of job location… from (AMKC) … to … (RNDC)." See Complaint, Dkt. No. 26, at ¶¶ 104-5. However, merely being transferred to a different location, on its own, does not constitute an adverse employment action. Galabya v. New York City Bd. of Educ., 202 F.3d 636 at 641 (2d Cir. 2000) (a transfer is only an adverse employment action if it results in a setback to one's career).

Malcolm goes on to claim that defendant assigned him to a new timekeeper and required him to provide evidence of his overtime work, including surveillance footage and the warden's attestation for his overtime work. See Complaint, Dkt. No. 26, at ¶¶ 113-16. He alleges that these actions amounted to harassment. However, Malcolm fails to plead actionable workplace harassment, "sufficiently severe or pervasive 'to alter the conditions of [his] employment and create an abusive working environment.'" Harris v. Forklift Sys., 510 U.S. 17, 24 (1993). Indeed, Malcolm complains of expectations that are clearly delineated in the Collective Bargaining Agreement ("CBA") between his union and defendant. A copy of the relevant section of the CBA for ADWs and Deputy Wardens is annexed hereto as Exhibit "A." The relevant paragraph of the CBA reads,

> Overtime performed by Deputy Warden and Deputy Wardens-in-Command shall be compensated for *compensatory time off* at the rate of time and one-half *when such overtime is ordered by the Commissioner, or the Chief of Department, N.Y.C. Department of Correction, or their designated*, or is performed during an emergency without prior approval and when requests for compensation therefor after performance of such overtime are *forwarded through channels together with recommendations and are approved by the Chief of Department, or designee,* for such purposes.

See Exhibit "A" at 2. As an ADW, Malcolm is required to have prior approval from the Chief of the Department (or a designee thereof like the warden) to work overtime. Failing that, he must prove the existence of an emergency situation and provide approved recommendations for his performance. Malcolm's union bargained for and agreed to these standards. Having to follow those rules cannot possibly be considered an adverse employment action.

Moreover, Malcolm's allegations omit the number of times these alleged events occurred, much less the specific dates or times. Thus, the Court cannot conclude that these situations were anything more than discrete, isolated instances of reasonable behavior. Malcolm also alleges that, "on August 13, 2020, Acting Assistant Chief Sherrieann Rembert emailed Plaintiff Malcolm and his superiors stating 'Restrict ADW Malcolm for the remaining of the month[.]'..." See Complaint, Dkt. No. 24, at ¶ 118. Notably, each description of this allegation, see id at ¶¶ 118-123, uses terms such as "requested" and "attempted," which corroborates Malcolm's initial allegation that Rembert "placed [] Malcolm on restriction for the balance of the month *attempting* to bar him from earning additional overtime." See Original Complaint, Dkt. No. 1, at ¶ 80 (emphasis added). An attempt to interfere with Malcolm's overtime is inadequate. Nevertheless, even if Malcolm were entitled to overtime and Rembert succeeded in limiting his overtime, it would not rise to the level of an adverse employment action since actions as severe as receiving unfavorable work schedules fail to meet the standard under the FLSA. See Copantitla v. Fiskardo Estiatorio, Inc., No. 09 Civ. 1608 (RJH), 788 F. Supp. 2d 253, 304 (S.D.N.Y. 2011). Thus, his retaliation complaint should be dismissed.

### (iii.) Malcolm Fails to Allege Causation

To establish this element, a plaintiff may satisfy the burden through, *inter alia*, "evidence of retaliatory animus … or by showing that the protected activity was closely followed in time by the adverse action."

3

HONORABLE ANDREW L. CARTER
United States District Judge
<u>Malcolm, et. al. v. City of New York</u>
20 Civ. 09641 (ALC)

<u>Mullins</u>, 626 F.3d at 53 (internal quotation marks and citations omitted). Malcolm fails to allege retaliatory animus. Indeed, he does not recite statements from defendant's agents referring to, let alone condemning, his purported protected activity. <u>See</u> <u>Azeez</u>, 2015 U.S. Dist. LEXIS 46574, *26-27. Therefore, he must rely on temporal proximity to meet this burden, and, once again, he fails. While there is no "bright line" as to the temporal relationship between an adverse action and the protected activity, "the cases that accept mere temporal proximity as sufficient evidence of causality … uniformly hold that the temporal proximity must be very close." <u>Wang v. Palmisano</u>, 157 F. Supp. 3d 306, 327 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting <u>Clark Cty. Sch. Dist. v. Breeden</u>, 532 U.S. 268, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001)). Malcolm admits that he began allegedly complaining in 2016, <u>see</u> Original Complaint, Dkt. No. 1, at ¶ 77, which is the same year he was promoted to Correction Captain, <u>see</u> Complaint, Dkt. No. 26, at ¶ 96, the position he held before ADW.[2] Yet, the alleged adverse employment actions occurred in August and November of 2020. Thus, Malcolm fails to state a claim for FLSA retaliation, and his claims should therefore be dismissed.

Finally, Malcom attempts to advance his argument for causation by comparing himself to others who were treated more favorably than he. However, he fails to demonstrate that he was "similarly situated in *all material respects* to the individuals with whom []he seeks to compare h[im]self." <u>Fordham v. Islip Union Free Sch. Dist.</u>, No. 08 CV 2310 (DRH)(WDW), 2012 U.S. Dist. LEXIS 111668, *28-30 (E.D.N.Y. 2012)(citing <u>Graham v. Long Island R.R.</u>, 230 F.3d 34, 39 (2d Cir. 2000)(quoting <u>Shumway v. United Parcel Serv.</u>, 118 F.3d 60, 64 (2d Cir. 1997)(emphasis added)). Indeed, Malcolm only claims that "[n]o one else has been required to submit such documentation." <u>See</u> Complaint, Dkt. No. 26, at ¶ 114. Thus, Malcolm's retaliation claim must be dismissed.

For the reasons stated above, plaintiffs' Complaint should be dismissed, and defendant requests a pre-motion conference to seek leave to file a motion to dismiss. I thank the Court for consideration of this matter.

Respectfully submitted,

By: **ECF**:  /s/
Kami Z. Barker
Assistant Corporation Counsel

To: **Moser Law Firm, P.C.**
Paul Andrew Pagano
5 East Main Street
Huntington, NY 11743
917-589-1479
paul.pagano@gmail.com
(By ECF)

---

[2] Malcolm also admits that defendant promoted him to ADW in 2018, <u>see</u> Complaint, Dkt. No. 26, at ¶ 97, during the same time period when he claims he was complaining. No inference of retaliation can reasonably be drawn from these facts. Indeed, if no causation can be found where negative performance reviews were issued before and after protected activity, <u>see</u>, e.g., <u>Lessambo v. PricewaterhouseCoopers, L.P.</u>, No. 08-CV-6272 (WHP), 2010 U.S. Dist. LEXIS 107827, at *13 (S.D.N.Y. Sept. 27, 2010), aff'd, 451 Fed. App'x 57 (2d Cir. 2011), it reasons to follow that positive non-adverse employment actions, like a major promotion, taken after the protected activity began, negates a finding of causation.