

Paul A. Pagano
516-671-1150
paul.pagano@moserlawfirm.com

March 8, 2021

Hon. Andrew L. Carter, USDJ
United States District Court
Southern District of New York
40 Foley Square
New York, NY  10007

Re:   *Malcolm, et al. v. City of New York,* 20-cv-09641 (ALC)

Dear Judge Carter:

I represent the Plaintiffs in the above referenced matter.  By this letter, Plaintiff's respond to Defendant's request for a pre-motion conference concerning its anticipated motion to dismiss.  (ECF No. 27).

## Background

Plaintiffs filed their First Amended Complaint on February 22, 2021. (ECF No. 26).  The First Amended Complaint, like the original complaint, asserts the following causes of action: (1) failure to *timely* pay overtime under the FLSA, (2) failure to pay overtime under the FLSA, and (3) retaliation against Omar Malcolm for engaging in activity protected by the FLSA.  Defendant filed a pre-motion letter addressing the sufficiency of the First Amended Complaint on March 3, 2021.  (ECF No. 27).  In said letter, Defendant expresses its desire to file a *partial motion to dismiss*.  More specifically, the Defendant is not seeking to dismiss Counts I and II of the complaint for failure to *timely* pay overtime and failure to pay overtime.  Instead, the Defendants are seeking only to (1) limit the Plaintiff's recovery under the FLSA to 2 years, and (2) dismiss Count III of the complaint alleging FLSA retaliation.

## Plaintiffs Have Sufficiently Pled Willfulness

The complaint alleges that the Defendant's violations of the FLSA are willful. (*See* ECF No. 26, ¶¶ 67, 79, 85, 91).

> Whether plaintiff has sufficiently shown a willful violation is an issue ordinarily left to the trier of fact; it is not properly determined in the context of a Rule 12(b)(6) motion to dismiss. *Agureyev v. H. K. Second Ave. Rest. Inc.*, 2018 U.S. Dist. LEXIS 155570, at *6 (S.D.N.Y. Sep. 12, 2018)(citing *Sikiotis v. Vitesse Worldwide Chaufeeured Servs., Inc., supra*, 147 F. Supp. 3d at 48 ("Notably, courts have held that 'whether or not a violation of the FLSA is "willful" is a fact-intensive inquiry not appropriately resolved on a motion to dismiss.'" *Quoting Goodman v. Port Auth. of New York & New Jersey*, 850 F. Supp.



> 2d 363, 381 (S.D.N.Y. 2012) (Sweet, D.J.)); *see Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 191 (E.D.N.Y. 2015) ("Courts considering [whether defendant was willful] on motions to dismiss tend to favor findings of willfulness."); *Moran v. GTL Const., LLC,* 06 Civ. 168 (SCR) 2007 U.S. Dist. LEXIS 55098, 2007 WL 2142343 at (S.D.N.Y. July 24, 2007) (Robinson, D.J.) ("[W]hether a defendant's actions were willful is a factual question that <u>cannot</u> be decided on a motion to dismiss." (emphasis added)).

*Agureyev v. H. K. Second Ave. Rest. Inc.*, 2018 U.S. Dist. LEXIS 155570, at *6 (S.D.N.Y. Sep. 12, 2018).

Moreover, for the purposes of pleading, willfulness qualifies as a factual state of mind falling under Fed. R. Civ. P. 9(b) which states that the "condition of mind of a person may be averred generally." *Leon v. Pelleh Poultry Corp.*, 2011 U.S. Dist. LEXIS 118350, at *6-7 (S.D.N.Y. Oct. 13, 2011); *Damassia v. Duane Reade, Inc.,* No. 04 Civ. 8819 (GEL), 2005 U.S. Dist. LEXIS 9768, 2005 WL 1214337, at *2 (S.D.N.Y. May 20, 2005). For this reason, at the pleading stage, "a general averment of willfulness suffices to invoke the three-year statute of limitations." *Bonn-Wittingham v. Project O.H.R. (Office for Homecare Referral), Inc.*, No. 16-CV-541 (ARR)(JO), 2016 U.S. Dist. LEXIS 172767, at *26 (E.D.N.Y. Dec. 12, 2016); *accord Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d 155, 161 (E.D.N.Y. 2015). As stated on identical facts by one court,

> Plaintiff has alleged that Defendant's actions were willful and intentional. At this stage, Plaintiff's general assertion satisfies the requirements of pleading a willful violation of the FLSA. Therefore, Defendant's motion to dismiss any claims prior to the two-year statute of limitations is denied[.]

