No. 20 Civ. 09641 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR MALCOLM, et al.,

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO DISMISS**

*JAMES E. JOHNSON*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street*
*New York, N.Y.  10007*

*Of Counsel:  Kami Zumbach Barker*
*Tel:  646-960-1103*
*Matter No.:  2020-044327*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................. 1

ARGUMENT

    POINT I

        PLAINTIFFS' CLAIMS PRIOR TO NOVEMBER 17, 2018 ARE TIME-BARRED AND MUST BE DISMISSED ................................. 2

    POINT II

        MALCOLM'S RETALIATION CLAIMS MUST BE DISMISSED .................................................................................................................. 4

        A.    Malcolm's Alleged Complaints Are Not Protected Activity .................................................................................................. 4

        B.    Malcolm Fails to Allege an Adverse Employment Action ................................................................................................... 6

        C.    Malcolm Fails to Allege Causation ........................................... 10

CONCLUSION ................................................................................................................................ 14

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                                **Pages**

Aneja v. Triborough Bridge & Tunnel Auth.,
   35 Fed. Appx. 19 (2d Cir. 2002),
   cert. denied, 538 U.S. 922 (2003) ...................................................................................5

Azeez v. Ramaiah,
   No. 14 Civ. 5623 (PAE), 2015 U.S. Dist. LEXIS 46574
   (S.D.N.Y. April 9, 2015)........................................................................................11, 12

Báez v. New York,
   629 Fed. Appx. 116 (2d Cir. 2015) .......................................................................12

Baguidy v. Boro Transit Inc.,
   283 F. Supp. 3d 14, 2017 U.S. Dist. LEXIS 164703
   (E.D.N.Y. Sept. 30, 2017),
   appeal dismissed, No. 17-3431 (Dec. 14, 2017) .......................................................4

Bhaduri v. Summit Sec. Servs.,
   No. 05 Civ. 7024 (HB), 2006 U.S. Dist. LEXIS 54576
   (S.D.N.Y. Aug. 8, 2006) ..................................................................................... 12-13

Burlington N. & Santa Fe Ry. Co. v. White,
   548 U.S. 53 (2006)....................................................................................................7

Caci v. Wiz of Lake Grove, Inc.,
   267 F. Supp. 2d 297 (E.D.N.Y. 2003) .....................................................................5

Calderon v. Mullarkey Realty, LLC,
   No. 14-CV-2616 (PKC)(RLM), 2018 U.S. Dist. LEXIS 97224
   (E.D.N.Y. June 10, 2018) ........................................................................................10

Clark Cty. Sch. Dist. v. Breeden,
   532 U.S. 268, 121 S. Ct. 1508, 149 L. Ed. 2d 509 (2001)................................. 11-12

Copantitla v. Fiskardo Estiatorio, Inc.,
   No. 09 Civ. 1608 (RJH), 788 F. Supp. 2d 253 (S.D.N.Y. 2011) .........................7, 10

Corning Glass Works v. Brennan,
   417 U.S. 188 (1974).................................................................................................2

Dabney v. Christmas Tree Shops,
   958 F. Supp. 2d 439 (E.D.N.Y. 2013) ..............................................................11, 12

**Cases**                                                                                           **Cases**

DeJesus v. HF Mgmt. Servs.,
    726 F.3d 85 (2d Cir. 2013)
    cert. den. 134 S. Ct. 918 (2014) ...............................................................................2

Dunn v. Sederakis,
    143 F. Supp. 3d 102 (S.D.N.Y. 2015)......................................................................5

Fordham v. Islip Union Free Sch. Dist.,
    No. 08 CV 2310 (DRH)(WDW), 2012 U.S. Dist. LEXIS 111668
    (E.D.N.Y. 2012)......................................................................................................13

Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.,
    252 F.3d 545 (2d Cir. 2001)...................................................................................12

Graham v. Long Island R.R.,
    230 F.3d 34 (2d Cir. 2000).....................................................................................13

Greathouse v. JHS Security, Inc.,
    784 F.3d 105 (2d Cir. 2015)....................................................................................6

Grimes-Jenkins v. Consol. Edison Co. of N.Y., Inc.,
    No. 16-CV-4897 (AT) (JCF), 2017 U.S. Dist. LEXIS 77710
    (S.D.N.Y. May 22, 2017),
    report and recommendation adopted,
    2017 U.S. Dist. LEXIS 96696 (S.D.N.Y. June 22, 2017).........................................7

Harris v. Forklift Sys.,
    510 U.S. 17 (1993)...................................................................................................8

