UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OMAR MALCOLM, KARVEN ALCINDOR, ANTHONY
APONTE, SHIRLENE BLAIR, DERYCK CHARLES,
LATIF CORNELIUS, LANAE CURRY, JOSE DEJESUS,
SHAKIYNA ESPINO, ROBERTO FERNANDEZ,
VLAJEMY FRANCOIS, CRYSTAL GARNETT, CHANTEL   Case #:20-cv-9641-ALC
GOUVEIA, APRIL HERNEY-KOSAKOWSKI, TAMELLE
HILLIARD, YOLANDA HOLMES, MONIQUE JOHNSON,
KEYSHA LEWIS, CAROLYN MARAJ, HUZIRAN
MOZEB, ZHIHUI PU, DAVID RUDDOCK, MYRLINE
ULYSSES, and BRICE WILLIAMS, individually and on
behalf of all others similarly situated,

                                                    Plaintiffs,

                -against-

THE CITY OF NEW YORK,

                                                    Defendant.
------------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL DISMISSAL

Steven J. Moser, Esq.
Paul Pagano, Esq.
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
(516) 671-1150
steven.moser@moserlawfirm.com
paul.pagano@moserlawfirm.com

**TABLE OF CONTENTS**

**TABLE OF AUTHORITIES** .................................................................................. iii

**PRELIMINARY STATEMENT** ......................................................................... 1

**FACTS** .................................................................................................................. 2

**ARGUMENT** ........................................................................................................ 5

   I.   DEFENDANT'S MOTION TO DISMISS FLSA VIOLATIONS WHICH OCCURRED PRIOR TO NOVEMBER 17, 2018 SHOULD BE DENIED ............................................. 5

      A.  It is Well Settled that General Allegations of Willfulness are Sufficient at The Pleading Stage to Invoke the FLSA's Three-Year Statute of Limitations.................... 6

      B.  The Defendant's Motion Seeks to Preemptively Limit the Scope of the FLSA Collective Before a Motion for Conditinal Certification Has Been Filed. .................. 9

   III.  THE PLAINTIFF HAS SUFFICIENTLY PLED ACTIONABLE RETALIATION ....... 11

      A.  The Pleading Standard Applicable to FLSA Retaliation Claims Only Requires a Short and Plain Statement of the Claim that Gives the Defendant Fair Notice of the Plaintiff's Claim and the Grounds Upon Which it Rests ............................................. 11

      B.  The Plaintiff's Oral and Written Complaints Regarding Overtime Constitute Protected Activity ........................................................................................................ 11

      C.  The Plaintiff Has Sufficiently Pled Adverse Employment Actions........................... 15

         1.  Whether the Defendant's Conduct Constitutes an Adverse Action is a Fact-Specific Inquiry Not Suitable for Resolution on a Motion to Dismiss. ................ 15

         2.  The City's Actions Were Adverse. ........................................................................ 15

         3.  Defendant Has Misinterpreted the Holding in *Copantitla v. Fiskardo Estiatorio, Inc.* ..................................................................................................................... 18

      D.  The Plaintiff has Sufficiently Pled a Connection Between His Complaints Regarding Overtime and the City's Retaliatory Acts. ................................................................... 19

         1.  The Causation Pleading Standard. ......................................................................... 19

         2.  The Plaintiff has Sufficiently Pled Retaliatory Animus. ...................................... 20

         3.  The City Has Not Offered Any Legitimate Reason for Taking the Retaliatory Actions Alleged in the Complaint.......................................................................... 21

   **CONCLUSION** .................................................................................................... 22

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Adams v. McMinnville,* 890 F.2d 836 (6th Cir. 1989) .................................................................. 22

*Agureyev v. H.K. Second Ave. Rest. Inc.*, 2018 U.S. Dist. LEXIS 155570 (S.D.N.Y. Sept. 12, 2018) ................................................................................................................................................. 7

*Alvarez v. 215 N. Ave. Corp.*, No. 13 Civ. 7049 (NSR)(PED), 2015 U.S. Dist. LEXIS 61749 (S.D.N.Y. Jan. 22, 2015) ......................................................................................................... 8

*Aneja v. Triborough Bridge & Tunnel Auth., 35* F. App'x 19 (2d Cir. 2002) ............................ 13

*Anglada v. Linens 'n Things, Inc.*, No. 06 Civ. 12901 (CM) (LMS), 2007 U.S. Dist. LEXIS 39105, 2007 WL 1552511 (S.D.N.Y. Apr. 26, 2007) ............................................................... 9

*Aponte v. Comprehensive Health Mgmt.*, No. 10 Civ. 4825 (PKC), 2011 U.S. Dist. LEXIS 60882 (S.D.N.Y. June 1, 2011) ...................................................................................................... 11

*Arista Records L.L.C. v. Doe,* 604 F.3d 110 (2d Cir. 2010) ...................................................... 12

*Baltierra v. Advantage Pest Control Co.*, No. 14 Civ. 5917 (AJP), 2015 U.S. Dist. LEXIS 124961 (S.D.N.Y. Sept. 18, 2015) ......................................................................................... 8

*Blackie v. Maine*, 75 F.3d 716 (1st Cir. 1996) .......................................................................... 22

*Bonn-Wittingham v. Project O.H.R., Inc.*, No. 16-CV-541 (ARR)(JO), 2016 U.S. Dist. LEXIS 172767, 2016 WL 7243541 (E.D.N.Y. Dec. 12, 2016), *aff'd sub nom. Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71 (2d Cir. 2019) .................................................................. 7

*Boykin v. KeyCorp*, 521 F.3d 202 (2d Cir. 2008) ................................................................ 11, 12

*Braunstein v. E. Photographic Lab'ys, Inc.*, 600 F.2d 335 (2d Cir. 1978) ................................ 11

*Burlington N. & Santa Fe Ry. v. White, 54*8 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) ........................................................................................................................................... 16, 19

*Cabrera v. CBS Corp.*, No. 17-cv-6011 (CM), 2018 U.S. Dist. LEXIS 31814 (S.D.N.Y. Feb. 26, 2018) ....................................................................................................................................... 12

*Caci v. Wiz of Lake Grove, Inc.*, 267 F. Supp. 2d 297 (E.D.N.Y. 2003) .................................... 12

*Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391 (S.D.N.Y. Sept. 30, 2010) ............................................................. 8

*Changxing Li v. Kai Xiang Dong,* No. 15 Civ. 7554 (GBD) (AJP), 2017 U.S. Dist. LEXIS 32222 (S.D.N.Y. Mar. 7, 2017) ......................................................................................................... 8

*Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183 (E.D.N.Y. 2015) ........................................ 7

*Chinnery v. N.Y. State Off. of Children & Family Servs., 20*12 U.S. Dist. LEXIS 162707 (S.D.N.Y. Mar. 23, 2012) ....................................................................................................... 15

*Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317 (S.D.N.Y. 2010) ............................ 11

*Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253 (S.D.N.Y. 2011) ............... 16, 18, 19

*Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139 (2d Cir. 2014) ........................................ 16

*Crawford v. AMTRAK*, No. 3:15-cv-131 (JBA), 2015 U.S. Dist. LEXIS 162608 (D. Conn. Dec. 4, 2015)......................................................................................................................................... 15

*Damassia v. Duane Reade, Inc.,* No. 04 Civ. 8819 (GEL), 2005 U.S. Dist. LEXIS 9768 (S.D.N.Y. May 20, 2005) ...................................................................................................... 6

*Day v. City of N.Y.*, 2015 U.S. Dist. LEXIS 161206 (S.D.N.Y. Nov. 30, 2015).......................... 21

*Dubois v. Brookdale Univ. Hosp.*, 6 Misc. 3d 1023(A), 800 N.Y.S.2d 345, 2004 N.Y. Slip Op. 51819[U], 2004 WL 3196952 (N.Y. Sup. Ct. 2004).................................................................. 18

*Dunn v. Sederakis*, 143 F. Supp. 3d 102 (S.D.N.Y. 2015) ........................................................... 15

*Edwards v. Town of Huntington*, No. 05-CV-339 (NGG) (AKT), 2007 U.S. Dist. LEXIS 50074, 2007 WL 2027913 (E.D.N.Y. July 11, 2007) .......................................................................... 16

