**Steven J. Moser**
Tel: 516-671-1150
steven.moser@moserlawfirm.com

# MOSER LAW FIRM, PC

May 5, 2021

**VIA ECF**

The Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re: *Malcolm v. The City of New York,* 20-cv-09641(ALC)

Dear Judge Carter:

This firm represents the Plaintiffs in the above-captioned matter. In accordance with Rule 2 of Your Honor's individual practices I write to request a conference regarding an anticipated motion for conditional certification of FLSA claims pursuant to 29 U.S.C. § 216.

As set forth in the First Amended Complaint ("FAC", Dkt. No. 26), Plaintiffs are twenty-four (24) Correction Officers, Captains and Assistant Deputy Wardens with the Department of Corrections ("DOC")/The City of New York ("NYC") who have been assigned to various locations at Rikers Island (FAC, ¶¶ 34-57). Each of them on a daily basis submits a time sheet/tour certification sheet which, *inter alia*, tracks the substantial amount of overtime hours that they work (FAC, ¶¶ 58-60). The time sheets/tour certification sheets are then given to a timekeeper who puts the information into a program called CityTime (FAC, ¶ 61). Notwithstanding the foregoing, the DOC/NYC has violated the Fair Labor Standards Act ("FLSA") by failing to pay Plaintiffs their earned overtime and by failing to pay Plaintiffs their earned overtime promptly. During the past three years, the DOC/NYC has failed to pay the named Plaintiffs in this action for over 600 hours of earned overtime (FAC, ¶ 70). Moreover, in the past three years, the DOC/NYC has failed to promptly pay the Plaintiffs for over 1,300 hours of overtime (FAC, ¶ 68).

In light of the foregoing, Plaintiffs seek to move for conditional collective certification and for court facilitation of notice pursuant to 29 USC § 216(b) for the following proposed collective: All Assistant Deputy Wardens, Captains, and Correction Officers employed by the Defendant/DOC at Rikers Island at any time within the three-year period immediately preceding the filing of the initial complaint in this action and up to the time of mailing of notice.

### The Threshold for Conditional Certification is Low and Easily Met

Courts in the Second Circuit utilize a two-step analysis to determine whether an action should be certified as an FLSA collective action. *Moreira v. Sherwood Landscaping Inc.*, No. CV 13-2640 (JS)(AKT), 2014 U.S. Dist. LEXIS 200678, at *8 (E.D.N.Y. Mar. 31, 2014). In the

first and only step pertinent to Plaintiffs' anticipated motion, the Court determines whether the proposed collective members are "similarly situated." *Id.* At the first stage, the evidentiary standard is "very low" and plaintiffs need only make a modest factual showing sufficient to demonstrate that they and the potential plaintiffs were victims of a common policy or plan that violated the law. *Moreira*, 2014 U.S. Dist. LEXIS 200678; *see also Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997); *Iglesias-Mendoza v. La. Belle Farm, Inc.*, 239 F.R.D. 363, 367 (S.D.N.Y. 2007).

### The Named Plaintiffs and Collective Action Members Are Similarly Situated

Here, Plaintiffs and the Collective Action members are similarly situated. As borne out by the complaint (and as will be borne out by the declarations of the named Plaintiffs), all of the aforesaid individuals share the following factual similarities: (1) they are non-exempt employees of the DOC/NYC; (2) within their ranks (Correction Officer, Captain, Assistant Deputy Warden) they perform the same duties; (3) they all utilize time sheets/tour certification sheets to log their time; (4) they are all subject to the same CityTime timekeeping and compensation policies including mandatory use of CityTime; (5) they are all supposed to be paid on the same pre-set schedules; (6) they are subject to the DOC/NYC's *de facto* policies of failing to compensate them for overtime worked and of failing to pay overtime compensation earned in a particular workweek on the regular payday for the period in which such workweek ends. Notably, being subject to the same CityTime timekeeping and compensation policies including mandatory use of CityTime was one of the key factors the Court relied on in granting conditional certification in *Foster v. City of N.Y.*, No. 14-CV-9220 (PGG) (RWL), 2020 U.S. Dist. LEXIS 204588, at *75 (S.D.N.Y. Oct. 30, 2020). In *Foster*, the Court noted that the City's obligation under the FLSA to pay for all earned overtime was a factor weighing in favor of conditional certification. *Id.*

