UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x

OMAR MALCOLM, et. al,

                                        Plaintiffs,
                                                          No. 20 Civ. 09641 (ALC)
                  - against -

THE CITY OF NEW YORK,

                                        Defendant.

------------------------------------------------------------------------ x

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT
## OF ITS MOTION TO DISMISS

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Rm. 2-187
New York, New York 10007

*Of Counsel:*
Kami Zumbach Barker

# TABLE OF CONTENTS

**<u>Page</u>**

TABLE OF AUTHORITIES ................................................................................. ii

PRELIMINARY STATEMENT ........................................................................... 1

ARGUMENT

      POINT I

            PLAINTIFFS'    CLAIMS    PRIOR    TO
            NOVEMBER 17, 2018 ARE TIME-BARRED
            AND MUST BE DISMISSED. ...............................................................2

      POINT II

            MALCOLM'S RETALIATION CLAIM MUST
            BE DISMISSED. ......................................................................................3

            A. Malcolm's Alleged Complaints Are Not
            Protected Activity ................................................................................3

                 1. The Court Must Exclude Malcolm's
                 Declaration ....................................................................................3

                 2. Malcolm's Internal Emails Are Not
                 Protected Activity ........................................................................4

                 3. Under Greathouse, Malcolm's Emails Are
                 Not Protected Activity .................................................................5

            B. Malcolm Fails to Allege an Adverse
            Employment Action ............................................................................6

            C. Malcolm Fails to Allege Causation....................................................8

      CONCLUSION...................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                                         **Pages**

Aneja v. Triborough Bridge & Tunnel Auth.,
35 Fed. Appx. 19 (2d Cir. 2002),
cert. denied, 538 U.S. 922 (2003) ............................................................................5

Azeez v. Ramaiah,
No. 14 Civ. 5623 (PAE), 2015 U.S. Dist. LEXIS 46574
(S.D.N.Y. April 9, 2015)...........................................................................................8

Báez v. New York,
629 Fed. Appx. 116 (2d Cir. 2015)...........................................................................9

Baguidy v. Boro Transit Inc.,
283 F. Supp. 3d 14, 2017 U.S. Dist. LEXIS 164703
(E.D.N.Y. Sept. 30, 2017),
appeal dismissed, No. 17-3431 (Dec. 14, 2017) ......................................................5

Bowrin v. Catholic Guardian Society,
417 F. Supp. 2d 449 (S.D.N.Y. 2006).......................................................................3

Caci v. Wiz of Lake Grove, Inc.,
267 F. Supp. 2d 297 (E.D.N.Y. 2003) ......................................................................5

Calderon v. Mullarkey Realty, LLC,
No. 14-CV-2616 (PKC)(RLM), 2018 U.S. Dist. LEXIS 97224
(E.D.N.Y. June 10, 2018) ..........................................................................................7

Carmellino v. Dist. 20 of N.Y. City Dep't of Educ.,
No. 03 Civ. 5942 (PKC), 2006 U.S. Dist. LEXIS 63705
(S.D.N.Y. Sept. 6, 2006)............................................................................................9

Clarke v. JPMorgan Chase Bank, N.A.,
2010 U.S. Dist. LEXIS 33264 (S.D.N.Y. Mar. 26, 2010) ....................................2, 3

Conrow v. Wegmans Food Mkts., Inc.,
192 F. Supp. 2d 138 (W.D.N.Y. 2002) .....................................................................4

Damassia v. Duane Reade, Inc.,
2005 U.S. Dist. LEXIS 9768 (S.D.N.Y. May 20, 2005)............................................2

Dunn v. Sederakis,
143 F. Supp. 3d 102 (S.D.N.Y. 2015).......................................................................5

Fordham v. Islip Union Free Sch. Dist.,
No. 08 CV 2310 (DRH)(WDW), 2012 U.S. Dist. LEXIS 111668
(E.D.N.Y. 2012)........................................................................................................8

**Cases**                                                                    **Pages**

Friedl v. City of New York,
   210 F.3d 79 (2d Cir. 2000)........................................................................4

Graham v. Long Island R.R.,
   230 F.3d 34 (2d Cir. 2000)........................................................................8

Greathouse v. JHS Security, Inc.,
   784 F.3d 105 (2d Cir. 2015)....................................................................5, 6

Harris v. Forklift Sys.,
   510 U.S. 17 (1993)....................................................................................7

