Case 1:20-cv-09641-ALC   Document 38   Filed 05/19/21   Page 1 of 4



**JAMES E. JOHNSON**
*Corporation Counsel*

T**HE** C**ITY OF** N**EW** Y**ORK**
# LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007-2601

**KAMI Z. BARKER**
Mobile: (646) 960-1103
kbarker@law.nyc.gov

May 19, 2021

**BY ECF**

Honorable Andrew L. Carter
United States District Judge
Southern District of New York
Untied States Courthouse
40 Foley Square
New York, NY 10007

          Re:   Malcolm, et. al. v. City of New York
                20 Civ. 09641 (ALC)

Dear Judge Carter:

        I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel of the City of New York, attorney for defendant the City of New York in the above-referenced action. I write, pursuant to Your Honor's Individual Rules, to oppose plaintiffs' letter request for a pre-motion conference, seeking leave to file a motion for conditional certification. For the reasons more fully explained below, the Court should deny plaintiffs' request.

**A.**    **Background**

        Plaintiffs are approximately twenty-four (24) Correction Officers, Captains, and Assistant Deputy Wardens ("ADW") in the New York City Department of Corrections ("DOC"), who currently work at Riker's Island. See Final Amended Complaint ("Complaint"), Dkt. No. 26, at ¶¶ 34-57. They claim that defendant failed to comply with various provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"). As a collective, plaintiffs allege that defendant failed: (1) to timely pay them and other similarly situated individuals overtime compensation, and (2) to pay them overtime compensation at all.

**B.**    **Argument**

        Pre-discovery conditional certification is only warranted in "appropriate cases." See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). Courts in this Circuit have held that it is only appropriate where plaintiffs "and potential plaintiffs together were victims of a common policy or plan that violated the law." See Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal citations omitted); see also Myers, 624 F.3d at 554; Castro v. Spice Place, Inc., No. 07 Civ. 4657 (RWS), 2009 U.S. Dist. LEXIS 7678, at *12 (S.D.N.Y. Jan. 30, 2009). This requirement is only met when plaintiffs set forth non-conclusory, factual allegations demonstrating a nexus between the plaintiff's situation and the situation of those

individuals he or she asserts are "similarly situated." See Greene v. C.B. Holding Corp., No. 10-cv-1094, 2010 U.S. Dist. LEXIS 90795, at *8 (E.D.N.Y. Aug. 12, 2010) (internal citation omitted); Prizmic v. Armour, Inc, No. 05-CV-2503 (DLI)(MDG), 2006 U.S. Dist. LEXIS 42627, at *12 (E.D.N.Y June 12, 2006) (denying conditional certification where plaintiff failed to establish that a class of similarly situated plaintiffs existed).

To earn conditional certification, plaintiffs "must tend to show that there may be other workers who were victims of the same policy or plan, subject to relevantly similar pay provisions, and whose job responsibilities were similar with respect to the responsibilities that might trigger exemptions from fair labor laws." See Cheng Chung Liang v. J.C. Broadway Rest., Inc., 2013 U.S. Dist. LEXIS 73976 at *2-3 (S.D.N.Y. May 23, 2013); see also Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 647 (S.D.N.Y. 2010) ("plaintiffs satisfy their burden [on conditional certification] by making some showing that there are other employees who are similarly situated with respect to the job requirements and with regard to their pay provisions").

Here, plaintiffs fail to sufficiently establish that they are similarly situated to the putative collective. They cannot demonstrate commonality with respect to job duties whatsoever, and, anyway, they do not allege the existence of a common policy that violates the FLSA. In fact, they only make vague and conclusory allegations of a theoretical or "*de facto*" policy. Thus, plaintiffs' request for conditional certification should be denied.

### 1. Plaintiffs Are Not Similarly Situated with Respect to Job Duties

In their request for conditional certification, plaintiffs ignore the factor requiring plaintiffs to be similarly situated with respect to job duties because plaintiffs are not even similarly situated to each other. Plaintiffs belong to three different civil service titles. They range from Correction Officers to ADWs; that is, from entry level members of uniform service ("MOS") to upper-level management. See Complaint, Dkt. No. 26, at ¶¶ 34-57. They belong to different labor unions, are compensated at distinctive rates, and are expected to meet separate duties and obligations. Correction Officers strictly monitor and supervise inmates, detainees, and visitors, while Captains and ADWs manage, train, and supervise Correction Officers. See https://www1.nyc.gov/site/jointheboldest/officer/overview.page (last visited on May 19, 2021); see also Collective Bargaining Agreements ("CBA") for Correction Officers, https://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/coba-final-agreement-2011-2019.pdf (last visited on May 19, 2021), for Captains, http://www.nyccca.org/webuploads/2007-2011CCACONTRACT.pdf (last visited on May 19, 2021), and for Deputy Wardens and ADWs, https://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/cbu11-corrections-assistant-deputy-wardens-revised-030108-to-06-30-12.pdf (last visited on May 19, 2021). Most importantly, each title could trigger a different fair labor law exemption, particularly ADWs who are FLSA exempt. See Cheng Chung Liang, 2013 U.S. Dist. LEXIS 73976 at *2-3; see also Cunningham, 754 F. Supp. 2d at 647.