*Moran v. GTL Constr., LLC*, 2007 U.S. Dist. LEXIS 55098, at *11 (S.D.N.Y. July 24, 2007)

### **Plaintiff Omar Malcolm has Sufficiently Pled Violations of the Anti-Retaliation Provision of the FLSA**

**Plaintiff's complaints are protected activity.** The City claims that the Complaint should be dismissed because "Malcolm fails to allege that he intended to file a formal FLSA complaint." Defendant cites no authority for the proposition that the intention to file a formal FLSA complaint is an element of a *prima facie* claim of retaliation under the FLSA. Indeed, although participation in protected activity is an element of a *prima facie* case of retaliation, "[t]he protected activity need not be a formal complaint[.]" *Watkins v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 U.S. Dist. LEXIS 32729, at *24-25 (S.D.N.Y. Feb. 28, 2018). Furthermore, in *Greathouse v. JHS Security, Inc.*, 784 F.3d 105, 115 (2d Cir. 2015) (internal alterations omitted), the Second Circuit held that the phrase "file any complaint" encompasses "oral complaints made to employers."



**Plaintiff has sufficiently alleged both adverse employment actions and causation.** "A plaintiff alleging retaliation under FLSA must first establish a prima facie case of retaliation by showing (1) participation in protected activity known to the defendant, like the filing of an FLSA lawsuit; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. An employment action disadvantages a plaintiff if it well might have 'dissuaded a reasonable worker from making or supporting [similar] charge[s] . . . .'" *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)).

Although the caselaw surrounding retaliation claims refers to an "adverse employment action", the Second Circuit has made it explicitly clear that "*an action need not affect the terms and conditions of a plaintiff's employment for purposes of a retaliation claim.*" *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 n.6 (2d Cir. 2010); *see Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)("[T]he antiretaliation provision, unlike the substantive [discrimination] provision [of Title VII], is not limited to discriminatory actions that affect the terms and conditions of employment."). Therefore, the Defendant's reliance upon decisions which determine what constitutes an "adverse employment action" in the context of a discrimination (rather than a retaliation) case is misplaced. *See* EC No. 27, at 3 (relying upon *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 638 (2d Cir. 2000)(an ADEA discrimination case) and *Harris v. Forklift Sys.*, 510 U.S. 17, 18, 114 S. Ct. 367, 369 (1993)(a Title VII discrimination case).

There are numerous actions which have been considered retaliatory even though they do not necessarily materially change the terms and conditions of employment, including giving unfavorable assignments (*Burlington Northern & Santa Fe Ry. v. White*, 548 U.S. 53, 70-71, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006); *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 304 (S.D.N.Y. 2011)), singling out an employee for schedule changes (*Eggleston v. City of Binghamton*, No. 3:20-CV-56, 2020 U.S. Dist. LEXIS 160042, at *29 (N.D.N.Y. Sep. 2, 2020)), excluding an employee from a weekly training lunch that contributes significantly to the employee's professional advancement (*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 69, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006)), assigning a teacher notoriously absent students (*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015)), conducting an investigation of a complaint in an egregious manner (*Cox v. Onondaga Cty. Sheriff's Dep't*, 760 F.3d 139, 147 (2d Cir. 2014)), and banning an employee from using the services provided by the employer to the public (*Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 510 (S.D.N.Y. 2013)).

"Finally, the Court must also consider Defendants' actions in the aggregate, 'as even minor acts of retaliation can be sufficiently substantial in gross.'" *United States v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 365, 408 (S.D.N.Y. 2018)(citing *Hicks*, 593 F.3d at 165).

The Plaintiff alleges that because of his complaints, (1) he was singled out for reassignment to a different facility, resulting in fewer overtime hours and reduced earnings (ECF



_____
March 8, 2021
Page 4 of 4

No. 26, ¶¶ 104-110), (2) he was not allowed to work his usual overtime hours (¶ 111), (3) he was singled out and subjected to unique overtime verification procedures (¶¶ 114-115), and (4) that Acting Assistant Chief Sherrieann Rembert directed that his overtime be restricted (¶ 118).  The question is not (as Defendant implies) whether the City's actions constituted a materially adverse change in the terms and conditions of Malcolm's employment.  Instead, the question is whether the City's retaliatory actions outlined above might dissuade a reasonable employee making complaints about overtime.

## Conclusion

For the foregoing reasons, the Defendant's anticipated motion, the Defendant's anticipated motion is futile and will result in needless delay and expenditure of judicial resources.

Respectfully submitted,

*Paul Pagano*

Paul A. Pagano