Herling v. N.Y.C. Dep't of Educ.,
    No. 13-cv-5287, 2014 WL 1621966 (E.D.N.Y. Apr. 23, 2014)..............................11

Higueros v. New York State Catholic Health Plan, Inc.,
    526 F. Supp. 2d 342 (E.D.N.Y. 2007) .................................................................5, 6

Johnson v. Palma,
    931 F.2d 203 (2d Cir. 1991)...................................................................................12

Kasten v. Saint-Gobain Performance Plastics Corp.,
    563 U.S. 1 (2011)......................................................................................................6

Kelly v. City of Mt. Vernon,
    344 F. Supp. 2d 395 (S.D.N.Y. 2004)......................................................................5

| **Cases** | **Cases** |
|---|---|

Kelly v. Huntington Union Free Sch. Dist.,
   No. 09-CV-2101 (JFB) (ETB), 2012 U.S. Dist. LEXIS 45725,
   2012 WL 1077677 (E.D.N.Y. Mar. 30, 2012)...........................................................................7

Lambert v. Genesee Hosp.,
   10 F.3d 46 (2d Cir. 1993)........................................................................................................6

Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons,
   842 F.2d 590 (2d Cir. 1988)),
   aff'd sub nom. Dabney v. Bed Bath & Beyond,
   588 F. App'x 15 (2d Cir. 2014) ............................................................................................11

Marquez v. City of New York,
   No. 14-CV-8185 (AJN), 2016 U.S. Dist. LEXIS 123897
   (S.D.N.Y. Sept. 12, 2016).......................................................................................................8

McDonnell-Douglas Corp. v. Green,
   411 U.S. 792 (1973)................................................................................................................4

McLaughlin v. Richland Shoe Co.,
   486 U.S. 128 (1988)................................................................................................................2

Missere v. Gross,
   826 F. Supp. 2d 542 (S.D.N.Y. 2011).....................................................................................9

Mullins v. City of New York,
   626 F.3d 47 (2d Cir. 2010)............................................................................................4, 7, 10

Notaro v. Fossil Indus.,
   820 F. Supp. 2d 452 (E.D.N.Y. 2011) ....................................................................................9

Patane v. Clark,
   508 F.3d 106 (2d Cir. 2007)..................................................................................................11

Patel v. Lutheran Med. Ctr., Inc.,
   753 F. Supp. 1070 (E.D.N.Y. 1990) .....................................................................................10

Perez v. Queens Boro Yang Cleaner, Inc.,
   No. 14-CV-7310, 2016 U.S. Dist. LEXIS 35587
   (E.D.N.Y. Mar. 17, 2016),
   adopted by, 2016 U.S. Dist. LEXIS 45862 (E.D.N.Y. Apr. 5, 2016).......................................3

Riddle v. Citigroup,
   640 F. App'x 77 (2d Cir. 2016) ............................................................................................12

**Cases**

Salazar v. Bowne Realty Assocs., L.L.C.,
   796 F. Supp. 2d 378 (E.D.N.Y. 2011) ...............................................................................11, 12

Santi v. Hot in Here, Inc.,
   No. 18-CIV-03028(ER), 2019 U.S. Dist. LEXIS 10296
   (S.D.N.Y. Jan. 22, 2019)....................................................................................................12

Schaper v. Bronx Leb. Hosp. Ctr.,
   408 F. Supp. 3d 379 (S.D.N.Y 2019).................................................................................8

Shumway v. United Parcel Serv.,
   118 F.3d 60 (2d Cir. 1997)................................................................................................13

Slattery v. Swiss Reinsurance America Corp.,
   248 F.3d 87 (2d Cir. 2001)................................................................................................12

Sosa v. N.Y. City Dep't of Educ.,
   No. 18-CV-411 (PKC) (SJB), 2020 U.S. Dist. LEXIS 56310
   (E.D.N.Y. March 31, 2020) ................................................................................................7

United States v. Bari,
   599 F.3d 176 (2d Cir. 2010)...............................................................................................9

Wang v. Palmisano,
   157 F. Supp. 3d 306 (S.D.N.Y. 2016)..........................................................................11, 12

Watkins v. First Student, Inc.,
   No. 17-CV-1519 (CS), 2018 U.S. Dist. LEXIS 32729
   (S.D.N.Y. February 28, 2018).................................................................................. 2-3, 4, 5

Young v. Cooper Cameron Corp.,
   586 F.3d 201 (2d Cir. 2009)...............................................................................................2