*Eggleston v. City of Binghamton*, No. 3:20-CV-56, 2020 U.S. Dist. LEXIS 160042 (N.D.N.Y. Sept. 2, 2020) ......................................................................................................................... 16

Fed. R. Civ. P. 8(a) ....................................................................................................................... 12

Federal Rule of Civil Procedure 9(b)............................................................................................ 7

*Fincher v. Depository Tr. & Clearing Corp.,* 60*4* F.3d 712 (2d Cir. 2010) ................................. 16

*Flores v. N.Y. City Human Res. Adminstration*, No. 10 Civ. 02407 (RJH), 2011 U.S. Dist. LEXIS 91356 (S.D.N.Y. Aug. 11, 2011) ........................................................................... 12, 15

*Goodman v. Port Auth. of N.Y. & N.J., 8*50 F. Supp. 2d 363 (S.D.N.Y. 2012)............................. 6

*Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111 (2d Cir. 2000) .................................................. 20

*Greathouse v. JHS Sec. Inc.*, 784 F.3d 105 (2d Cir. 2015)............................................... 13, 14, 16

*Greathouse v. JHS Sec., Inc.*, No. 11 Civ. 7845 (PAE) (GWG), 2012 U.S. Dist. LEXIS 127312 (S.D.N.Y. Sept. 7, 2012) *accepted by, in part, rejected by, in part*  2012 U.S. Dist. LEXIS 150954 (S.D.N.Y., Oct. 19, 2012)........................................................................................... 14

*Greathouse v. JHS Security, Inc.,* 11-cv-17845 Dkt. No. 36 (May 18, 2015)............................. 14

*Gurrieri v. Cnty. of Nassau*, No. 16-CV-6983 (ADS)(SIL), 2019 U.S. Dist. LEXIS 87146 (E.D.N.Y. May 23, 2019).......................................................................................................... 10

*Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d 155 (E.D.N.Y. 2015) ..................................... 7

*Hicks v. Baines*, 593 F.3d 159 (2d Cir. 2010)............................................................................... 17

*Higueros v. N.Y. State Catholic Health Plan, Inc.*, 526 F. Supp. 2d 342 (E.D.N.Y. 2007) ... 13, 14

*Hilaire v. Underwest Westside Operating Corp.*, No. 19 Civ. 3169 (PAE) (RWL), 2020 U.S. Dist. LEXIS 27141 (S.D.N.Y. Feb. 17, 2020) ........................................................................ 10

*Hopkins v. Digit. Equip. Corp.* (*JSM*), No. 93 Civ. 8468 (JSM), 1998 U.S. Dist. LEXIS 15762 (S.D.N.Y. Oct. 7, 1998)............................................................................................................ 22

*Ingrassia v. Health & Hosp. Corp.,* 130 F. Supp. 3d 709 (E.D.N.Y. 2015)................................. 17

*Islam v. LX Ave. Bagels, Inc.*, No. 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744 (S.D.N.Y. Sept. 30, 2019) ....................................................................................................... 10

*Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218 (S.D.N.Y. 2010) ...................................... 11

*Jacobsen v. Stop & Shop Supermarket Co., No*. 02 CIV. 5915 (DLC), 2003 U.S. Dist. LEXIS 7988 (S.D.N.Y. May 14, 2003) ..................................................................................... 10

*Joya v. Tutto Fresca Italian Food L.L.C.*, No. 2:18-CV-1299 (PKC) (GRB), 2019 U.S. Dist. LEXIS 121748 (E.D.N.Y. July 22, 2019) .................................................................. 7

*Kassman v. KPMG L.L.P.*, No. 11 Civ. 3743 (LGS), 2020 U.S. Dist. LEXIS 124282 (S.D.N.Y. July 15, 2020) ................................................................................................................... 7

*Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011) ............................................................................................................. 15

*Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 2 (E.D.N.Y. 2007) .................................... 6

*Kelly v. City of Mt. Vernon*, 344 F. Supp. 2d 395 (S.D.N.Y. 2004) ............................................ 13

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10 (2d Cir. 2013) ...... 17

*La Grande v. DeCrescente Distrib. Co.*, 370 F. App'x 206 (2d Cir. 2010) .................................. 17

*Lambert v. Genesee Hosp.*, 10 F.3d 46 (2d Cir. 1993) ................................................................ 13

*Langford v. Int'l Union of Operating Eng'rs, Local 30*, 765 F. Supp. 2d 486 (S.D.N.Y. 2011) . 12

*Li Ping Fu v. Pop Art Int'l Inc.*, No. 10 Civ. 8562 (DLC) (AJP), 2011 U.S. Dist. LEXIS 113614 (S.D.N.Y. Sept. 19, 2011) ................................................................................................ 8

*Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18-cv-12220 (PAE) (RWL), 2019 U.S. Dist. LEXIS 154246 (S.D.N.Y. Sept. 6, 2019) ....................................................................... 10

*Litras v. PVM Int'l Corp.*, No. No 11-cv-5695 (JFB) (AKT), 2013 U.S. Dist. LEXIS 116236 (E.D.N.Y. Aug. 15, 2013) ................................................................................................ 7

*Lopez v. Advantage Plumbing & Mech. Corp., No*. 15-CV-4507 (AJN), 2016 U.S. Dist. LEXIS 43608 (S.D.N.Y. Mar. 30, 2016) .................................................................................... 14

*Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57 (2d Cir. 2011) ..................... 12

*McKenzie v. Nicholson*, No. 08-CV-0773 (JFB)(AKT), 2009 U.S. Dist. LEXIS 5285 (E.D.N.Y. Jan. 26, 2009) ................................................................................................................. 12

*Mongiove v. Nate's Corp.*, No. 15-CV-1024 (NGG) (RML), 2016 U.S. Dist. LEXIS 16878, 2016 WL 590460 (E.D.N.Y. Feb. 9, 2016) ............................................................................... 10

*Moran v. GTL Constr., LLC,* 06 Civ. 168 (SCR), 2007 U.S. Dist. LEXIS 55098, (S.D.N.Y. July 24, 2007) .......................................................................................................................... 6

*Moses v. Griffin Indus., L.L.C.*, No. 18-cv-1200 (ALC) (OTW), 2020 U.S. Dist. LEXIS 181017 (S.D.N.Y. Sept. 30, 2020) ............................................................................................... 10

*Mullins v. City of N.Y.*, 626 F.3d 47 (2d Cir. 2010) .................................................................... 19

*Neil v. Sidney W. Barbanel Consulting Eng'r, L.L.C.*, No. 12 CV 4061 (SJ) (RLM), 2014 U.S. Dist. LEXIS 110759, 2014 WL 3907909 (E.D.N.Y. Aug. 11, 2014) .......................................... 8

*Norton v. Sam's Club*, 145 F.3d 114 (2d Cir. 1998) ................................................................... 19

*Oram v. SoulCycle L.L.C.*, 979 F. Supp. 2d 498 (S.D.N.Y. 2013) ................................................. 16

*Patton v. Thomson Corp.*, 364 F. Supp. 2d 263 (E.D.N.Y. 2005) ................................................. 10

*Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-CV-7310 (SJ) (JO), 2016 U.S. Dist. LEXIS 35587, 2016 WL 1359218 (E.D.N.Y. Mar. 17, 2016)) ......................................................... 6, 11

*Rahman v. Shiv Darshan, Inc.,* 12 Civ. 3457 (ILG)(CLP), 2013 U.S. Dist. LEXIS 24750 (S.D.N.Y. Feb. 22, 2013) .......................................................................................... 6

*Romero v. Flaum Appetizing Corp.*, No. 07 Civ. 7222 (BSJ), 2009 U.S. Dist. LEXIS 80498 (S.D.N.Y. Aug. 17, 2009) ............................................................................................... 11

*Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002) .................. 11

*Trowbridge v. Wernicki*, No. 3:13-cv-01797 (JAM), 2015 U.S. Dist. LEXIS 76690, 2015 WL 3746346 (D. Conn. June 15, 2015) ................................................................................... 14