"[P]laintiffs need not show the existence of a facially unlawful formal policy in order to meet the burden required of them at the conditional certification stage " *Winfield v. Citibank, N.A.*, 843 F. Supp. 2d 397, 405 (S.D.N.Y. 2012). Indeed, "employee-plaintiffs can rarely point to an explicit policy of their employer that is violative of their rights[.]" *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 289 (S.D.N.Y. 2015). "Courts have recognized this fact, and proof of *de facto* policies has therefore become the coin of the realm." *Id.* Plaintiffs will submit declarations to establish *de facto* policies of failing to pay for all overtime hours worked and failing to pay overtime in a timely fashion. Plaintiffs will also identify other similarly situated employees who were also subject to these *de facto* policies and would benefit from notice. The Plaintiffs will thereby easily meet the low burden for conditional collective certification. *Id.* (plaintiffs may prove a de-facto policy through "anecdotal evidence that reaches a certain critical mass."); *Dolinski v. Avant Bus. Serv. Corp.*, No. 13 Civ. 4753 (PKC), 2014 U.S. Dist. LEXIS 10326, at *10 (S.D.N.Y. Jan. 28, 2014) (granting conditional certification based upon declarations of three employees who alleged that they were victims of a common practice and identified other similarly situated employees); *Winfield*, 843 F. Supp. 2d at 403 (granting conditional certification based upon declarations of five personal bankers who alleged similar violations of the FLSA, three of whom were aware of other personal bankers who were subject to the same FLSA violation); *Garcia v. Spectrum of Creations, Inc.*, 102 F. Supp. 3d 541, 548 (S.D.N.Y. 2015) (granting certification on the basis of two declarations listing names and job titles of 15

2

coworkers with whom plaintiffs spoke); *Ramos v. Platt*, No. 1:13-CV-8957-GHW, 2014 U.S. Dist. LEXIS 100549, 2014 WL 3639194, at *2 (S.D.N.Y. July 23, 2014) (granting certification on the basis of one declaration referencing conversations with seven co-workers, several of whom were identified by name); *Islam v. LX Ave. Bagels, Inc.*, No. 18 Civ. 04895 (RA) (RWL), 2019 U.S. Dist. LEXIS 173744, at *14 (S.D.N.Y. Sept. 30, 2019) (granting conditional certification based upon declarations of two employees that alleged FLSA violations and identified other individuals who were subject to the same policies based upon conversations with those individuals).

### Notice to the FLSA Collective is Appropriate

District courts have the authority to order that notice be given to FLSA collective members. *Vasquez v. Vitamin Shoppe Indus.*, No. 10 Civ. 8820 (LTS)(THK), 2011 U.S. Dist. LEXIS 74376, at *7 (S.D.N.Y. July 11, 2011). In connection with such notice, courts permit the discovery of names, physical addresses, email addresses, telephone numbers, dates of birth, work locations and dates of employment. *See, e.g.,* S*hajan v. Barolo,* No. 10 Civ. 1385 (CM), 2010 U.S. Dist. LEXIS 54581, at *3-4 (S.D.N.Y. June 2, 2010). Further, courts within the Second Circuit routinely permit notice to be given to employees who have worked for a defendant for the three years preceding the filing of the complaint and up to the date of the notice. *See, e.g.,* C*ohan v. Columbia Sussex Mgmt., L.L.C.,* No. CV 12-3203 (JS)(AKT), 2013 U.S. Dist. LEXIS 187539, at *26 (E.D.N.Y. Sept. 19, 2013).

### Potential Consent

Given the very low threshold for conditional certification, prior to the filing of the instant letter, Plaintiffs asked Defendant to consent to conditional certification. While such consent was denied, Plaintiffs renew their request via this letter.

For the foregoing reasons, Plaintiffs respectfully request a Court Conference to address the issue of conditional certification.

Respectfully submitted,

MOSER LAW FIRM, P.C.

By: *Steven J. Moser*
Steven J. Moser
A*ttorneys for Plaintiffs*
5 East Main Street
Huntington, NY 11743
(516) 671-1150

cc: All Counsel of Record (VIA ECF)