Herman v. RSR Security Srvs. LDT.,
   172 F.3d 132 (2d Cir.1998)......................................................................2

Hernandez v. Coffey,
   582 F.3d 303 (2d Cir. 2009)......................................................................4

Johnson v. Palma,
   931 F.2d 203 (2d Cir. 1991)......................................................................8

Kasten v. Saint-Gobain Performance Plastics Corp.,
   563 U.S. 1 (2011)......................................................................................5

McLaughlin v. Richland Shoe Co.,
   486 U.S. 128 (1988)..................................................................................2

Monclova v. City of New York,
   No. CV-05-3164 (DGT), 2008 U.S. Dist. LEXIS 24539
   (E.D.N.Y. March 26, 2008) ......................................................................9

Mullins v. City of New York,
   626 F.3d 47 (2d Cir. 2010)........................................................................8

Notaro v. Fossil Indus.,
   820 F. Supp. 2d 452 (E.D.N.Y. 2011) ......................................................7

Patane v. Clark,
   508 F.3d 106 (2d Cir. 2007)......................................................................8

Patel v. Lutheran Med. Ctr., Inc.,
   753 F. Supp. 1070 (E.D.N.Y. 1990) ........................................................7

Salazar v. Bowne Realty Assocs., L.L.C.,
   796 F. Supp. 2d 378 (E.D.N.Y. 2011) ......................................................8

**Cases**                                                                                              **Pages**

Saunders v. City of N.Y.,
    594 F. Supp. 2d 346 (S.D.N.Y. 2008)..................................................................3

Shumway v. United Parcel Serv.,
    118 F.3d 60 (2d Cir. 1997)...............................................................................8

Slattery v. Swiss Reinsurance America Corp.,
    248 F. 3d 87 (2d Cir. 2001)..............................................................................9

Sosa v. N.Y. City Dep't of Educ.,
    No. 18-CV-411 (PKC) (SJB), 2020 U.S. Dist. LEXIS 56310
    (E.D.N.Y. March 31, 2020) ............................................................................6

Univ. of Tex. Southwestern Med. Ctr. v. Nassar,
    570 U.S. 338 (2013)........................................................................................8

Young v. Cooper Cameron Corp.,
    586 F.3d 201 (2d Cir. 2009)............................................................................2

Yourman v. Dinkins,
    865 F. Supp. ....................................................................................................3

**Statutes**

Fed. R. Civ. P. § 12(b)(6)......................................................................................3, 4

Fed. R. Civ. P. § 12(d) ...........................................................................................4

Fed. R. Civ. P. § 12.34[2] .......................................................................................4

Fed.R.Civ. P. § 56 ..................................................................................................4

## PRELIMINARY STATEMENT

Defendant moves to partially dismiss plaintiffs' Final Amended Complaint ("Complaint") brought pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiffs are Correction Officers, Captains, and Assistant Deputy Wardens ("ADW") in the New York City Department of Corrections ("DOC"), and they are currently assigned to work in various divisions of Riker's Island. See Complaint, Dkt. No. 26, at ¶¶ 34-57. Plaintiffs claim that a three-year statute of limitations applies to their claims because defendant allegedly knew or should have known that its overtime practices were illegal. See id. at ¶¶ 85, 91. However, the basic pleading requirements for an implication of willfulness is one of recklessness, and plaintiffs merely allege negligence. Given that Riker's Island has been particularly hard hit by the pandemic, see "'We Feel Like All of Us Are Gonna Get Corona.' Anticipating COVID-19 Outbreaks, Rikers Island Offers Warning for U.S. Jails, Prisons," available at https://time.com/5808020/rikers-island-coronavirus/ (last visited May 13, 2021), plaintiffs' conclusory allegations of negligence are insufficient. Therefore, plaintiffs' claims, prior to November 17, 2018, are time barred.

Defendant also moves to dismiss Malcolm's retaliation claim. Malcolm claims that he began complaining about his overtime in 2016, see id. at ¶ 105, and as a result, on September 27, 2019, defendant transferred him to a different unit on Riker's Island, see id. at ¶ 125. Malcolm's admissions that he was promoted to Correction Captain in 2016 and to ADW in 2018, see id. at ¶¶ 96-97, completely belies his claim. Thus, to save it, Malcolm submits a declaration to amend and bolster his claims of engaging in protected activity. While Courts must reject extraneous evidence on a motion to dismiss, Malcolm's declaration proves that his alleged protected activity occurred almost a year *after* his transfer. See Malcolm Declaration, Dkt. No. 33-1, at ¶¶ 4-7. Therefore, Malcolm cannot establish causation, and his claim must be dismissed.