The "similarly situated" requirement does not require a showing that all members of the collective have "perfectly identical" job duties. But the range of functions performed by plaintiffs here goes well beyond what can be properly categorized as "similar." Pippins v. KPMG LLP, No. 11 Civ. 0377, 2012 U.S. Dist. LEXIS 949 at *15-16 (S.D.N.Y. Jan. 3, 2012). Indeed, the only attempt plaintiffs make at demonstrating commonality is to highlight their common use of CityTime, the City's timekeeping system. However, the undersigned, and every other City employee, uses CityTime to report time and leave. This evidence is wholly insufficient, and their request for conditional certification should be denied.

### 2. Plaintiffs Are Not Similarly Situated with Respect to a Common Policy That Violates the FLSA

Plaintiffs do not present sufficient evidence to demonstrate that DOC has a common policy to violate the FLSA with respect to plaintiffs or the putative collective they seek to represent. Although plaintiffs' burden in establishing the existence of a common policy is "modest," it still "must be based on some substance." See Guillan v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010); see also McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012) ("certification is not automatic"). Unfounded allegations and hearsay are not enough. See Uresta v. MBJ Cafeteria Corp., 10 Civ. 8277, 2011 U.S. Dist. LEXIS 120126, at *14-18 (S.D.N.Y. Oct. 17, 2011). Rather, plaintiffs must show specifically, based on their personal knowledge that "they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated'" the FLSA. See Myers, 624 F.3d at 555 (quoting Hoffmann, 982 F. Supp. 249).

Plaintiffs' allegations give no indication that they or anyone else at the DOC have been victims of a common policy or plan that violates the FLSA. Rather, plaintiffs complain of performing extensive overtime, primarily after the pandemic, which caused Riker's Island to be frequently short-staffed due to regularly imposed quarantines.[1] Plaintiffs' unions and defendant have negotiated over the policies and procedures for compensating MOS for overtime during emergencies like the pandemic.

Yet, plaintiffs make vague and conclusory allegations of defendant having some unknown "*de facto* policy" that violates the FLSA. Plaintiffs apparently believe this because ADW Malcolm and unnamed "others" "advised as much." See Complaint, Dkt. No. 26, at ¶ 85. Malcolm's Declaration, however, demonstrates that Malcolm only advised defendant of his frustration with having to prove the overtime he worked through sign in/out sheets, see Dkt. No. 33-1 at ¶ 5, and this is insufficient evidence for a *de facto* policy. "[E]vidence of such a de facto policy entails either (i) comprehensive statistical analyses or (ii) anecdotal evidence that reaches a certain critical mass. Gregory v. Stewart's Shops Corp., No. 7:14-CV-33 (TJM/ATB), 2016 U.S. Dist. LEXIS 89576, *39-40 (N.D.N.Y. July 8, 2016) quoting Ruiz v. Citibank, N.A., 10 Civ. 5950 (KPF)(RLE), 93 F. Supp. 3d 279, 289 (S.D.N.Y. March 19, 2015). Plaintiffs do not attempt to allege either. Therefore, their request for conditional certification should be denied.

Respectfully submitted,

By:   **ECF**:           /s/
             Kami Z. Barker
             Assistant Corporation Counsel

---

[1] See "'We Feel Like All of Us Are Gonna Get Corona.' Anticipating COVID-19 Outbreaks, Rikers Island Offers Warning For U.S. Jails, Prisons," available at https://time.com/5808020/rikers-island-coronavirus/ (last visited April 12, 2021) ("'New York City jails are the epicenter of the epicenter,' a spokesperson for the New York City Corrections Officer Benevolent Association (COBA) tells TIME. 'Every day, more COs and more inmates are testing positive.' Hundreds of correctional officers across the city have, in recent days, been calling out sick.").

-4-

To:    **Moser Law Firm, P.C.**
Paul Andrew Pagano
5 East Main Street
Huntington, NY 11743
917-589-1479
paul.pagano@gmail.com
(By ECF)