**Statutes**

29 U.S.C. §§ 201 et seq................................................................................................................1

29 U.S.C. § 207(a)(1)....................................................................................................................2

29 U.S.C. § 213(a)(1)....................................................................................................................2

29 U.S.C. § 215(a)(3)................................................................................................................4, 6

29 U.S.C. § 255(a) ........................................................................................................................2

Fed. R. Civ. P. 12(b)(6).................................................................................................................1

## PRELIMINARY STATEMENT

Defendant, the City of New York ("defendant"), moves this Court to partially dismiss plaintiffs' claims, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Plaintiffs are Correction Officers, Captains, and Assistant Deputy Wardens ("ADW"), who are currently assigned to work in various facilities or divisions of the New York City Department of Corrections ("DOC"). See Plaintiffs' First Amended Complaint ("Complaint"), Dkt. No. 26, at ¶¶ 34-57. They claim that defendant: (1) failed to timely pay plaintiffs' overtime compensation, (2) failed to pay their overtime compensation at all, and (3) retaliated against Plaintiff Malcolm for allegedly complaining about overtime payments. For reasons more fully explained below, Plaintiffs have failed to state a claim under Rule 12(b)(6), and their claims should partially be dismissed.

First, plaintiffs only make conclusory allegations of defendants' willfulness and fail entirely to allege facts that would trigger an implication of any such thing. Thus, their claims prior to November 17, 2018 must be dismissed as time barred. Moreover, Malcolm's retaliation claim also fails because Malcolm did not engage in protected activity, has not suffered an adverse employment action, and fails to allege a retaliatory animus or temporal proximity, sufficient to establish causation. Therefore, Malcolm's retaliation claim should also be dismissed, and the only remaining claims should be plaintiffs' overtime claims after November 17, 2018.

## STATEMENT OF FACTS[1]

Plaintiffs are approximately twenty-four (24) DOC employees, who are currently assigned to work in various facilities or divisions, including the Robert N. Davoren Complex

---

[1] This statement of facts is derived from the allegations set forth in Plaintiffs' First Amended Complaint, dated February 22, 2021, at Dkt. No. 26. Plaintiff's material factual allegations are assumed to be true for purposes of this motion to dismiss.

("RNDC"), the Anna M. Kross Center ("AMKC"), and the Security Operations Division. See Complaint, Dkt. No. 26, at ¶¶ 34-57. Additionally, they work in one of three different civil service titles, including Correction Officer, Captain, and Assistant Deputy Warden ("ADW").[2] See id. They claim that defendant: (1) failed to timely pay plaintiffs' overtime compensation, (2) failed to pay their overtime compensation entirely, and (3) retaliated against Plaintiff Malcolm for allegedly complaining about overtime payments. See id., generally.

## ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS PRIOR TO NOVEMBER 17, 2018 ARE TIME-BARRED AND MUST BE DISMISSED

The statute of limitations under the FLSA is two years, and three years if the violation is willful. 29 U.S.C. § 255(a). A willful FLSA violation occurs if the employer "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by'" the FLSA. Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). However, conclusory allegations of willfulness are insufficient. See Watkins v. First Student, Inc., No. 17-CV-1519 (CS), 2018

---

[2] While the FLSA mandates overtime pay for employees who work more than 40 hours per week, there are exceptions to this provision. Specifically, Section 213(a)(1) provides that certain employees employed in a bona fide executive, administrative, or professional capacity are exempt from the overtime requirements contained in Section 207(a)(1). Here, plaintiffs are claiming that they are employees within the meaning of § 207(a)(1), thereby entitling them to the overtime compensation required therein. However, only plaintiffs with the civil service title of Correction Officer are covered by the FLSA, while Captains and ADW are exempt from the overtime requirements of the FLSA.

Defendant recognizes that the Second Circuit has held that at this stage of litigation, a plaintiff is "not required to plead facts…to support that she was a non-exempt employee, that is, one who falls outside of FLSA's exemptions." DeJesus v. HF Mgmt. Servs., 726 F.3d 85, fn 7 (2d Cir. 2013) cert. den. 134 S. Ct. 918 (2014). Rather, "[a] claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim." Id. citing Corning Glass Works v. Brennan, 417 U.S. 188, 196 (1974). As such, for purposes of this motion only and without waiving the affirmative defense that Captain and ADW plaintiffs were properly categorized as exempt employees under FLSA, defendant will assume that all plaintiffs are covered employees. In any case, even if such assumption is made, the Complaint must nevertheless be dismissed.