*United States v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 365 (S.D.N.Y. 2018) .......................... 17

*Vaicaitiene v. Partners in Care, Inc.*, No. 04 Civ. 9125 (RMB) (THK), 2005 U.S. Dist. LEXIS 13490 (S.D.N.Y. July 6, 2005) (citations omitted) .......................................................... 9

*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72 (2d Cir. 2015) .......................... 16, 19, 21

*Watkins v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 U.S. Dist. LEXIS 32729 (S.D.N.Y. Feb. 28, 2018) ....................................................................................................... 6, 11

*Wicaksono v. XYZ 48 Corp.*, No. 10 Civ. 3635 (LAK) (JCF), 2011 U.S. Dist. LEXIS 55771, 2011 WL 2022644 (S.D.N.Y. May 2, 2011) .................................................................... 8

*Woroski v. Nashua Corp.*, 31 F.3d 105 (2d Cir. 1994) ................................................................ 22

*York v. City of Wichita Falls*, 48 F.3d 919 (5th Cir. 1995) .......................................................... 22

*Zhang v. Ichiban Grp., L.L.C.*, No. 1:17-CV-148 (MAD/TWD), 2020 U.S. Dist. LEXIS 36218 (N.D.N.Y. Mar. 3, 2020) .............................................................................................. 10

## Federal Rules

Fed. R. Civ. P. 8(a) ....................................................................................................................... 11

Fed. R. Civ. P. 9(b) ......................................................................................................................... 6

## PRELIMINARY STATEMENT

On November 17, 2020, twelve employees of the New York City Department of Corrections ("DOC") filed this action asserting claims for unpaid overtime and the delayed payment of overtime (both under the Fair Labor Standards Act ("FLSA")) against the DOC. (ECF No. 1).  Plaintiff Omar Malcolm also asserted a cause of action for violation of the anti-retaliation provision of the FLSA. (ECF No. 1).  On February 22, 2021, after the Defendant requested leave to file a motion to dismiss, twenty-four DOC employees filed a First Amended Complaint ("FAC") containing detailed allegations of violations of the FLSA. (ECF No. 26). Plaintiff Malcolm again asserted a cause of action for violation of the anti-retaliation provision of the FLSA. (ECF No. 26, ¶¶ 94-129).

The FAC alleges that "Defendant/DOC willfully failed to pay Plaintiffs and other similarly situated individuals overtime compensation timely in accordance with the FLSA." (FAC ¶ 67).  The complaint further alleges:

> Defendant/DOC's unlawful conduct has been willful and intentional. Defendant/DOC was aware or should have been aware that its practices with respect to the compensation of Plaintiffs and the Late Paid Overtime Collective are unlawful. Indeed, Plaintiff Malcolm, and others, advised as much on several occasions only to be ignored. Because Defendant/DOC willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

FAC, ¶ 85,

> Defendant/DOC's unlawful conduct has been willful and intentional. Defendant/DOC was aware or should have been aware that its practices with respect to the compensation of Plaintiffs and the Unpaid Overtime Collective are unlawful. Indeed, Plaintiff Malcolm, and others, advised as much on several occasions only to be ignored. Because Defendant/DOC willfully violated the FLSA, a three-year statute of limitations applies to such violations, pursuant to 29 U.S.C. § 255.

FAC, ¶ 91.

1

Defendant DOC now moves for partial dismissal of the FAC pursuant to Fed. R. Civ. P. 12(b)(6).  The DOC's motion contains two branches.  The first branch of the motion seeks to impose a two-year statute of limitations and dismiss all FLSA violations that occurred more than two years prior to the filing of the original complaint.  The second branch of the motion seeks the dismissal of Plaintiff Malcolm's retaliation claim.

For the reasons set forth herein, Defendant's motion should be denied in its entirety.

## **FACTS**

The following facts are taken from the FAC, which was filed on February 22, 2021 (ECF No. 26), and the Declaration of Plaintiff Omar Malcom in Opposition to Defendant's Motion to Dismiss the FAC ("Malcolm Decl.", ECF No. 27-2), which Plaintiff Omar Malcolm incorporates into the FAC:

"On [March 28, 2018], Plaintiff [Omar] Malcolm was promoted to Assistant Deputy Warden."  (FAC ¶ 97).  "Upon Plaintiff Malcolm's promotion to Assistant Deputy Warden, he was assigned to [the Anna M. Kross Center ("AMKC"), a jail located on Riker's Island]." (FAC ¶ 98).  "While Plaintiff Malcolm was working at AMKC, he worked a significant number of hours of overtime and did not receive his overtime pay in accordance with the NYC Office of Payroll Administration (OPA) calendar pay schedule." (FAC ¶ 99).  "Throughout the past three (3) years up to and including present, Plaintiff Malcolm has submitted several complaints about Defendant's failure to pay overtime timely and indeed at all." (FAC ¶ 101).  "Plaintiff Malcolm has submitted numerous complaints through, *inter alia*, several verbal and written communications with his assigned timekeepers, the central timekeeping unit, payroll department and his superiors." (FAC ¶ 102).

"As Plaintiff Malcolm continued to submit complaints he was subjected to an unfair and adverse job action of a sudden change of job location." (FAC ¶ 104).  "More particularly, on or

about September 27, 2019, Plaintiff Malcolm was the sole person involuntarily transferred/re-assigned from his job location (AMKC) suddenly and without any prior discussion to a new job location [the Robert N. Davoren Complex ('RNDC')]." (FAC ¶ 105).  "[T]he transfer was in retaliation for Plaintiff Malcolm's numerous complaints regarding Defendant's violations of the FLSA as, *inter alia*, noncomplaining employees were not transferred in the manner that Plaintiff Malcolm was." (FAC ¶ 109).  "As a result of being reassigned from AMKC to RDNC Plaintiff Malcolm's overtime hours, and thus his earnings, were significantly reduced." (FAC ¶ 110). "Additionally, Defendant informed Plaintiff Malcolm that he was not permitted to work his usual overtime hours." (FAC ¶ 111).  "Subsequent to his improper transfer, Plaintiff Malcolm continued to complain by, *inter alia*, on December 29, 2019 sending a lengthy email regarding unpaid/late paid overtime." (FAC ¶ 112).  "Plaintiff Malcolm was also assigned a new timekeeper, Ms. Tanya Baker, a Payroll Supervisor." (FAC ¶ 113).

"As Plaintiff Malcolm continued to inquire about his late/unpaid overtime Defendant required him to send video surveillance snapshots of himself arriving to the RNDC facility with date and time to be included on the video surveillance snapshots and further required him to produce similar snapshots of himself departing the facility at the end of his tour of duty. No one else has been required to submit such documentation." (FAC ¶ 114).  "Defendant also required Plaintiff Malcolm's warden's attestation, either verbal or written, to the payroll department that Plaintiff Malcolm reported for duty and/or worked overtime[,  a]nother procedure that no one else, including non-complaining employees, had to follow. (FAC ¶ 115).  "The foregoing punitive procedures were in addition to the normal procedures of requiring Plaintiff Malcolm to complete sign in sheets and logbook entries which reflected the overtime he worked." (FAC ¶ 116).

On April 21, 2020, Plaintiff Omar Malcolm sent an email to Jason Dunkel, an attorney with the DOC's Department of Labor Relations, and Maria Guccione, the Executive Director of Labor Relations at the DOC, advising them of a "Payroll Complaint" which he "tried to rectif[y]" on his own "to no avail."  (Malcolm Decl. ¶ 4).   The email makes reference to overtime worked and not paid in October 2019, January 2020 and February 2020.  (Malcolm Decl. ¶ 4).

On June 2, 2020, Omar Malcolm sent an email to Nadine M. Pinnock, Deputy Commissioner of Human Resources for the New York City Department of Corrections, Jason Dunkel, Maria Guccione, as well as employees responsible for payroll stating *inter alia*: "After months and months of trying to retrieve monies owed to me by the department, I[] finally was able to track down my sign in/out sheets.   These attached sheets will further detail how Assistant Deputy Warden Malcolm, Omar [has] not received unpaid overtime wages as far back as October [2019]. **This is a direct violation of the Fair Labor Standards Act.**"  (Malcolm Decl. ¶ 5) (emphasis supplied).  At the time this email was sent Plaintiff Omar Malcolm had an honest belief that the City's failure to pay overtime was a violation of the FLSA.  (Malcolm Decl. ¶ 6).