## ARGUMENT

### POINT I

### PLAINTIFFS' CLAIMS PRIOR TO NOVEMBER 17, 2018 ARE TIME-BARRED AND MUST BE DISMISSED.

The vast majority of plaintiffs' claims arise after the COVID-19 pandemic sent the City into lockdown and our jails into regular quarantine. Yet, plaintiffs use most of their opposition to argue why their conclusory allegations of willfulness should be sufficient to impose of a three-year statute of limitations. However, even at the pleadings stage, plaintiffs must minimally allege that the employer "'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by'" the FLSA. Young v. Cooper Cameron Corp., 586 F.3d 201, 207 (2d Cir. 2009) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). Plaintiffs fail to do this.

Plaintiffs claim that defendant knew or should have known that its overtime payment practices were unlawful. See Complaint, Dkt. No. 26, at ¶ 85 ("Defendant/DOC was aware or should have been aware that its practices with respect to the compensation of Plaintiffs and the Late Paid Overtime Collective are unlawful."). In short, plaintiffs allege unreasonableness, and the Supreme Court in McLaughlin held that "[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation, then . . . it should not be . . . considered [willful]." 486 U.S. at 135 n.13; see also Herman v. RSR Security Srvs. LDT., 172 F.3d 132, 141 (2d Cir.1998). In determining what constitutes "reckless disregard," this Court held that "[r]eckless disregard. . .involves actual knowledge of a legal requirement, and deliberate disregard of the risk that one is in violation." Clarke v. JPMorgan Chase Bank, N.A., 2010 U.S. Dist. LEXIS 33264 at *27-28 (S.D.N.Y. Mar. 26, 2010) quoting Damassia v. Duane Reade, Inc., 2005 U.S. Dist. LEXIS 9768, at *7 n.2 (S.D.N.Y. May 20, 2005). Therefore, a

2

willful violation requires more than an allegation of negligence on the part of the employer, Clarke, 2010 U.S. Dist. LEXIS 33264 at *29 citing Saunders v. City of N.Y., 594 F. Supp. 2d 346, 358 (S.D.N.Y. 2008), and this is all plaintiffs claim.

Plaintiffs do not allege that defendant showed a "reckless disregard" at all. The most plaintiffs claim is that "Malcolm, and others, advised as much." See id. Their Complaint omits the names of the "others" who allegedly advised someone of something, and of the 24 plaintiffs who opted into this action, only Malcolm submits a declaration, which is notably silent on the issue. See Malcolm Declaration, Dkt. No. 33-1, generally. In fact, his Declaration demonstrates that, at most, DOC was advised that an executive ADW was personally upset with having to prove his overtime before being compensated. See id. at ¶ 5 ("After months and months of trying to retrieve monies owed to me by the department, I[] finally was able to track down my sign in/out sheets."). Plaintiffs fail to allege "that defendants actually perceived the illegality" of their policies regarding overtime payment, so the alleged FLSA violations cannot be considered willful. Yourman v. Dinkins, 865 F. Supp. at 160; see also Bowrin v. Catholic Guardian Society, 417 F. Supp. 2d 449, 476 (S.D.N.Y. 2006). Therefore, the applicable statute of limitations is two years, and plaintiffs' claims, prior to November 17, 2018, must be dismissed.

**POINT II**

**MALCOLM'S RETALIATION CLAIM MUST BE DISMISSED.**

**A.     Malcolm's Alleged Complaints Are Not Protected Activity**

**1. The Court Must Exclude Malcolm's Declaration**

In opposition to defendant's motion to dismiss, Malcolm submits a sworn declaration to further amend his Complaint. Specifically, he provides greater detail regarding the protected activity he allegedly engaged in. See Malcolm's Declaration, Dkt. No. 33-1, generally. However, on a Rule 12(b)(6) motion to dismiss, the Court is limited to reviewing the pleadings,

3

documents attached thereto and incorporated into the pleadings, and matters of which the Court may take judicial notice. Conrow v. Wegmans Food Mkts., Inc., 192 F. Supp. 2d 138, 140 (W.D.N.Y. 2002) citing 2 MOORE'S FEDERAL PRACTICE, § 12.34[2] (Matthew Bender 3d ed.). Malcolm's Declaration is none of these things.