U.S. Dist. LEXIS 32729, *19 (S.D.N.Y. February 28, 2018) (citing <u>Perez v. Queens Boro Yang Cleaner, Inc.</u>, No. 14-CV-7310, 2016 U.S. Dist. LEXIS 35587, at *5 (E.D.N.Y. Mar. 17, 2016), <u>adopted by</u>, 2016 U.S. Dist. LEXIS 45862 (E.D.N.Y. Apr. 5, 2016)).

Plaintiffs have failed to plead sufficient facts to render plausible the conclusion that defendant acted willfully. Even with their newly amended Complaint, the most plaintiffs can muster is to allege that defendant knew or should have known that its practices were unlawful, which is the very opposite of willful. <u>See</u> Complaint, Dkt. No. 26, at ¶ 85. Indeed, after conclusory allegations that defendant's conduct has been willful and intention, plaintiffs claim that "Malcolm, and others, advised as much." <u>See id.</u> This allegation is glaringly vague. It intentionally omits the names of the "others" who advised of something, who they exactly advised, or what Malcom "and others" allegedly advised them of. Notably, of the 24 plaintiffs who have opted into this collective action, the Complaint only names Malcolm who allegedly "advised" someone of something. <u>See id.</u>

However, Malcom is an ADW, which is an exempt supervisory and salaried employee under the FLSA. Thus, the most Malcom could have advised someone at the DOC of was that an FLSA exempt employee was allegedly receiving overtime payments late or not at all. Such information could not possibly trigger an implication of willfulness, and the two-year statute of limitations must therefore apply. Thus, because plaintiffs filed their original Complaint on November 17, 2020, plaintiffs' claims, prior to November 17, 2018, must be dismissed. <u>See Watkins.</u>, 2018 U.S. Dist. LEXIS 32729, *19 (the Court granted dismissal where the plaintiff only alleged that the evidence "will show the carefully calculated and deliberate ways" Defendant tried to harm Plaintiff.").

## POINT II

### MALCOLM'S RETALIATION CLAIMS MUST BE DISMISSED

The FLSA makes it "unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under [the FLSA]." 29 U.S.C. § 215(a)(3). Under the McDonnell-Douglas Corp. v. Green, 411 U.S. 792 (1973), burden-shifting, three-step framework, plaintiff must establish a *prima facie* case, to wit: "(1) participation in a protected activity known to the defendant; (2) an employment action disadvantaging the plaintiff; and (3) a causal connection between the protected activity and the adverse employment action." Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010). Malcolm, an FLSA exempt ADW, fails at every turn.

### A.  Malcolm's Alleged Complaints Are Not Protected Activity

Malcolm alleges that he "submitted several complaints about defendant's failure to pay overtime timely and indeed at all… [and] submitted numerous complaints through, *inter alia*, several verbal and written communications with his assigned timekeepers, the central timekeeping unit, payroll department and his superiors."[3] See Complaint at ¶¶ 101-2. However, this is insufficient for defendant to infer that Malcolm was claiming an FLSA violation, as opposed to simply expressing a misunderstanding over his overtime pay or flagging a potential clerical error. For this reason alone, his claim for retaliation should be dismissed. See Watkins, 2018 U.S. Dist. LEXIS 32729, at *26-27 (citing Baguidy v. Boro Transit Inc., 283 F. Supp. 3d 14, 2017 U.S. Dist. LEXIS 164703, at *11 (E.D.N.Y. Sept. 30, 2017) (dismissing FLSA retaliation claim where plaintiff did not explain disparate treatment or provide payroll manager

---

[3] In his original Complaint, Malcolm specified how he complained about overtime, in that he sent "a lengthy email of December 29, 2019 in which Plaintiff Malcolm complained about unpaid/late paid overtime." See Original Complaint, Dkt. No. 1, at ¶¶ 76, 78

-4-

"with sufficient information to understand that Plaintiff was complaining of anything more than a clerical error in his paycheck"), appeal dismissed, No. 17-3431 (Dec. 14, 2017).