"On August 13, 2020 [less than two months after Malcolm explicitly asserted a violation of the FLSA], Acting Assistant Chief Sherrieann Rembert emailed Plaintiff Malcolm and his superiors stating 'Restrict ADW Malcolm for the remaining [sic] of the month[.]' referring to restricting him from earning overtime." (FAC ¶ 118; Malcolm Decl. ¶ 7).  "The restriction order was reinforced by an email from Ms. Baker to Ms. Rembert and Plaintiff Malcolm's superiors stating 'Please be advised RNDC ADW Omar Malcolm performed overtime on 8/29/20 for 8 hours in contrast to 8/13/20 restriction order.' Plaintiff Malcolm performed the overtime in question as there were no other ADWs available to work in the facility at the time in question."

(FAC ¶ 119).  "On November 6, 2020, Ms. Baker emailed Plaintiff Malcolm and his superiors requesting that Plaintiff Malcolm's warden order him to work for free through contractual additional tours of duty."  (FAC ¶ 120).

In sum, "Plaintiff Malcolm has been complaining vociferously about Defendant's violations of the FLSA since at least November 2016 with complaints ramping up from mid-late 2019 to present as the Defendant/DOC's violations of the FLSA have become more frequent and widespread." (FAC ¶ 125).  "Plaintiff Malcolm's complaints have been frequent and both verbal and in writing." (FAC ¶ 126).  "As a direct result of his complaints, Plaintiff Malcolm has, *inter alia*, been improper transferred from AMKC to RNDC directly impacting his ability to earn overtime, has been subjected to improper overtime restrictions, has been forced to take unnecessary and harassing steps to prove the amount of overtime he has worked (e.g., being forced to utilize surveillance footage and have his warden vouch for his overtime worked), and has been repeatedly harassed by Defendant.  No one else was subjected to, *inter alia*, an improper transfer, draconian time keeping methodologies or the level of harassment Plaintiff Malcolm has experienced, including but not limited to, those who have not complained about violations of the FLSA." (FAC ¶ 127).

## **ARGUMENT**

## I.      **DEFENDANT'S MOTION TO DISMISS FLSA VIOLATIONS WHICH OCCURRED PRIOR TO NOVEMBER 17, 2018 SHOULD BE DENIED**

Defendant's request to limit the statute of limitations to two years should be denied for two reasons.  First, the Defendant has ignored a mountain of caselaw from within the Second Circuit holding that general allegations of willfulness are sufficient at the pleading stage. Second, the Defendant's motion is an attempt to preemptively limit the scope of an FLSA

collective and courts within the Second Circuit have widely held that the proper notice period when willfulness is alleged is three years.

    **A.**  <u>It is Well Settled that General Allegations of Willfulness are Sufficient at The Pleading Stage to Invoke the FLSA's Three-Year Statute of Limitations.</u>

Defendant has ignored a mountain of caselaw from within the Second Circuit finding that general allegations of willfulness are sufficient at the pleading stage, and instead cites to only two cases that have held that general allegations of willfulness are insufficient.  See Def. MOL at 2-3 (citing *Watkins v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 U.S. Dist. LEXIS 32729, at *19 (S.D.N.Y. Feb. 28, 2018), and *Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-CV-7310 (SJ) (JO), 2016 U.S. Dist. LEXIS 35587, 2016 WL 1359218, at *5 (E.D.N.Y. Mar. 17, 2016)). However,

> Courts in this Circuit have generally left the question of willfulness to the trier of fact. *See, e.g., Rahman v. Shiv Darshan, Inc.,* 12 Civ. 3457 (ILG)(CLP), 2013 U.S. Dist. LEXIS 24750, at *9-10 (S.D.N.Y. Feb. 22, 2013) (concluding that plaintiff adequately pled willfulness — for "it is hornbook learning that the state of one's mind, intent, can almost never be proved directly and invariably is proved circumstantially" — and, accordingly, denying motion to dismiss the FLSA claim as time barred based on a two-year statute of limitations (alteration, citation, and quotation marks omitted)); *Goodman v. Port Auth. of N.Y. & N.J., 850* F. Supp. 2d 363, 381 (S.D.N.Y. 2012) ("Whether or not a violation of the FLSA is 'willful' is a fact-intensive inquiry not appropriately resolved on a motion to dismiss."); *Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 276, 297 (E.D.N.Y. 2007) (denying summary judgment as to willfulness where plaintiffs had complained to defendants about their pay); *Moran v. GTL Constr., LLC,* 06 Civ. 168 (SCR), 2007 U.S. Dist. LEXIS 55098, at *10-11 (S.D.N.Y. July 24, 2007) ("Although plaintiff has the burden of proving willfulness at trial, for the purposes of pleading, willfulness qualifies as a factual state of mind falling under Fed. R. Civ. P. 9(b) which states that the 'condition of mind of a person may be averred generally.' Moreover, whether a defendant's actions were willful is a factual question that cannot be decided on a motion to dismiss." (citations omitted)); *Damassia v. Duane Reade, Inc.,* No. 04 Civ. 8819 (GEL), 2005 U.S. Dist. LEXIS 9768, at *6-7 (S.D.N.Y. May 20, 2005) (denying motion to dismiss as to willfulness where plaintiffs alleged that defendants knew the contours of the FLSA and deliberately misclassified them as independent contractors in order to avoid the Act's requirements).

*Litras v. PVM Int'l Corp.*, No. No 11-cv-5695 (JFB) (AKT), 2013 U.S. Dist. LEXIS 116236, at *16-17 (E.D.N.Y. Aug. 15, 2013); *see also Kassman v. KPMG L.L.P.*, No. 11 Civ. 3743 (LGS), 2020 U.S. Dist. LEXIS 124282, at *22-23 (S.D.N.Y. July 15, 2020) (declining to limit FLSA claims based upon willfulness at the pleading stage); *Agureyev v. H.K. Second Ave. Rest. Inc.*, 2018 U.S. Dist. LEXIS 155570, at *6 (S.D.N.Y. Sept. 12, 2018)("Because willfulness is a condition of the mind, Federal Rule of Civil Procedure 9(b) governs its pleading requirements. Rule 9(b) states: 'Malice, intent, knowledge and other conditions of a person's mind may be alleged generally.'"); *Bonn-Wittingham v. Project O.H.R., Inc.*, No. 16-CV-541 (ARR)(JO), 2016 U.S. Dist. LEXIS 172767, 2016 WL 7243541 (E.D.N.Y. Dec. 12, 2016), *aff'd sub nom. Bonn-Wittingham v. Project OHR, Inc.*, 792 F. App'x 71 (2d Cir. 2019) ("Plaintiffs allege generally that defendants 'intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA.' At this stage of litigation, a general averment of willfulness suffices to invoke the three-year statute of limitations."); *Joya v. Tutto Fresca Italian Food L.L.C.*, No. 2:18-CV-1299 (PKC) (GRB), 2019 U.S. Dist. LEXIS 121748, at *5 (E.D.N.Y. July 22, 2019) ("plaintiffs may allege willfulness in general terms and nonetheless meet their burden of demonstrating a willful violation of the FLSA in order to avail themselves of the three-year statute of limitations."); *Henry v. Nannys for Grannys Inc.*, 86 F. Supp. 3d 155, 161 (E.D.N.Y. 2015) ("Plaintiffs' amended complaint alleges that Defendants willfully violated the FLSA. At this stage of the litigation, this general averment of willfulness suffices."); *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 192 (E.D.N.Y. 2015) ("plaintiffs may allege willfulness in general terms and nonetheless meet their burden of demonstrating a willful violation of the FLSA in order to avail themselves of the three-year statute of limitations."); *Neil v. Sidney W. Barbanel Consulting Eng'r, L.L.C.*, No. 12 CV 4061 (SJ) (RLM), 2014 U.S. Dist. LEXIS

110759, 2014 WL 3907909, at *2 (E.D.N.Y. Aug. 11, 2014) (at motion to dismiss stage, general assertion of willfulness is satisfactory for purposes of invoking three-year statute of limitations).