> [When matters outside the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed.R.Civ.P. 56 and afford all parties the opportunity to present supporting material… [A] district court may not consider affidavits and exhibits submitted by [the parties] or [rely] on factual allegations contained in legal briefs or memoranda.

Friedl v. City of New York, 210 F.3d 79, 83 (2d Cir. 2000) (citations omitted); see also Hernandez v. Coffey, 582 F.3d 303, 307 (2d Cir. 2009) (quoting Fed. R. Civ. P. 12(d)). Thus, the Court must exclude Malcolm's Declaration and decide defendant's motion without it.

### 2. Malcolm's Internal Emails Are Not Protected Activity

Even if the Court considers Malcolm's Declaration and converts defendant's motion to one of summary judgment, his retaliation complaint nonetheless fails because he never engaged in protected activity. Malcolm alleges that he "submitted several complaints about defendant's failure to pay overtime … [and] submitted numerous complaints through, *inter alia*, several verbal and written communications with his assigned timekeepers, the central timekeeping unit, payroll department and his superiors." See Complaint at ¶¶ 101-2. Malcolm's Declaration further explains that, between April and October of 2020, he complained via email to a few DOC agents about a payroll issue regarding alleged "monies owed." See Malcolm Declaration, Dkt. No. 33-1, at ¶¶ 4-7.

Further, Malcolm describes tracking down his sign in/out sheets, which indicates that his inquiry involved the need to corroborate his alleged overtime. See id. at ¶ 5. These allegations demonstrate nothing more than that of an executive employee approaching his employer because he could not reconcile his timesheets and payroll stubs. For this reason alone, Malcolm's claim should be dismissed. See Watkins, 2018 U.S. Dist. LEXIS 32729, at *26-27 (citing Baguidy v. Boro Transit Inc., 283 F. Supp. 3d 14, 2017 U.S. Dist. LEXIS 164703, at *11 (E.D.N.Y. Sept. 30, 2017), appeal dismissed, No. 17-3431 (Dec. 14, 2017). Because Malcolm does not allege a "clear articulation of facts indicative of illegality," Dunn v. Sederakis, 143 F. Supp. 3d 102, 113 (S.D.N.Y. 2015), his retaliation claims must be dismissed.  See Caci v. Wiz of Lake Grove, Inc., 267 F. Supp. 2d 297 (E.D.N.Y. 2003); see also Aneja v. Triborough Bridge & Tunnel Auth., 35 Fed. Appx. 19 (2d Cir. 2002), cert. denied, 538 U.S. 922 (2003).

### 3. Under **Greathouse,** Malcolm's Emails Are Not Protected Activity

In his opposition, Malcolm points to Greathouse v. JHS Security, Inc., 784 F.3d 105, 115-116 (2d Cir. 2015), as precedent for why his internal emails rise to the level of protected FLSA activity. However, its initial memorandum of law, defendant embraced the Greathouse v. JHS Security, Inc. decision because the Circuit was clear that, while oral complaints can rise to the level of protected activity, the statute still "contemplates some degree of formality" in them. See Dkt. No. 32 at p. 7, citing Greathouse, 784 F.3d at 115-116 (quoting Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011)).  To highlight the deficiencies in Malcolm's claim, defendant quoted the Greathouse decision, writing,

> a complaint is 'filed' only when a reasonable, objective person would have understood the employee to have put the employer on notice that the employee is asserting statutory rights under the Act." The employee "need not invoke the Act by name," but the complaint must be "sufficiently clear and detailed for a reasonable employer to

> understand it, in light of both content and context,
> as an assertion of rights protected by the statute and
> a call for their protection."

See Dkt. No. 32 at p. 7-8 quoting Greathouse, 784 F.3d at 116.

Now, in opposition to defendant's motion, Malcolm submits a Declaration to amend his allegations and conveniently increase the formality of his internal complaints. Specifically, he claims that, in the summer of 2020, he emailed a few DOC employees, referred to himself in third person, and apparently wrote, "Assistant Deputy Warden Malcolm, Omar [has] not received unpaid overtime wages as far back as October [2019]. This is a direct violation of the Fair Labor Standards Act." See Malcolm Declaration, Dkt. No. 33-1, at ¶ 5. Even if Malcolm used those words without a confusing double negative, nothing in them would lead defendant to reasonably believe that he was doing anything but expressing frustration over having to corroborate his overtime. Despite ample opportunity, Malcolm never claimed to have lodged a formal grievance with his union or filed an official complaint with an appropriate governing body. Therefore, Malcolm never engaged in protected activity, and his retaliation claim must be dismissed.