Malcolm's allegations paint a picture of an employee who approached his employer about his pay because he did not understand his FLSA exempt status or his CBA rights, or because he could not reconcile his payroll stubs. Like in Watkins, there is no indication that Malcolm said anything to his supervisor or payroll that would put defendant on notice that he was attempting to make a formal complaint, let alone that he was complaining of an FLSA violation. Because Malcolm has not alleged that he made a "clear articulation of facts indicative of illegality" to defendant, Dunn v. Sederakis, 143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015), his FLSA retaliation claims must be dismissed. See Caci v. Wiz of Lake Grove, Inc., 267 F. Supp. 2d 297 (E.D.N.Y. 2003) (Employee's purported internal complaints about wages to employee's supervisors, including the assistant manager and the regional employer relations manager were insufficient to support claim of FLSA retaliation, nor did the employee's purported informal contact to the state labor board support such a claim); see also Higueros v. New York State Catholic Health Plan, Inc., 526 F. Supp. 2d 342 (E.D.N.Y. 2007) (Employee's informal and internal complaints to management that she and others were entitled to overtime payments were not protected and employee's claims against her employer for retaliation failed); Aneja v. Triborough Bridge & Tunnel Auth., 35 Fed. Appx. 19 (2d Cir. 2002), cert. denied, 538 U.S. 922 (2003) (Former employee's retaliation claim failed because FLSA did not encompass complaints made to supervisor); Kelly v. City of Mt. Vernon, 344 F. Supp. 2d 395 (S.D.N.Y. 2004) (Employee could not recover for retaliation under the FLSA because employee never filed formal complaint for violations of FLSA and did not attempt to institute formal proceeding to recover back overtime until he filed instant lawsuit.).

Moreover, the Second Circuit has held that a plaintiff's retaliation claim under Section 215(a)(3) of the FLSA will fail unless the plaintiff demonstrates that the retaliation was the result of the plaintiff filing a formal complaint, instituting a proceeding, or testifying in a proceeding. Indeed, informal complaints to supervisors, such as Malcolm's, are not protected by Section 215(a)(3). Higueros v. New York State Catholic Health Plan, Inc., 526 F. Supp. 2d 342, 345-346 (E.D.N.Y. 2007) (citing Lambert v. Genesee Hosp., 10 F.3d 46, 55 (2d Cir. 1993) ("The plain language of this provision limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor.").

While the Second Circuit, in Greathouse v. JHS Security, Inc., 784 F.3d 105, 115 (2d Cir. 2015), modified their decision in Lambert to permit oral complaints, the Circuit noted that the statute still "contemplates some degree of formality." Greathouse, 784 F.3d at 116 (quoting Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011) ("a complaint is 'filed' only when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the Act." The employee "need not invoke the Act by name," but the complaint must be "sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.") Malcolm fails to allege that his internal overtime complaint had any level of formality or to allege facts of a grievance that would lead any employer to believe that he was asserting an FLSA violation. Thus, his Complaint of retaliation should be dismissed.

**B.     Malcolm Fails to Allege an Adverse Employment Action**

The FLSA makes it unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint." 29 U.S.C. § 215(a)(3).

-6-

In the retaliation context, an adverse employment action is one that "well might have dissuaded a reasonable worker from making or supporting similar charges." Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010) (quoting Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68, (2006)).  Under this standard, Courts have found that actions, such as "receiving unfavorable work schedules that impact child-care arrangements, being assigned less favorable duties, or [even] repeatedly being sent home[,] are *not* prohibited retaliatory actions … [that] could dissuade a reasonable worker ...." Copantitla v. Fiskardo Estiatorio, Inc., No. 09 Civ. 1608 (RJH), 788 F. Supp. 2d 253, 304 (S.D.N.Y. 2011) (emphasis added).  Thus, Malcolm fails to establish that he has suffered an adverse employment action, and his claims should be dismissed.

In his newly amended Complaint, Malcolm alleges that, "he was subjected to an unfair and adverse job action of a sudden change of job location… from (AMKC) … to … (RNDC)." See Complaint, Dkt. No. 26, at ¶¶ 104-5. However, merely being transferred to a different location, on its own, does not constitute an adverse employment action. Sosa v. N.Y. City Dep't of Educ., No. 18-CV-411 (PKC) (SJB), 2020 U.S. Dist. LEXIS 56310, *15 (E.D.N.Y. March 31, 2020)(plaintiff's transfer was not an adverse employment action where plaintiff failed to show that the two positions were materially adverse from each other)(citing Grimes-Jenkins v. Consol. Edison Co. of N.Y., Inc., No. 16-CV-4897 (AT) (JCF), 2017 U.S. Dist. LEXIS 77710, at *11 (S.D.N.Y. May 22, 2017) (finding that a denial of a transfer was not an adverse employment action when the plaintiff "fail[ed] to provide any information about how the denial of the transfer actually affected her, such that it might dissuade a reasonable employee in her shoes from reporting discrimination or harassment"), report and recommendation adopted, 2017 U.S. Dist. LEXIS 96696, (S.D.N.Y. June 22, 2017)); see also *Kelly v. Huntington Union Free Sch. Dist.*, No. 09-CV-2101 (JFB) (ETB), 2012 U.S. Dist. LEXIS 45725, 2012 WL 1077677, at *16 (E.D.N.Y. Mar. 30, 2012).