Consistent with these holdings, District Courts within the Second Circuit have widely held that general allegations of willfulness are sufficient to invoke the FLSA's three-year statute of limitations for purposes of a motion for default. *See, e.g., Changxing Li v. Kai Xiang Dong,* No. 15 Civ. 7554 (GBD) (AJP), 2017 U.S. Dist. LEXIS 32222, at *10-12 (S.D.N.Y. Mar. 7, 2017); *Baltierra v. Advantage Pest Control Co.*, No. 14 Civ. 5917 (AJP), 2015 U.S. Dist. LEXIS 124961, at *10 (S.D.N.Y. Sept. 18, 2015) ("Plaintiffs allege that defendants' FLSA and NYLL violations were willful… Thus, the three-year statute of limitations applies to the FLSA claims."); *Alvarez v. 215 N. Ave. Corp.*, No. 13 Civ. 7049 (NSR)(PED), 2015 U.S. Dist. LEXIS 61749, at *9 (S.D.N.Y. Jan. 22, 2015) ("[A]s Plaintiff alleges that Defendant committed FLSA violations willfully, [. . .] which the Court accepts as true by virtue of Defendant's default, the three-year federal period applies."); *Li Ping Fu v. Pop Art Int'l Inc.*, No. 10 Civ. 8562 (DLC) (AJP), 2011 U.S. Dist. LEXIS 113614, at *2 (S.D.N.Y. Sept. 19, 2011) (applying three-year statute of limitations where Plaintiff alleged that Defendant's violations of the FLSA were willful.); *Wicaksono v. XYZ 48 Corp.*, No. 10 Civ. 3635 (LAK) (JCF), 2011 U.S. Dist. LEXIS 55771, 2011 WL 2022644, at *6 (S.D.N.Y. May 2, 2011) ("[T]he defendant is in default, and therefore the plaintiffs' allegation that its conduct was willful is credited."), R. & R. adopted, 2011 U.S. Dist. LEXIS 55734, 2011 WL 2038973 (S.D.N.Y. May 24, 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc.*, No. 08 Civ. 3725 (DC), 2010 U.S. Dist. LEXIS 109373, 2010 WL 4159391, at *2 (S.D.N.Y. Sept. 30, 2010) (Chin, D.J.) ("[D]efendants defaulted and thus plaintiffs' allegations that the FLSA violations were willful are deemed admitted.").

**B.** **The Defendant's Motion Seeks to Preemptively Limit the Scope of the FLSA Collective Before a Motion for Conditional Certification Has Been Filed.**

Plaintiffs have not yet moved for conditional certification of their FLSA claims, but they anticipate filing said motion early in this litigation.   It is well settled that at the conditional certification stage, general allegations of willfulness are sufficient to give notice to collective action members who were employed for three years prior to the filing of the complaint. Defendant's motion seeks to preemptively limit the scope of the FLSA Collective for purposes of notice and will result in the failure to give notice to potential plaintiffs whose claims might become time-barred.  As explained by one Court which authorized notice for a three-year period:

> In her Complaint, Plaintiff alleges that Defendants 'knew or willfully and/or recklessly disregarded that its conduct . . . violated the FLSA.'[…] Whether Defendants violated the FLSA, and whether they acted willfully, are issues involving the merits of the action, which cannot be resolved at this stage [. . .] However, the statute of limitations is of concern at this stage because the limitations period for potential plaintiffs is only tolled after they 'opt-in' to the case.  If the Court were to later determine that Defendants acted willfully or recklessly, then those plaintiffs whose claims arose between two and three years prior to the opt-in deadline, could find that their claims are time-barred if they are not included in the initial notice and given an opportunity to opt-in to the action as promptly as possible. Accordingly, in the interest of reaching all similarly situated potential plaintiffs, the notice should extend to those employed up to three years prior to this Opinion.

*Vaicaitiene v. Partners in Care, Inc.*, No. 04 Civ. 9125 (RMB) (THK), 2005 U.S. Dist. LEXIS 13490, at *22-25 (S.D.N.Y. July 6, 2005) (citations omitted).

Where, as here, "there has been no substantive discovery as to the appropriate temporal scope of the prospective class of member plaintiffs, and where the Plaintiff has alleged a willful violation of the FLSA, it is prudent to certify a broader class of plaintiffs that can be limited subsequently, if appropriate, during the second phase of the collective action certification process." *Anglada v. Linens 'n Things, Inc.*, No. 06 Civ. 12901 (CM) (LMS), 2007 U.S. Dist. LEXIS 39105, 2007 WL 1552511, at *8 (S.D.N.Y. Apr. 26, 2007); *see also Gurrieri v. Cnty. of*

9

*Nassau*, No. 16-CV-6983 (ADS)(SIL), 2019 U.S. Dist. LEXIS 87146, at *26 (E.D.N.Y. May 23, 2019) (Granting notice for three-year period where complaint alleged that Defendant "willfully violated the FLSA."); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005) (granting notice to plaintiffs employed within last three years where Plaintiff alleged willful violation of the FLSA, in order to "help to preserve and effectuate the rights of potential plaintiffs whose claims might otherwise become time-barred during the discovery phase of the case"); *Mongiove v. Nate's Corp.*, No. 15-CV-1024 (NGG) (RML), 2016 U.S. Dist. LEXIS 16878, 2016 WL 590460, at *6 (E.D.N.Y. Feb. 9, 2016) (determining that proper notice period is three years — to match the longest statute of limitations period under the FLSA); *Jacobsen v. Stop & Shop Supermarket Co., No.* 02 CIV. 5915 (DLC), 2003 U.S. Dist. LEXIS 7988, at *12 (S.D.N.Y. May 14, 2003)(granting notice to employees who worked three years preceding the lawsuit, where plaintiff had not yet presented sufficient evidence of willful violations, since "he has not yet had the full discovery that will accompany certification of the class").

Indeed, District courts within the Second Circuit "routinely" apply the three-year statute of limitations to the notice period when plaintiffs plead a willful violation of the FLSA. *Moses v. Griffin Indus., L.L.C.*, No. 18-cv-1200 (ALC) (OTW), 2020 U.S. Dist. LEXIS 181017, at *11 (S.D.N.Y. Sept. 30, 2020); *Zhang v. Ichiban Grp., L.L.C.*, No. 1:17-CV-148 (MAD/TWD), 2020 U.S. Dist. LEXIS 36218, at *24 (N.D.N.Y. Mar. 3, 2020); *Hilaire v. Underwest Westside Operating Corp.*, No. 19 Civ. 3169 (PAE) (RWL), 2020 U.S. Dist. LEXIS 27141, at *16 (S.D.N.Y. Feb. 17, 2020); *Islam v. LX Ave. Bagels, Inc.*, No. 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744, at *19-20 (S.D.N.Y. Sept. 30, 2019); *Lijun Geng v. Shu Han Ju Rest. II Corp.*, No. 18-cv-12220 (PAE) (RWL), 2019 U.S. Dist. LEXIS 154246, at *50 (S.D.N.Y. Sept. 6, 2019); *Aponte v. Comprehensive Health Mgmt.*, No. 10 Civ. 4825 (PKC), 2011 U.S.

Dist. LEXIS 60882, at *20 (S.D.N.Y. June 1, 2011); *Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 331 (S.D.N.Y. 2010); *Romero v. Flaum Appetizing Corp.*, No. 07 Civ. 7222 (BSJ), 2009 U.S. Dist. LEXIS 80498, at *16-17 (S.D.N.Y. Aug. 17, 2009).