**B.      Malcolm Fails to Allege an Adverse Employment Action**

Malcolm alleges that, on September 27, 2019, "he was subjected to an unfair and adverse job action of a sudden change of job location… from (AMKC) … to … (RNDC)." See Complaint, Dkt. No. 26, at ¶¶ 104-5. However, merely being transferred to a different location, on its own, does not constitute an adverse employment action.  Sosa v. N.Y. City Dep't of Educ., No. 18-CV-411 (PKC) (SJB), 2020 U.S. Dist. LEXIS 56310, *15 (E.D.N.Y. March 31, 2020).

Malcolm also claims that defendant subjected him to a retaliatory hostile work environment by assigning him to a new timekeeper and requiring him to provide evidence of his overtime work, including surveillance footage and the warden's attestation for his overtime

work. <u>See</u> Complaint, Dkt. No. 26, at ¶¶ 113-16. However, such actions are not "sufficiently severe or pervasive 'to alter the conditions of [his] employment and create an abusive working environment.'" <u>Harris v. Forklift Sys.</u>, 510 U.S. 17, 24 (1993). And, anyway, Malcolm complains of expectations that are clearly delineated in his union's CBA. <u>See</u> https://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/cbu11-corrections-assistant-deputy-wardens-revised-030108-to-06-30-12.pdf (last visited on May 13, 2021); <u>see also</u> Dkt. No. 32-1 at 2. Moreover, he omits the number of times these alleged events occurred, and he certainly fails to provide specific dates. Thus, Malcolm fails to allege that either a single incident was extraordinarily severe or that a series of incidents were sufficiently continuous and concerted to have altered the conditions of his working environment. <u>Notaro v. Fossil Indus.</u>, 820 F. Supp. 2d 452, 457 (E.D.N.Y. 2011).

Furthermore, Malcolm alleges that, "on August 13, 2020, Acting Assistant Chief Sherrieann Rembert emailed [] Malcolm and his superiors stating 'Restrict ADW Malcolm for the remaining of the month[.]'..." <u>See</u> Complaint, Dkt. No. 24, at ¶ 118. Each description of this allegation, <u>see id.</u> at ¶¶ 118-123, uses terms such as "requested" and "attempted," which corroborates his initial allegation that Rembert "placed [him] on restriction for the balance of the month *attempting* to bar him from earning additional overtime." <u>See</u> Original Complaint, Dkt. No. 1, at ¶ 80 (emphasis added). Notably, while Malcolm's Declaration mentions this email, he fails to dispute any of this. <u>See</u> Malcolm Declaration, Dkt. No. 33-1, at ¶ 7. Because an attempt to interfere with overtime is inadequate to establish an adverse employment action, <u>see</u> <u>Calderon v. Mullarkey Realty, LLC</u>, No. 14-CV-2616 (PKC)(RLM), 2018 U.S. Dist. LEXIS 97224, *49 (E.D.N.Y. June 10, 2018) (citing <u>Patel v. Lutheran Med. Ctr., Inc.</u>, 753 F. Supp. 1070, 1074 (E.D.N.Y. 1990), Malcolm's retaliation claim should be dismissed.

7

**C.      Malcolm Fails to Allege Causation**

Even if Malcolm engaged in protected activity and suffered an adverse employment action (which he did not), he nonetheless fails to allege causation, and his claim should, therefore, be dismissed. Plaintiff must "establish that . . . [his] protected activity was a but-for cause of the alleged adverse action by the employer." Univ. of Tex. Southwestern Med. Ctr. v. Nassar, 570 U.S. 338 (2013). He may satisfy this burden through, *inter alia*, "evidence of retaliatory animus … or by showing that the protected activity was closely followed in time by the adverse action." Mullins v. City of New York, 626 F.3d 47, 53 (2d Cir. 2010) (internal quotation marks and citations omitted).