Malcolm goes on to claim that defendant assigned him to a new timekeeper and required him to provide evidence of his overtime work, including surveillance footage and the warden's attestation for his overtime work. See Complaint, Dkt. No. 26, at ¶¶ 113-16. Moreover, he alleges that these actions somehow amounted to harassment. See id. "[A] retaliatory hostile work environment may . . . constitute [a] materially adverse employment action," for purposes of establishing a *prima facie* retaliation claim only if the plaintiff can satisfy the hostile environment standard. Schaper v. Bronx Leb. Hosp. Ctr., 408 F. Supp. 3d 379, 392 (S.D.N.Y 2019) (quoting Marquez v. City of New York, No. 14-CV-8185 (AJN), 2016 U.S. Dist. LEXIS 123897, at *13 (S.D.N.Y. Sept. 12, 2016). However, at the outset, it should be noted that retaliatory hostile work environment claims are not typically available in FLSA actions where the plaintiff does not also claim discrimination based on some protected class.

In any event, even if such a claim could be made, plaintiff, nonetheless, fails to satisfy the hostile work environment standard, as such actions are not "sufficiently severe or pervasive 'to alter the conditions of [his] employment and create an abusive working environment.'" Harris v. Forklift Sys., 510 U.S. 17, 24 (1993). In fact, Malcolm complains of expectations that are clearly delineated in the Collective Bargaining Agreement ("CBA") between his union and defendant. A copy of the relevant section of the CBA for ADWs and Deputy Wardens is available at https://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/cbu11-corrections-assistant-deputy-wardens-revised-030108-to-06-30-12.pdf (last visited on April 12, 2021) and is annexed hereto for the Court's convenience as Exhibit "A." The relevant paragraph reads,

> Overtime performed by Deputy Wardens and Deputy Wardens-in-Command shall be compensated for compensatory time off at the rate of time and one-half when such overtime is ordered by the Commissioner, or the Chief of Department,

> N.Y.C. Department of Correction, or their designated, or is performed during an emergency without prior approval and when requests for compensation therefor after performance of such overtime are forwarded through channels together with recommendations and are approved by the Chief of Department, or designee, for such purposes.

See Exhibit "A" at 2.

As an ADW, Malcolm is required to have prior approval from the Chief of the Department (or a designee thereof, like the warden) to work overtime. Failing that, he must prove the existence of an emergency situation and provide approved recommendations for his performance.[4] See Exhibit "A" at 2. Malcolm's union bargained for and agreed to these standards. Having to follow them cannot possibly be considered an adverse employment action, let alone a hostile work environment.

In any event, Malcolm's allegations omit the number of times these alleged events occurred, much less the specific dates. However, isolated instances of harassment ordinarily do not rise to this level. Rather, the plaintiff must demonstrate that either a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of her working environment. Notaro v. Fossil Indus., 820 F. Supp. 2d 452, 457 (E.D.N.Y. 2011). Malcolm only makes one claim that is meant to establish harassment, and it fails entirely to establish either of these criteria. Therefore, the Court must conclude that

---

[4] The COVID-19 pandemic has caused the frequent occurrence of emergency situations with respect to overtime because DOC facilities over the last year have often been short-staffed due to enforced quarantines. See "'We Feel Like All of Us Are Gonna Get Corona.' Anticipating COVID-19 Outbreaks, Rikers Island Offers Warning For U.S. Jails, Prisons," available at https://time.com/5808020/rikers-island-coronavirus/ (last visited April 12, 2021) ("'New York City jails are the epicenter of the epicenter,' a spokesperson for the New York City Corrections Officer Benevolent Association (COBA) tells TIME. 'Every day, more COs and more inmates are testing positive.' Hundreds of correctional officers across the city have, in recent days, been calling out sick."). The Court may take judicial notice of this evidence in a motion to dismiss. Missere v. Gross, 826 F. Supp. 2d 542, 553 (S.D.N.Y. 2011) ("It is well established that a district court may rely on matters of public record in deciding a motion to dismiss."); see also United States v. Bari, 599 F.3d 176, 180-81 (2d Cir. 2010) (the Court can take judicial notice of information provided on the Internet).

these situations were nothing more than discrete, isolated instances of reasonable behavior, and Malcolm's hostile work environment claim should be dismissed.