A dismissal of all FLSA claims which accrued more than two years prior to the filing of the complaint would not only limit the claims of the named plaintiffs but would have the practical effect of dismissing the claims of all opt-in plaintiffs which accrued more than two years prior to commencement. This is inconsistent with the "broad remedial purpose of the Act, which should be given a liberal construction." *Braunstein v. E. Photographic Lab'ys, Inc.*, 600 F.2d 335, 336 (2d Cir. 1978). It is no coincidence that the only two cases cited by the Defendant - *Watkins v. First Student, Inc.*, No. 17-CV-1519 (CS), 2018 U.S. Dist. LEXIS 32729, at *19 (S.D.N.Y. Feb. 28, 2018), and *Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-CV-7310, 2016 U.S. Dist. LEXIS 35587, 2016 WL 1359218 (E.D.N.Y. Mar. 17, 2016)) - did not involve FLSA collective actions, and therefore the importance of giving notice to the collective, and the concern that the claims of putative opt-ins could expire during the pendency of the case were not at issue.

## II.   THE PLAINTIFF HAS SUFFICIENTLY PLED ACTIONABLE RETALIATION

### A.   The Pleading Standard Applicable to FLSA Retaliation Claims Only Requires a Short and Plain Statement of the Claim that Gives the Defendant Fair Notice of the Plaintiff's Claim and the Grounds Upon Which it Rests.

For complaints asserting discrimination claims, "[t]he *Iqbal* plausibility standard applies in conjunction with employment discrimination pleading standards." *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 223-24 (S.D.N.Y. 2010). Such complaints "need not allege 'specific facts establishing a prima facie case of discrimination' . . . to survive a motion to dismiss." *Boykin v. KeyCorp*, 521 F.3d 202, 212 (2d Cir. 2008) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). Rather, these complaints need only "include a short and plain statement of the claim . . . [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks omitted). "[T]he *Swierkiewicz* holding applies with equal force to any claim . . . that the

> *McDonnell Douglas* framework covers," including claims of retaliation, disparate
> treatment, and hostile work environment, and retains its vitality in the wake of
> *Twombly* and *Iqbal. Boykin*, 521 F.3d at 213;

*Langford v. Int'l Union of Operating Eng'rs, Local 30*, 765 F. Supp. 2d 486, 497 (S.D.N.Y.

2011). "Therefore, the controlling standard for survival of a motion to dismiss lies in Rule 8(a)

of the Federal Rules of Civil Procedure, which requires 'a short and plain statement of the claim

showing that the pleader is entitled to relief.'" *McKenzie v. Nicholson*, No. 08-CV-0773

(JFB)(AKT), 2009 U.S. Dist. LEXIS 5285, at *10 (E.D.N.Y. Jan. 26, 2009) (quoting Fed. R.

Civ. P. 8(a)(2)); *Flores v. N.Y. City Human Res. Adminstration*, No. 10 Civ. 02407 (RJH), 2011

U.S. Dist. LEXIS 91356, at *23-24 (S.D.N.Y. Aug. 11, 2011) (the "complaint must include only

a short and plain statement of the claim showing that the pleader is entitled to relief. Such a

statement must simply give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests."). "The consequence of this standard is that once the complaint

provides fair notice of the claim it 'need not also allege specific facts establishing a prima facie

case' or 'include specific evidence[.]" *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631

F.3d 57, 72 (2d Cir. 2011) (citing *Arista Records L.L.C. v. Doe*, 604 F.3d 110, 119-20 (2d Cir.

2010)). "Thus, Plaintiffs need not allege with such specificity the who, what, when, and where

that Defendants suggest is required. The time for this is later on a motion for summary

judgment[.]" *Cabrera v. CBS Corp.*, No. 17-cv-6011 (CM), 2018 U.S. Dist. LEXIS 31814, at

*12-13 (S.D.N.Y. Feb. 26, 2018).

## B.    The Plaintiff's Oral and Written Complaints Regarding Overtime Constitute Protected Activity

As an initial matter, Defendant DOC cites to numerous cases that are no longer good law

in this Circuit stating that only formal complaints constitute protected activity.  For example the

DOC cites to *Caci v. Wiz of Lake Grove, Inc.*, 267 F. Supp. 2d 297 (E.D.N.Y. 2003) for the

proposition that an "Employee's purported internal complaints about wages to employee's supervisors. . .were insufficient to support claim of FLSA retaliation[.]"  Defendant insists that under cases such as *Higueros v. N.Y. State Catholic Health Plan, Inc.*, 526 F. Supp. 2d 342 (E.D.N.Y. 2007), *Aneja v. Triborough Bridge & Tunnel Auth., 35* F. App'x 19 (2d Cir. 2002), and *Kelly v. City of Mt. Vernon*, 344 F. Supp. 2d 395 (S.D.N.Y. 2004), internal complaints about overtime wages to supervisors do not constitute protected activity.  However, all of these cases were overruled by the Second Circuit in *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 107 (2d Cir. 2015) (finding that "[t]he protective purpose of FLSA [. . .] counsels unmistakably in favor of adopting a reading of the statutory phrase 'filed any complaint' that includes lodging an internal complaint with an employer.")

The DOC similarly cites to *Lambert v. Genesee Hosp.*, 10 F.3d 46, 55 (2d Cir. 1993) for the proposition that "The plain language of this provision limits the cause of action to retaliation for filing formal complaints, instituting a proceeding, or testifying, but does not encompass complaints made to a supervisor."  *See Def MOL, at 6.*  However, the Second Circuit, in *Greathouse*, 784 F.3d at 117 specifically overruled "what is left of" Lambert, and held "that section 215(a)(3) prohibits retaliation against employees who orally complain to their employers[.]"

In *Greathouse* the complaint alleged that "Plaintiff complained orally about having not received his paychecks in several months to his immediate superior and the president of the company, Melvin Wilcox."  *See Greathouse v. JHS Security, Inc.,* 11-cv-17845, Dkt. No. 1, at ¶ 31. "By this oral complaint, Plaintiff engaged in activity protected under the FLSA." *Id.*, ¶ 32. Magistrate Gorenstein concluded that under *Lambert*, oral complaints to a supervisor did not constitute protected activity.  *Greathouse v. JHS Sec., Inc.*, No. 11 Civ. 7845 (PAE) (GWG),

2012 U.S. Dist. LEXIS 127312, at *22 (S.D.N.Y. Sept. 7, 2012) *accepted by, in part, rejected by, in part* 2012 U.S. Dist. LEXIS 150954 (S.D.N.Y., Oct. 19, 2012)(Englemayer, J.).   On appeal, the Second Circuit vacated the decision and remanded the case to the District Court to determine whether a default should be granted on the retaliation claim and if so, what damages the plaintiff was entitled to recover. *Greathouse*, 784 F.3d at 117.  In doing so the Second Circuit cautioned that "the district court is . . . required to determine whether [plaintiff's] allegations establish [defendant's] liability as a matter of law." *Id.* at 116 n.17.

On remand, Judge Englemayer found that the Plaintiff's oral complaint that he had "not received his paychecks in several months" was protected activity under the FLSA and held that "Greathouse has stated a claim for retaliation under the FLSA", even though the Plaintiff neither invoked the FLSA nor raised an explicit claim of illegality.   *Greathouse v. JHS Security, Inc.,* 11-cv-17845 Dkt. No. 36, at 2 (May 18, 2015).

Here, Plaintiff Malcolm submitted numerous oral and written complaints regarding overtime, and explicitly asserted in an email that the City's conduct was a violation of the FLSA. Express invocation of FLSA rights constitutes protected activity. *See Trowbridge v. Wernicki*, No. 3:13-cv-01797 (JAM), 2015 U.S. Dist. LEXIS 76690, 2015 WL 3746346, at *5 (D. Conn. June 15, 2015).   Furthermore "complaining about missing overtime hours is tantamount to complaining of a particular, perceived violation" of the FLSA." *Lopez v. Advantage Plumbing & Mech. Corp., No.* 15-CV-4507 (AJN), 2016 U.S. Dist. LEXIS 43608, at *6 (S.D.N.Y. Mar. 30, 2016); *see also Higueros*, 526 F. Supp. 2d at 348("the plaintiff's claims are sufficient at this early stage because she made complaints to her supervisors "for payment of overtime she and others were entitled to[.]").   No explicit claim of illegality is required for a complaint to be

14

protected activity under the FLSA. *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015).

### C.  The Plaintiff Has Sufficiently Pled Adverse Employment Actions.

1.  Whether the Defendant's Conduct Constitutes an Adverse Action is a Fact-Specific Inquiry Not Suitable for Resolution on a Motion to Dismiss.