A court may consider "non-circumstantial evidence, such as written or verbal statements of retaliatory intent." Salazar v. Bowne Realty Assocs., L.L.C., 796 F. Supp. 2d 378, 385 (E.D.N.Y. 2011); see also Patane v. Clark, 508 F.3d 106, 116-17 (2d Cir. 2007); Azeez v. Ramaiah, No. 14 Civ. 5623 (PAE), 2015 U.S. Dist. LEXIS 46574, *26-27 (S.D.N.Y. April 9, 2015). However, Malcolm does not allege that DOC agents made any statements condemning his purported protected activity and, indeed, does not allege retaliatory animus whatsoever.

A court may also consider the existence of comparators. To establish causation through such a theory, Malcolm must demonstrate that he was "similarly situated in all material respects to the individuals with whom []he seeks to compare h[im]self." Fordham v. Islip Union Free Sch. Dist., No. 08 CV 2310 (DRH)(WDW), 2012 U.S. Dist. LEXIS 111668, *28-30 (E.D.N.Y. 2012)(citing Graham v. Long Island R.R., 230 F.3d 34, 39 (2d Cir. 2000)(quoting Shumway v. United Parcel Serv., 118 F.3d 60, 64 (2d Cir. 1997)). However, Malcolm fails to name a single similarly situated employee who was treated differently than he was. Azeez, 2015 U.S. Dist. LEXIS 46574, *26-27 (citing Johnson v. Palma, 931 F.2d 203, 207 (2d Cir. 1991). Indeed, the most Malcom can muster is to allege that "[n]o one else has been required to submit

8

such documentation." See Complaint, Dkt. No. 26, at ¶ 114. Even in his Declaration, he fails, under penalty of perjury, to name a single ADW who the DOC timelier paid overtime to, much less that it did so without requiring documentation from them during an emergency pandemic. Thus, Malcolm fails to adequately allege causation through the presence of similarly situated individuals, and he must strictly rely on temporal proximity. On this point, he undoubtedly fails.

Malcolm initially claimed that he began complaining about overtime in 2016. See Original Complaint, Dkt. No. 1, at ¶ 77. Yet, that same year he was promoted to Correction Captain, see Complaint, Dkt. No. 26, at ¶ 96, and just two years later, in 2018, he was promoted again to ADW. See id. at ¶ 97. Moreover, in his Declaration, Malcolm establishes that his alleged protected activity occurred in the Spring and Summer of 2020. See Malcolm Declaration, Dkt. No. 33-1, at ¶¶ 4-7. Critically, the most significant adverse employment action Malcolm complains of - his transfer to RNDC - occurred on September 27, 2019, nearly a year *before* he sent the alleged email complaints. See Complaint, Dkt. No. 26, at ¶ 105. This is fatal to his claim, as such a sequence of events could not possibly lead to an inference of causation.

To establish a causal connection based on temporal proximity, a plaintiff must, at a minimum, allege that the protected activity in question occurred before the adverse employment action. See Carmellino v. Dist. 20 of N.Y. City Dep't of Educ., No. 03 Civ. 5942 (PKC), 2006 U.S. Dist. LEXIS 63705, at *19 (S.D.N.Y. Sept. 6, 2006). Indeed, gradual adverse job actions, like the ones Malcolm complains of, began before the plaintiff engaged in protected activity, an inference of retaliation cannot arise. Slattery v. Swiss Reinsurance America Corp., 248 F. 3d 87, 95 (2d Cir. 2001); see also Monclova v. City of New York, No. CV-05-3164 (DGT), 2008 U.S. Dist. LEXIS 24539, at *8 (E.D.N.Y. March 26, 2008); Báez v. New York, 629 Fed. Appx. 116, 119 (2d Cir. 2015). Therefore, Malcolm cannot establish causation, and his Complaint should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should dismiss plaintiffs' Final Amended Complaint in its entirety and grant such further relief as the Court deems just and proper.

Dated:         Boston, Massachusetts
               May 19, 2021

                                   JAMES E. JOHNSON
                                   Corporation Counsel of the
                                     City of New York
                                   Attorney for Defendant
                                   100 Church Street
                                   New York, New York 10007
                                   646-960-1103
                                   kbarker@law.nyc.gov


                           By:     _____/s/_____
                                   Kami Z. Barker
                                   Assistant Corporation Counsel

To:    **Moser Law Firm, P.C.**
       Paul Andrew Pagano
       5 East Main Street
       Huntington, NY 11743
       917-589-1479
       paul.pagano@gmail.com
       (By ECF)