Furthermore, Malcolm alleges that, "on August 13, 2020, Acting Assistant Chief Sherrieann Rembert emailed Plaintiff Malcolm and his superiors stating 'Restrict ADW Malcolm for the remaining of the month[.]'..." See Complaint, Dkt. No. 24, at ¶ 118. Notably, each description of this allegation, see id. at ¶¶ 118-123, uses terms such as "requested" and "attempted," which corroborates Malcolm's initial allegation that Rembert "placed [] Malcolm on restriction for the balance of the month *attempting* to bar him from earning additional overtime." See Original Complaint, Dkt. No. 1, at ¶ 80 (emphasis added). An attempt to interfere with Malcolm's overtime is inadequate to establish an adverse employment action. See Calderon v. Mullarkey Realty, LLC, No. 14-CV-2616 (PKC)(RLM), 2018 U.S. Dist. LEXIS 97224, *49 (E.D.N.Y. June 10, 2018) (citing Patel v. Lutheran Med. Ctr., Inc., 753 F. Supp. 1070, 1074 (E.D.N.Y. 1990) ("[A] claim of retaliation requires an impact on the plaintiff's ability to continue or procure employment."). Nevertheless, even if Malcolm were entitled to overtime and Rembert succeeded in limiting it, such an action would not rise to the level of an adverse employment action since actions as severe as receiving unfavorable work schedules fail to meet the standard under the FLSA. See e.g. Copantitla v. Fiskardo Estiatorio, Inc., 788 F. Supp. 2d 253, 304 (S.D.N.Y. 2011). Thus, Malcolm's retaliation complaint should be dismissed.

## C. Malcolm Fails to Allege Causation

Even if Malcolm engaged in protected activity and suffered an adverse employment action (which he did not), he nonetheless fails to state a claim of retaliation, because plaintiff does not allege causation. To establish the element of causation, a plaintiff may satisfy the burden through, *inter alia*, "evidence of retaliatory animus … or by showing that the protected activity was closely followed in time by the adverse action." Mullins, 626 F.3d at 53

(internal quotation marks and citations omitted); see also Herling v. N.Y.C. Dep't of Educ., No. 13-cv-5287, 2014 WL 1621966, at *10 (E.D.N.Y. Apr. 23, 2014); Dabney v. Christmas Tree Shops, 958 F. Supp. 2d 439, 457 (E.D.N.Y. 2013) (quoting Manoharan v. Columbia Univ. Coll. of Physicians & Surgeons, 842 F.2d 590, 593 (2d Cir. 1988)), aff'd sub nom. Dabney v. Bed Bath & Beyond, 588 F. App'x 15 (2d Cir. 2014). Malcolm fails to allege either.

Critically, Malcolm fails to allege any direct evidence of retaliatory animus. A court may consider "non-circumstantial evidence, such as written or verbal statements of retaliatory intent." Salazar v. Bowne Realty Assocs., L.L.C., 796 F. Supp. 2d 378, 385 (E.D.N.Y. 2011). For example, in Patane v. Clark, the Second Circuit expressly found that plaintiff had pled a causal connection where she allegedly overheard defendants "conspiring to drive her out of her job" and learned that one defendant "issued a negative performance review [complaining] about her attitude." Patane v. Clark, 508 F.3d 106, 116-17 (2d Cir. 2007). However, Malcolm does not allege any statements from defendant's agents referring to, let alone condemning, his purported protected activity, nor does he make allegations connecting defendant's attempted limitation of Malcom's overtime on his informal complaints to management. See Azeez v. Ramaiah, No. 14 Civ. 5623 (PAE), 2015 U.S. Dist. LEXIS 46574, *26-27 (S.D.N.Y. April 9, 2015). Indeed, Malcolm does not allege the existence of retaliatory animus at all. Therefore, he must rely on temporal proximity to meet this burden, and, once again, he fails.