Whether the City's conduct constitutes unlawful retaliation is a fact specific inquiry not suitable for resolution on a motion to dismiss. *Crawford v. AMTRAK*, No. 3:15-cv-131 (JBA), 2015 U.S. Dist. LEXIS 162608, at *35 n.7 (D. Conn. Dec. 4, 2015) ("[T]he significance of any given act of retaliation will often depend upon the particular circumstances. Because this is a fact-specific inquiry, it is not appropriately resolved at the motion to dismiss stage."); *Chinnery v. N.Y. State Off. of Children & Family Servs., 20*12 U.S. Dist. LEXIS 162707, at *20-21 (S.D.N.Y. Mar. 23, 2012)("Defendant also argues that some of the conduct of which plaintiff complains does not constitute an adverse employment action. Said argument mistakes plaintiff's burden at this stage in the litigation because whether certain employment actions qualify as adverse for the purposes of Title VII, is a fact-specific inquiry . . . to be resolved at a later stage of litigation); *Flores*, 2011 U.S. Dist. LEXIS 91356, at *26-27("whether certain employment actions "qualify as 'adverse' for the purposes of Title VII, is a fact-specific inquiry . . . to be resolved at a later stage of litigation.").

2.  The City's Actions Were Adverse.

The Plaintiff has sufficiently pled retaliation.

Section 215(a)(3) was enacted by Congress to "prevent [] fear of economic retaliation from inducing workers quietly to accept substandard conditions." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 131 S. Ct. 1325, 179 L. Ed. 2d 379 (2011). The Second Circuit has "repeatedly affirmed that the remedial nature of the FLSA warrants an expansive

interpretation of its provisions so that they will have the widest possible impact in the national economy." *Greathouse*, 784 F.3d at 113-14 (internal quotation marks omitted). The Second Circuit has also made it explicitly clear that "an action need not affect the terms and conditions of a plaintiff's employment for purposes of a retaliation claim." *Fincher v. Depository Tr. & Clearing Corp., 60*4 F.3d 712, 720 n.6 (2d Cir. 2010); *see Burlington N. & Santa Fe Ry. v. White, 54*8 U.S. 53, 64, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006) ("[T]he antiretaliation provision, unlike the substantive [discrimination] provision [of Title VII], is not limited to discriminatory actions that affect the terms and conditions of employment.").

There are numerous actions which have been considered adverse in the retaliation context even though they do not necessarily materially change the terms and conditions of employment, including giving unfavorable assignments (*Id.* at 70-71, 126 S. Ct. 2405, 165 L. Ed. 2d 345; *Copantitla v. Fiskardo Estiatorio, Inc.*, 788 F. Supp. 2d 253, 304 (S.D.N.Y. 2011)), singling out an employee for schedule changes (*Eggleston v. City of Binghamton*, No. 3:20-CV-56, 2020 U.S. Dist. LEXIS 160042, at *29 (N.D.N.Y. Sept. 2, 2020)), excluding an employee from a weekly training lunch (*Burlington N. & Santa Fe Ry., 54*8 U.S. at 69, 126 S. Ct. 2405, 165 L. Ed. 2d 345), assigning a teacher notoriously absent students (*Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 91 (2d Cir. 2015)), conducting an investigation of a complaint in an egregious manner (*Cox v. Onondaga Cnty. Sheriff's Dep't*, 760 F.3d 139, 147 (2d Cir. 2014)), placing an employee on an "Abusive Sick List," which required him to furnish a doctor's note to explain absences (*Edwards v. Town of Huntington*, No. 05-CV-339 (NGG) (AKT), 2007 U.S. Dist. LEXIS 50074, 2007 WL 2027913, at *11 (E.D.N.Y. July 11, 2007)), and banning an employee from using the services provided by the employer to the public (*Oram v. SoulCycle L.L.C.*, 979 F. Supp. 2d 498, 510 (S.D.N.Y. 2013)).

Courts in the Second Circuit have taken a "generous" view of adverse employment actions supporting retaliation claims at the motion to dismiss stage. *Ingrassia v. Health & Hosp. Corp.,* 130 F. Supp. 3d 709, 723 (E.D.N.Y. 2015) (citing *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C., 71*6 F.3d 10, 17 (2d Cir. 2013)). "Any action that 'could well dissuade a reasonable worker from making or supporting a charge of discrimination' may constitute retaliation." *Id.* at 724 (quoting *La Grande v. DeCrescente Distrib. Co.*, 370 F. App'x 206, 212 (2d Cir. 2010)). "Finally, the Court must also consider Defendants' actions in the aggregate, 'as even minor acts of retaliation can be sufficiently substantial in gross.'" *United States v. N.Y.C. Dep't of Educ.*, 407 F. Supp. 3d 365, 408 (S.D.N.Y. 2018) (citing *Hicks v. Baines*, 593 F.3d 159, 165 (2d Cir. 2010)).

Here, "[a]s a direct result of his complaints, Plaintiff Malcolm has, *inter alia*, been improper transferred from AMKC to RNDC directly impacting his ability to earn overtime, has been subjected to improper overtime restrictions, has been forced to take unnecessary and harassing steps to prove the amount of overtime he has worked (e.g., being forced to utilize surveillance footage and have his warden vouch for his overtime worked), and has been repeatedly harassed by Defendant. No one else was subjected to, *inter alia*, an improper transfer, draconian time keeping methodologies or the level of harassment Plaintiff Malcolm has experienced, including but not limited to, those who have not complained about violations of the FLSA." (FAC ¶ 127).  These activities, both individually and in the aggregate could dissuade a reasonable worker from making complaints about overtime and therefore constitute unlawful retaliation.

3.     Defendant Has Misinterpreted The Holding in *Copantitla v. Fiskardo Estiatorio, Inc.*

In claiming that the alleged activities do not constitute retaliation, the Defendant cites to an obvious typographical error in *Copantitla v. Fiskardo Estiatorio, Inc.*, No. 09 Civ. 1608 (RJH), 788 F. Supp. 2d 253, 304 (S.D.N.Y. 2011) for the proposition that "receiving unfavorable work schedules that impact child-care arrangements, being assigned less favorable duties, or repeatedly being sent home" do not as a matter of law constitute prohibited retaliation under the FLSA.[1]  In fact, *Copantitla*, 788 F. Supp. 2d at 304 stands for the opposite proposition, namely that unfavorable work schedules and the assignment of unfavorable duties might well "dissuade a reasonable worker" from making complaints, and therefore may constitute actionable retaliation under the FLSA and the NYLL.

The Defendants in *Copantitla* made the precise argument made by Defendant DOC in this case, albeit on a motion for summary judgment - that "unfavorable work schedules, reprimands, and the assignment of unfavorable duties cannot constitute adverse employment actions." *Id.* at 303.  The Defendants in *Copantitla* relied on an unreported New York Supreme Court decision for the proposition that "an adverse employment action is not established by proof of excessive work, denials of requests for leave with pay and a supervisor's general negative treatment or by evidence of being yelled at, receiving unfair criticism, or receiving unfavorable schedules or work assignments."   *Id.* (citing *Dubois v. Brookdale Univ. Hosp.*, 6 Misc. 3d 1023(A), 800 N.Y.S.2d 345, 2004 N.Y. Slip Op. 51819[U], 2004 WL 3196952, at *6 (N.Y. Sup. Ct. 2004)).

---

[1] The obvious typographical error in *Copantitla*, 788 F. Supp. 2d at 304 is as follows "Under this standard, receiving unfavorable work schedules that impact child-care arrangements, being assigned less favorable duties, or repeatedly being sent home are not [sic.] prohibited retaliatory actions as a matter of law could dissuade a reasonable worker from making complaints about NYLL violations."

In *Copantitla,* the court specifically rejected the Defendant's argument, noting that *Dubois* was interpreting state and federal discrimination statutes, not the anti-retaliation provisions of the FLSA.  *Id.*  The test of what constitutes an "adverse employment action" in the context of a retaliation case is not whether the terms and conditions of employment are materially affected but rather whether a particular action "well might have dissuaded a reasonable worker from making or supporting similar charges." *See Copantitla.*, 788 F. Supp. 2d at 303-04 (quoting *Mullins v. City of N.Y.*, 626 F.3d 47, 53 (2d Cir. 2010) (quoting *Burlington N. & Santa Fe Ry., 54*8 U.S. at 68, 126 S. Ct. 2405, 165 L. Ed. 2d 345).