While there is no "bright line" as to the temporal relationship between an adverse action and the protected activity, "the cases that accept mere temporal proximity as sufficient evidence of causality … uniformly hold that the temporal proximity must be very close." Wang v. Palmisano, 157 F. Supp. 3d 306, 327 (S.D.N.Y. 2016) (internal quotation marks omitted) (quoting Clark Cty. Sch. Dist. v. Breeden, 532 U.S. 268, 121 S. Ct. 1508, 149 L. Ed. 2d 509

(2001)); see also Riddle v. Citigroup, 640 F. App'x 77, 79 (2d Cir. 2016) (finding a gap of sixteen months too remote to support a causal connection); Salazar, 796 F. Supp. 2d at 384-85 (finding plaintiff plausibly plead FLSA retaliation claim where the complaint alleged, *inter alia*, an 8-month gap between plaintiff's protected activity and termination); Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty., 252 F.3d 545, 554 (2d Cir. 2001)(finding a five-month gap sufficient to find temporal proximity); Santi v. Hot in Here, Inc., No. 18-CIV-03028(ER), 2019 U.S. Dist. LEXIS 10296, at *13 (S.D.N.Y. Jan. 22, 2019) (finding that defendants' counterclaim, which was filed one month after plaintiff filed her complaint, was temporally proximate).

Yet, even in cases where the temporal proximity is sufficiently close, there can be no inference of causation where the defendant's adverse actions toward plaintiff "began well before" defendant's knowledge of the protected activity. Slattery v. Swiss Reinsurance America Corp., 248 F.3d 87, 95 (2d Cir. 2001); see also Báez v. New York, 629 Fed. Appx. 116, 119 (2d Cir. 2015); Wang, 157 F. Supp. 3d at 327-28; Dabney v. Christmas Tree Shops, No. 10-CV-8734 (CS), 958 F. Supp. 2d 439, 456 (S.D.N.Y. July 24, 2013). Malcolm admits that he began allegedly complaining in 2016, see Original Complaint, Dkt. No. 1, at ¶ 77, which is the same year he was promoted to Correction Captain, see Complaint, Dkt. No. 26, at ¶ 96, the position he held before ADW. Yet, the alleged adverse employment actions occurred in August and November of 2020. Thus, Malcolm fails to state a claim for FLSA retaliation, and his claims should therefore be dismissed.

Finally, Malcolm critically fails to allege that employees who did not complain about overtime payments were treated differently than he was. Azeez, 2015 U.S. Dist. LEXIS 46574, *26-27 (citing Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991); see also Bhaduri v. Summit Sec. Servs., No. 05 Civ. 7024 (HB), 2006 U.S. Dist. LEXIS 54576, at *6 (S.D.N.Y.

Aug. 8, 2006) (Plaintiff "must demonstrate that he was treated differently from similarly situated employees to demonstrate a causal connection between the protected activity and the retaliatory activities.").

In his newly amended Complaint, Malcom attempts to correct this deficiency by claiming that "[n]o one else has been required to submit such documentation." See Complaint, Dkt. No. 26, at ¶ 114.  However, this allegation is insufficient because he fails to demonstrate that he was "similarly situated in all material respects to the individuals with whom []he seeks to compare h[im]self."  Fordham v. Islip Union Free Sch. Dist., No. 08 CV 2310 (DRH)(WDW), 2012 U.S. Dist. LEXIS 111668, *28-30 (E.D.N.Y. 2012)(citing Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)(quoting Shumway v. United Parcel Serv., 118 F.3d 60, 64 (2d Cir. 1997)(emphasis added)).  Never mind that Malcolm fails to define what this documentation is or how often defendants allegedly required it of him; he simply purports that no other employee in the entire DOC, whether they have complained about overtime or not, has been required to submit documentation proving that they worked overtime.  This is insufficient.

To meet such a standard, Malcolm would need to name at least one other ADW, who never complained about overtime and who the DOC has timely paid overtime to without requiring any form of documentation, including in emergency situations.  Malcolm cannot, under penalty of perjury, make such an allegation because the CBA for Deputy Wardens and ADWs clearly provides for such a requirement.  Therefore, Malcolm fails to adequately allege the presence of similarly situated individuals, in all material aspects, and his retaliation claim must be dismissed.

## **CONCLUSION**

For the foregoing reasons, the Court should dismiss plaintiffs' First Amended Complaint in its entirety and grant such further relief as the Court deems just and proper.

Dated:   Boston, Massachusetts
         April 13, 2021

                                     JAMES E. JOHNSON
                                     Corporation Counsel of the
                                         City of New York
                                     Attorney for Defendant
                                     100 Church Street
                                     New York, New York 10007
                                     646-960-1103
                                     kbarker@law.nyc.gov

                             By:      /s/_____
                                     Kami Z. Barker
                                     Assistant Corporation Counsel

To:    **Moser Law Firm, P.C.**
        Paul Andrew Pagano
        5 East Main Street
        Huntington, NY 11743
        917-589-1479
        paul.pagano@gmail.com
        (By ECF)