The court then denied the Defendant's motion for summary judgment, because "a genuine issue of material fact exists with respect to [Plaintiff's] retaliation claim based on the schedule changes, unfavorable assignments, and being sent home[.]"  *Copantitla*, 788 F. Supp. 2d at 304.  Therefore, *Copantitla* stands for the opposite proposition than that asserted by the Defendant, namely that "receiving unfavorable work schedules that impact child-care arrangements, being assigned less favorable duties, or repeatedly being sent home are [] prohibited retaliatory actions [which] as a matter of law could dissuade a reasonable worker from making complaints" about overtime.  *See Id.*

**D.  <u>The Plaintiff has Sufficiently Pled a Connection Between His Complaints Regarding Overtime and the City's Retaliatory Acts.</u>**

1.  <u>The Causation Pleading Standard.</u>

At the motion to dismiss stage, a plaintiff "need only give plausible support to a minimal inference of discriminatory motivation."  *Vega*, 801 F.3d at 84.   The plaintiff need only plead a "connection between the [retaliatory] act and his engagement in protected activity."  *Id.* at 90. The Plaintiff can establish a causal connection by either direct or circumstantial evidence. *Norton v. Sam's Club*, 145 F.3d 114, 118-19 (2d Cir. 1998).  The circumstantial evidence to be

considered by the Court is not limited to temporal proximity between the complaint and the adverse action, but can also be shown in other ways, including through the disparate treatment of the complaining employee.  *Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).

2.    The Plaintiff has Sufficiently Pled Retaliatory Animus.

Defendant claims that "Malcolm fails to allege any direct evidence of retaliatory animus" and that therefore he "must rely on temporal proximity to meet his burden."  See Def MOL, at 11.  This is an incorrect statement of fact and law.  First, as previously mentioned, the Plaintiff's circumstantial evidence is *not* limited to temporal proximity, and the Plaintiff can meet his burden "through other circumstantial evidence *such as* disparate treatment[.]" *Id.* .

Here, the Plaintiff has pled sufficient facts giving rise to an inference of discriminatory motive.  Significantly, all of the City's alleged acts are *directly related* to Plaintiff's complaints about overtime.  After the Plaintiff began complaining about overtime, the City involuntarily transferred him from AMKC to RNDC, directly resulting in a reduction in the Plaintiff's overtime hours. (FAC ¶¶ 109, 110).  The City "informed Plaintiff Malcolm that he was not permitted to work his usual overtime hours" at RNDC, again explicitly limiting Plaintiff's ability to earn overtime. (FAC ¶ 111).  As the Plaintiff continued to complain about overtime, he was required to send video snapshots of himself at the RNDC with the date and time in order to prove his entitlement to overtime.  (FAC ¶ 114).  Again, the procedures were directly related to Plaintiff's overtime, and no other employee was required to submit such documentation. (FAC ¶ 114).  "Defendant also required Plaintiff Malcolm's warden's attestation, either verbal or written, to the payroll department that Plaintiff Malcolm reported for duty and/or worked overtime[, a]nother procedure that no one else, including non-complaining employees, had to follow. (FAC ¶ 115).  On August 13, 2020, the DOC Acting Assistant Chief sent an email explicitly ordering Malcolm to be restricted from working overtime.  (FAC ¶ 118).  When Malcolm worked

20

overtime in August 2020 because no other ADW was available, he was advised by his DOC timekeeper that he had violated the overtime restriction order. (FAC ¶ 119). On November 6, 2020, the DOC sent an email to Plaintiff Malcolm's warden asking him to order Malcolm to work for free through contractual additional tours of duty. (FAC ¶ 120). Once again, all of these actions constitute a direct interference with the Plaintiff's ability to work and be compensated for overtime hours, the very subject about which he was complaining to the City. Because the City's retaliatory actions relate to the subject of the Plaintiff's complaints, the Plaintiff has met his burden to plead a "connection between the [retaliatory] act and his engagement in protected activity." *Vega*, 801 F.3d at 90.

Furthermore, even if Malcolm were required to plead temporal proximity (which he is not), he would still be able to establish causation. On June 2, 2020, Omar Malcolm sent an email to the City claiming that he had "not received unpaid overtime wages as far back as October [2019]" and asserting "**This is a direct violation of the Fair Labor Standards Act.**" Malcolm Decl., ¶ 5. (emphasis supplied). On August 13, 2020, less than two months after Malcolm explicitly asserted a violation of the FLSA, Acting Assistant Chief Sherrieann Rembert ordered that the Plaintiff's overtime be restricted. "The Second Circuit has held that an adverse action that occurs within two months or less of a protected activity -- as is alleged here -- is sufficient to survive a motion to dismiss on the issue of causation." *Day v. City of N.Y.*, 2015 U.S. Dist. LEXIS 161206, at *37 (S.D.N.Y. Nov. 30, 2015)(citing *Vega*, 801 F.3d at 90).

3. The City Has Not Offered Any Legitimate Reason for Taking the Retaliatory Actions Alleged in the Complaint.

Plaintiff is not suggesting that the City could not change overtime verification policies or otherwise limit the amount of overtime worked across the board in response to a complaint about unpaid overtime. However, the City cannot selectively target the complaining employee for a

reduced overtime schedule or selectively impose overtime verification procedures on the complaining employee. *See, e.g.,* A*dams v. McMinnville,* 890 F.2d 836, 840 (6th Cir. 1989); *Blackie v. Maine*, 75 F.3d 716, 723 (1st Cir. 1996); *York v. City of Wichita Falls*, 48 F.3d 919, 920-21 (5th Cir. 1995)("An employer may reorganize its affairs and take other necessary employment actions in order to manage the impact of compliance with the outcomes produced by a protected activity so long as it does so for legitimate reasons and not in reprisal for the *fact* of an employee's participation.").

"Once the plaintiff has made out a prima facie case, the employer is required to offer a legitimate, non-discriminatory business rationale for its actions." *Woroski v. Nashua Corp.*, 31 F.3d 105, 108 (2d Cir. 1994). Here, the Defendant City of New York has not even attempted to offer an explanation for the retaliatory activities described in the complaint. Therefore, there is a presumption of unlawful retaliation. *Hopkins v. Digit. Equip. Corp.* (*JSM*), No. 93 Civ. 8468 (JSM), 1998 U.S. Dist. LEXIS 15762, at *21 (S.D.N.Y. Oct. 7, 1998) ("Because defendant has not proffered any legitimate reason for allegedly disparate treatment, there is a presumption of discrimination and retaliation[.]").

## **CONCLUSION**

The Plaintiffs have sufficiently pled wilfullness, and the Defendant is not entitled to dismissal of FLSA claims which arose between 2 and 3 years prior to the complaint, especially where there are collective action allegations and the Plaintiffs have not yet moved for conditional certification.

Further, Plaintiff Malcolm has pled a prima facie case of discrimination. He engaged in protected activity when he repeatedly complained of unpaid or delayed-paid overtime and complained specifically of a violation of the FLSA. The actions taken by the City against Plaintiff Malcolm might dissuade a reasonable employee from complaining of overtime

violations.  The retaliatory actions taken by the City directly relate to Plaintiff Malcolm's

overtime complaints because they all seek to restrict his ability to earn overtime.  The City has

offered no legitimate non-discriminatory reason for the overtime restrictions imposed on

Plaintiff Malcolm.  Therefore, he has sufficiently pled a cause of action for unlawful retaliation

under the FLSA and the Defendant's motion should be denied.

Dated: May 4, 2021
          Huntington, New York

*Steven J. Moser*
_____
Steven J. Moser, Esq.
Paul Pagano, Esq.
MOSER LAW FIRM, P.C.
5 E. Main Street
Huntington, NY  11743
(516) 671-1150
steven.moser@moserlawfirm.com
paul.pagano@moserlawfirm.com