No. 20 Civ. 09641 (ALC)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OMAR MALCOLM, KARVEN ALCINDOR, ANTHONY APONTE, SHIRLENE BLAIR, DERYCK CHARLES, LATIF CORNELIUS, LANAE CURRY, JOSE DEJESUS, SHAKIYNA ESPINO, ROBERTO FERNANDEZ, VLAJEMY FRANCOIS, CRYSTAL GARNETT, CHANTEL GOUVEIA, APRIL HERNEY-KOSAKOWSKI, TAMELLE HILLIARD, YOLANDA HOLMES, MONIQUE JOHNSON, KEYSHA LEWIS, CAROLYN MARAJ, HUZIRAN MOZEB, ZHIHUI PU, DAVID RUDDOCK, MYRLINE ULYSSES, and BRICE WILLIAMS, individually and on behalf of all others similarly situated,

Plaintiffs,

- against -

THE CITY OF NEW YORK,

Defendant.

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE PURSUANT TO 29 U.S.C. 216(B)**

**GEORGIA M. PESTANA**
*Corporation Counsel of the City of New York*
Attorney for Defendant
100 Church Street, Room 2-187
New York, NY 10007-2601

*Of Counsel: Kami Z. Barker*
*Tel: (212) 356-2440*
*Matter No. 2020-044327*

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT

    POINT I

        CONDITIONAL CERTIFICATION SHOULD BE DENIED BECAUSE PLAINTIFFS ARE NOT SIMILARLY SITUATED WITH RESPECT TO JOB DUTIES OR A COMMON POLICY THAT VIOLATES THE FLSA ....................................................................... 4

        A. Plaintiffs' Duties and Responsibilities Are Not Similarly Situated to Each Other, Let Alone a Putative Collective ................................................................. 4

        B. Plaintiffs Are Not Similarly Situated With Respect to a Common Policy That Violates the FLSA ............................................................................................ 8

    POINT II

        PLAINTIFFS' PROPOSED NOTICE AND CONSENT MUST BE MODIFIED IF CONDITIONAL COLLECTIVE ACTION CERTIFICATION IS GRANTED .......................................................... 13

        A. The Proposed Notice Should be Disseminated Only Via First Class Mail ................................................................ 13

        B. The Proposed Notice Must Advise Plaintiffs of Their Right to Hire Their Own Attorney and Must Provide Plaintiffs with Defense Counsel's Information ........................................................ 14

CONCLUSION ................................................................................................................... 15

## TABLE OF AUTHORITIES

**Cases**  **Pages**

Castro v. Spice Place, Inc.,
    No. 07 Civ. 4657 (RWS), 2009 U.S. Dist. LEXIS 7678
    (S.D.N.Y. Jan. 30, 2009)........................................................................................... 8-9

Cheng Chung Liang v. J.C. Broadway Rest., Inc.,
    2013 U.S. Dist. LEXIS 73976 (S.D.N.Y. May 23, 2013).......................................4, 7

Cunningham v. Elec. Data Sys. Corp.,
    754 F. Supp. 2d 638 (S.D.N.Y. 2010).....................................................................4, 7

Escano v. N&A Produce & Grocery Corp.,
    2015 U.S. Dist. LEXIS 29785 (S.D.N.Y. Mar. 11, 2015) ................................... 14-15

Greene v. C.B. Holding Corp.,
    No. 10-cv-1094, 2010 U.S. Dist. LEXIS 90795
    (E.D.N.Y. Aug. 12, 2010).............................................................................................5

Gregory v. Stewart's Shops Corp.,
    No. 7:14-CV-33, 2016 U.S. Dist. LEXIS 89576 (N.D.N.Y. July 8, 2016) ..............10

Guillan v. Marshalls of MA, Inc.,
    750 F. Supp. 2d 469 (S.D.N.Y. 2010)..........................................................................9

Hoffmann–La Roche Inc. v. Sperling,
    493 U.S. 165 (1989).....................................................................................................8

Hoffmann v. Sbarr, Inc.,
    982 F. Supp. 249 (S.D.N.Y. 1997)...............................................................................9

Khan v. Airport Mgmt. Servs., Inc.,
    No. 10 Civ. 7735, 2011 U.S. Dist. LEXIS 133134
    (S.D.N.Y. Nov. 16, 2011) ............................................................................................7

Lee v. ABC Carpet & Home,
    236 F.R.D. 193 (S.D.N.Y. 2006).................................................................................8

Levinson v. Primedia Inc.,
    No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010
    (S.D.N.Y. Nov. 6, 2003) ......................................................................................... 7-8

Lin v. Benihana Nat'l Corp.,
    755 F. Supp. 2d 504 (S.D.N.Y. 2010)..........................................................................5

**Cases**                                                                                                               **Pages**

McGlone v. Contract Callers, Inc.,
    867 F. Supp. 2d 438 (S.D.N.Y. 2012)..................................................................................9

Morales v. Plantworks, Inc.,
    No. 05 Civ. 2349, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006)..................................................7

Myers v. Hertz Corp.,
    624 F.3d 537 (2d Cir. 2010)...........................................................................................7, 8, 9

Parker v. City of New York,
    No. 04 cv 4476 (BSJ)(DCF), 2008 U.S. Dist. LEXIS 38769,
    13 Wage & Hour Cas. 2d (BNA) 1122 (S.D.N.Y. May 13, 2008)...............................1, 11, 12

Pippins v. KPMG LLP,
    No. 11 Civ. 0377, 2012 U.S. Dist. LEXIS 949 (S.D.N.Y. Jan. 3, 2012)....................................5

Prizmic v. Armour, Inc,
    No. 05-CV-2503 (DLI)(MDG), 2006 U.S. Dist. LEXIS 42627
    (E.D.N.Y June 12, 2006) ........................................................................................................5, 9

Rogers v. City of Troy,
    148 F.3d 52 (2d Cir. 1998)......................................................................................................11

Romero v. H.B. Auto. Group, Inc.,
    No. 11 Civ. 386, 2012 U.S. Dist. LEXIS 61151 (S.D.N.Y. May 1, 2012)................................7

Ruiz v. Citibank, N.A.,
    10 Civ. 5950 (KPF)(RLE), 93 F. Supp. 3d 279
    (S.D.N.Y. March 19, 2015).....................................................................................................10

Shajan v. Barolo,
    2010 U.S. Dist. LEXIS 54581 (S.D.N.Y. June 2, 2010).........................................................14

Uresta v. MBJ Cafeteria Corp.,
    10 Civ. 8277, 2011 U.S. Dist. LEXIS 120126, – 18
    (S.D.N.Y. Oct. 17, 2011)..........................................................................................................9

White v. Rick Bus Co.,
    743 F. Supp. 2d 380 (D.N.J. 2009)..........................................................................................9

Whitehorn v. Wolfgang's Steakhouse, Inc.,
    767 F. Supp. 2d 445 (S.D.N.Y. 2011)....................................................................................14

**Statutes**

29 C.F.R. § 778.106..................................................................................................................11

iv

**Statutes** **Pages**

29 U.S.C. § 213(a)(1)................................................................................................................7

29 U.S.C. § 216(b)...................................................................................................................8

**PRELIMINARY STATEMENT**

Defendant City of New York ("defendant") opposes plaintiffs' motion for conditional certification because they fail to demonstrate critical elements for such certification. First, they fail to demonstrate that they are similarly situated in job duties to each other, let alone the putative class. Indeed, plaintiffs are approximately twenty-four (24) members of uniformed service in the New York City Department of Corrections ("DOC"), who currently work at Riker's Island Correctional Facility under three separate civil service titles: Correction Officers, Captains, and Assistant Deputy Wardens ("ADW"). See Collective Action Complaint ("Complaint"), at ¶¶ 22-34. These titles vary greatly, including, most importantly, that Captains and ADWs are exempt from the Fair Labor Standards Act ("FLSA") due to their supervisory and executive roles in managing the enterprise of Riker's.

Second, plaintiffs fail to demonstrate that the putative class has been subject to a common policy or procedure to violate the prompt payment requirement of the FLSA regarding overtime payments. They complain that the City of New York ("defendant") has a policy to violate the FLSA by paying overtime performed in the second week of the month during the following pay period. Courts in this Circuit have already found that the City's overtime payment policies comply with the FLSA. See e.g. Parker v. City of New York, No. 04 cv 4476 (BSJ)(DCF), 2008 U.S. Dist. LEXIS 38769, 13 Wage & Hour Cas. 2d (BNA) 1122 (S.D.N.Y. May 13, 2008). So, plaintiffs fail to demonstrate that the putative class has been victimized by any common policy to violate the FLSA, and their motion for conditional certification should be denied.

Nonetheless, if the Court grants conditional certification, plaintiffs' notification should be modified for several reasons. The notice should only be sent via first class mail because defendant does not keep records of their employees' email addresses and because plaintiffs give no reason whatsoever for including their phone numbers. The notice should also inform putative

class members of their right to retain separate counsel and provide defense counsel's information, because the putative class deserves to be notified of their rights to retain counsel and the information for how to contact defense counsel. Thus, for the reasons more fully explained below, plaintiffs' motion for conditional certification should be denied.

## STATEMENT OF FACTS

Plaintiffs allege that Defendant failed to (1) timely pay them and other similarly situated individuals overtime compensation within the same payperiod as the overtime was performed, and (2) in some instances, to pay them overtime compensation at all. See Plaintiffs' Conditional Collective Certification Motion ("Mot.") at pp. 5–6. In support of their motion, plaintiffs submit the declarations of five representative plaintiffs: Omar Malcolm, Carolyn Maraj, Vlajemy Francois, Jose DeJesus, and Lanae Curry. See Id. at 3. These individuals hold the various titles of ADW, Captain, or Correction Officer and currently work at Rikers Island Correction Facility. See Id. at 1–2. Plaintiffs allege that the job duties and responsibilities *within each title* are effectively identical. Id. at 3 – 4 (emphasis added). However, they are markedly different from each other.

Plaintiffs' titles range from entry level uniformed service to upper-level management, and each title has functional job duties that vary considerably from one another. Indeed, Correction Officers strictly monitor and supervise inmates, detainees, and visitors, while Captains and ADWs manage, train, and supervise Correction Officers. See https://www1.nyc.gov/site/jointheboldest/officer/overview.page (last visited on November 11, 2021); see also Collective Bargaining Agreements ("CBA") for Correction Officers, https://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/coba-final-agreement-2011-2019.pdf (last visited on November 11, 2021), for Captains, http://www.nyccca.org/webuploads/2007-2011CCACONTRACT.pdf (last visited on November

11, 2021), and for Deputy Wardens and ADWs, https://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/cbu11-corrections-assistant-deputywardens-revised-030108-to-06-30-12.pdf (last visited on November 11, 2021). Moreover, Correction Officers are hourly employees, protected by the FLSA, as evidenced by their CBA, see supra, whereas Captains and ADWs are salaried employees, who manage uniformed service in Riker's Island, ensure that the jails operate safely, and are, therefore, unprotected by the FLSA, as evidenced by their CBAs, see supra.

Plaintiffs also allege that the City's Payment Management System ("PMS") violates the prompt payment requirement of the FLSA for each of their various titles and those of the putative class they seek to represent. Specifically, they claim that it fails to pay overtime performed in week two of the month until the following pay period. See Plaintiffs' Declarations at Dkt. Nos. 46-2, 46-3, 46-4, 46-5, and 46-6. Ultimately, plaintiffs complain of frequently performing work in excess of 40 hours per week after the pandemic thrust Riker's Island into a persistent state of emergency. See Mot.. at p. 5 and "NYC's Rikers Island jail spirals into chaos amid pandemic," available at https://apnews.com/article/kathy-hochul-health-prisons-new-york-new-york-city-da3d6f8334946cf2cc3eb2bac60538a2 (last visited on November 14, 2021) ("At one point during the summer, more than one-third of the city's jail guards — about 3,050 of 8,500 — were on sick leave or medically unfit to work with inmates, according to the agency that runs the city's jails, the Department of Correction. Some guards have been missing shifts without any explanation."). Yet, they insist that their overtime should now be paid faster than has always been the standard, see Dkt. Nos. 46-2, 46-3, 46-4, 46-5, and 46-6.

## ARGUMENT

### POINT I

### CONDITIONAL CERTIFICATION SHOULD BE DENIED BECAUSE PLAINTIFFS ARE NOT SIMILARLY SITUATED WITH RESPECT TO JOB DUTIES OR A COMMON POLICY THAT VIOLATES THE FLSA

In order to satisfy the evidentiary burden for conditional certification, a plaintiff's "modest evidence must tend to show that there may be other workers who were victims of the same policy or plan, subject to relevantly similar pay provisions, and whose job responsibilities were similar with respect to the responsibilities that might trigger exemptions from fair labor laws." See Cheng Chung Liang v. J.C. Broadway Rest., Inc., 2013 U.S. Dist. LEXIS 73976 at *2-3 (S.D.N.Y. May 23, 2013); see also Cunningham, 754 F. Supp. 2d at 647. Here, plaintiffs fail to establish that they are similarly-situated to each other or the putative collective or that the DOC has a policy to violate the FLSA by paying overtime late. Accordingly, plaintiffs' motion for conditional certification must be denied.

**A.  Plaintiffs' Duties and Responsibilities Are Not Similarly Situated to Each Other, Let Alone a Putative Collective**

Plaintiffs are DOC members of uniformed service, working under three distinct civil service titles; that is, correction officers, captains and ADWs. These titles range from entry-level hourly correction officers to FLSA exempt executives who manage the enterprise of Riker's Island and ensure that the jails operate safely and in good order. Such variations in job titles and duties must prevent plaintiffs from gaining conditional certification, and their motion should, therefore, be denied.

In considering whether plaintiffs have satisfied their burden of proving that they are similarly situated to the putative class, courts within this Circuit look to the pleadings and any

declarations submitted by the plaintiffs and potential opt-in plaintiffs. See Lin v. Benihana Nat'l Corp., 755 F. Supp. 2d 504, 509 (S.D.N.Y. 2010). Here, plaintiffs submit multiple declarations in support of their motion for conditional certification. See Dkt. Nos. 46-2, 46-3, 46-4, 46-5, and 46-6. Yet, each declaration fails to describe any of their job duties, whether similar or dissimilar to each other, and fails to explain how their job titles are common in the least. Rather, plaintiffs ignore the requirement to be similarly situated in job duties and instead attempt to conceal those differences by categorizing the titles of Correction Officer, Captain, and ADW as "common job titles." See Mot. at 3–4. Such conclusory allegations are wholly insufficient to gain certification.

Plaintiffs assume that the Court will simply believe their conclusory claims of having "common job titles." However, the Court cannot reasonably infer such a conclusion based on nothing but plaintiffs' allegations. To be sure, the requirement for certification will only be met when plaintiffs set forth non-conclusory, factual allegations demonstrating a nexus between their situation and that of the individuals they claim are "similarly situated." See Greene v. C.B. Holding Corp., No. 10-cv-1094, 2010 U.S. Dist. LEXIS 90795, at *8 (E.D.N.Y. Aug. 12, 2010) ("A plaintiff must provide evidence of a factual nexus between his situation and those of claimants similarly situated; mere conclusory allegations are not enough") (internal citation omitted); Prizmic, 2006 U.S. Dist. LEXIS 42627, at *4 (stating that a representative plaintiff "must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated rather than mere conclusory allegations").

While the "similarly situated" requirement does not require a showing that all members of the collective have "perfectly identical" job duties, the range of functions performed by the plaintiffs here goes well beyond what can be properly categorized as "similar." Pippins v. KPMG LLP, No. 11 Civ. 0377, 2012 U.S. Dist. LEXIS 949 at *15-16 (S.D.N.Y. Jan. 3, 2012).

5

Here, all three titles range from entry level to upper-level management, and each title has functional job duties that vary considerably from one another. Correction Officers strictly monitor and supervise inmates, detainees, and visitors, while Captains and ADWs manage, train, and supervise Correction Officers. See https://www1.nyc.gov/site/jointheboldest/officer/overview.page (last visited on November 11, 2021); see also CBA for Correction Officers, https://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/coba-final-agreement-2011-2019.pdf (last visited on November 14, 2021), for Captains, http://www.nyccca.org/webuploads/2007-2011CCACONTRACT.pdf (last visited on November 14, 2021), and for Deputy Wardens and ADWs, https://www1.nyc.gov/assets/olr/downloads/pdf/collectivebargaining/cbu11-corrections-assistant-deputy-wardens-revised-030108-to-06-30-12.pdf (last visited on November 14, 2021).

Moreover, the language used by plaintiffs alone suggests that the duties and responsibilities between Correction Officer, Captain, and ADW are different and cannot be similarly situated. For example, two of the declarations state "the same job duties are performed by each of the individuals in a given title (e.g. all Correction Officers perform the same duties)." See Pagano Dec., Exhibit 6, at p. 4, footnote 2; see Pagano Dec., Exhibit 4, at p. 4, FN 2. Plaintiffs also use similar distinguishing language in their motion. See Mot. at p. 3 (the job duties and responsibilities *within* each title are effectively identical)(italicized for emphasis). Thus, although plaintiffs try to portray all holders of these distinct titles as similarly-situated, their executed job duties vary considerably, and that should prohibit them from gaining conditional certification.

Indeed, plaintiffs' list of putative class members alone demonstrates the chain of command from Correction Officers to Captains and ADWs. See 46-1 at Exhibit "2." Nearly every

6

putative class member Plaintiff ADW Malcolm names is a Correction Officer, while only naming a few Captains and even fewer ADWs. See id. Obviously, the higher the command ranks, the fewer positions there are. Thus, plaintiffs' claim that Correction Officers have a "common job title" to Captains and ADWs is completely unfounded.

Most importantly, each title triggers a different fair labor law exemption, particularly with regard to Captains and ADWs who are FLSA exempt. See Cheng Chung Liang v. J.C. Broadway Rest., Inc., 2013 U.S. Dist. LEXIS 73976 at *2-3 (S.D.N.Y. May 23, 2013); see also Cunningham v. Elec. Data Sys. Corp., 754 F. Supp. 2d 638, 647 (S.D.N.Y. 2010). As evidenced by their CBAs, see supra, Captains and ADWs are salaried employees who manage the enterprise of Riker's Island and would fall under the executive exemption of the FLSA. 29 U.S.C. § 213(a)(1) (employees who serve in a "bona fide executive, administrative or professional capacity" are exempt from the FLSA).

Ultimately, plaintiffs' pleadings and declarations fail to establish a nexus between their own various duties and obligations, including those they seek to represent. Therefore, their motion for conditional certification should be denied. See Romero v. H.B. Auto. Group, Inc., No. 11 Civ. 386, 2012 U.S. Dist. LEXIS 61151, at *42-43 (S.D.N.Y. May 1, 2012) (denying conditional certification because "Plaintiff's 'modest factual showing cannot be satisfied simply by unsupported assertions'" and "[c]onclusory allegations are not enough") (quoting Myers, 624 F.3d at 555); Khan v. Airport Mgmt. Servs., Inc., No. 10 Civ. 7735, 2011 U.S. Dist. LEXIS 133134, at *13-14 (S.D.N.Y. Nov. 16, 2011) (denying conditional certification because plaintiff relied exclusively on conclusory allegations); Morales v. Plantworks, Inc., No. 05 Civ. 2349, 2006 WL 278154, at *3 (S.D.N.Y. Feb. 2, 2006) (denying conditional certification because plaintiffs offered only conclusory and unsupported allegations in support of their motion); Levinson v.

7

Primedia Inc., No. 02 Civ. 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, at *5-6 (S.D.N.Y. Nov. 6, 2003) (denying conditional certification where plaintiffs provided no factual evidence other than their own conjecture that other employees suffered from the same unlawful pay practices).

**B.    Plaintiffs Are Not Similarly Situated With Respect to a Common Policy That Violates the FLSA**

Plaintiffs have not presented sufficient evidence to demonstrate that DOC has a common policy to violate the "prompt payment" requirement of the FLSA with respect to paying overtime to the putative collective they seek to represent. Indeed, despite multiple declarations from several plaintiffs, the only commonality they describe is the City's legal policy of paying overtime within three weeks of working said overtime, see Dkt. Nos. 46-2, 46-3, 46-4, 46-5, and 46-6, which is clearly within their CBA's standards, see CBAs for all three titles, supra, ("Overtime shall be computed on a monthly basis and the Department shall make every reasonable effort to pay such overtime within six (6) weeks following the submission of the monthly report."). Since plaintiffs fail to demonstrate a policy that violates the FLSA and victimizes the putative collective, plaintiffs' motion for conditional certification should be denied.

Although the standard for pre-discovery conditional certification is fairly lenient, it is warranted only in "appropriate cases." See Myers v. Hertz Corp., 624 F.3d 537, 554 (2d Cir. 2010) (citing Hoffmann–La Roche Inc. v. Sperling, 493 U.S. 165, 169 (1989)). Courts within this Circuit have held that conditional certification under 29 U.S.C. § 216(b) is appropriate only where plaintiffs provide sufficient factual support to establish that they are similarly situated with respect to a common policy that violates of the FLSA. That is, "[they] and [other] potential plaintiffs together were victims of a common policy or plan that violated the law." See Lee v. ABC Carpet & Home, 236 F.R.D. 193, 197 (S.D.N.Y. 2006) (internal citations omitted); see also Myers, 624 F.3d at 554; Castro v. Spice Place, Inc., No. 07 Civ. 4657 (RWS), 2009 U.S. Dist. LEXIS 7678, at

8

*12 (S.D.N.Y. Jan. 30, 2009) (denying certification where Plaintiffs did not make the necessary showing that the alleged actions were a reflection of a common policy, maintained by all defendants, in violation of the FLSA); Prizmic v. Armour, Inc, No. 05-CV-2503 (DLI)(MDG), 2006 U.S. Dist. LEXIS 42627, at *12 (E.D.N.Y June 12, 2006) (denying conditional certification where plaintiff failed to establish that a class of similarly situated plaintiffs existed).

Although plaintiffs' burden for establishing the existence of a common policy is "modest," it still "must be based on some substance." See Guillan v. Marshalls of MA, Inc., 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010); see also McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 443 (S.D.N.Y. 2012) ("certification is not automatic"). Unfounded allegations and hearsay are not enough. See Uresta v. MBJ Cafeteria Corp., 10 Civ. 8277, 2011 U.S. Dist. LEXIS 120126, at *14 – 18 (S.D.N.Y. Oct. 17, 2011). Rather, plaintiffs must show specifically, based on their *personal knowledge* that "they and potential opt-in plaintiffs 'together were victims of a common policy or plan that violated'" the FLSA. See Myers, 624 F.3d at 555 (quoting Hoffmann v. Sbarr, Inc., 982 F. Supp. 249 (S.D.N.Y. 1997)); see also White v. Rick Bus Co., 743 F. Supp. 2d 380, 389 (D.N.J. 2009) (denying conditional certification where plaintiffs failed to show that putative class members "were affected by [defendant's] common policy of withholding overtime").

Plaintiffs' allegations give no indication that they or anyone else at the DOC have been victims of a common policy or plan to violate the FLSA. Indeed, while they plainly state that there is a policy to violate the FLSA, plaintiffs do not reference any particular policy governing overtime payment. Nor do they provide facts that would indicate DOC's intention to violate the FLSA or willfully disregard it.

Rather, plaintiffs allude to defendant having some unknown "*de facto* policy" that violates the FLSA. Plaintiffs apparently believe this because Plaintiff ADW Malcolm and

9

unnamed "others" "advised as much." See Complaint, Dkt. No. 26, at ¶ 85. However, Malcolm's declaration demonstrates that he only advised defendant of his frustration with having to prove the overtime he worked through sign in/out sheets, see Dkt. No. 33-1 at ¶ 5, and this is insufficient evidence for a *de facto* policy.

"[E]vidence of such a *de facto* policy entails either (i) comprehensive statistical analyses or (ii) anecdotal evidence that reaches a certain critical mass. Gregory v. Stewart's Shops Corp., No. 7:14-CV-33 (TJM/ATB), 2016 U.S. Dist. LEXIS 89576, *39-40 (N.D.N.Y. July 8, 2016) quoting Ruiz v. Citibank, N.A., 10 Civ. 5950 (KPF)(RLE), 93 F. Supp. 3d 279, 289 (S.D.N.Y. March 19, 2015). Plaintiffs do not attempt to allege either. Indeed, the most they can claim is that the City has a policy that affects them and some ninety members of uniformed service, most of which are Correction Officers. See Dkt. Nos. 46-2, 46-3, 46-4, 46-5, and 46-6. Such a number can hardly be considered a critical mass when DOC employs 8,129 Correction Officers and 895 Captains, ADWs, and Wardens. See "New York City Department of Correction Uniform Personnel Demographic Data," available at https://www1.nyc.gov/assets/doc/downloads/pdf/2020%20DOC%20STAFF%20DEMOGRAPHIC%20REPORT.pdf (last visited on November 14, 2021). Thus, their motion for certification should be denied.

Moreover, the common DOC policy plaintiffs' declarations describe is one that pays overtime within one to three weeks from the week they performed overtime. See e.g. Dkt. No. 46-2 at ¶ 12. Plaintiffs explain that "[w]hen describing late paid overtime," they refer to the times DOC did not pay their overtime within the payperiod they earned it. See e.g. Id. at ¶ 13. Thus, plaintiffs only complain of DOC's policy to pay overtime from week two during the

10

following pay period, which is a policy that courts in this Circuit have already found to fully comply with the FLSA. See e.g. Parker, 2008 U.S. Dist. LEXIS 38769.

Like plaintiffs here, the plaintiffs in Parker complained that the City's PMS violated the FLSA's "prompt payment" requirement because overtime performed during the second week of the month was never paid during the payperiod it was performed; instead it was paid in the following pay period. See id. at * 35-37. The Court noted that because the FLSA does not explicitly address the prompt payment requirement, it is appropriate to consider the U.S. Department Of Labor's ("DOL") views on when overtime must be paid under the FLSA. See id. at *38, citing Rogers v. City of Troy, 148 F.3d 52, 57 (2d Cir. 1998) ("Because the statute does not explicitly address the prompt payment requirement . . . we hold that the statute is ambiguous. It is, therefore, appropriate to consider the views of the administrative agency charged with the law's enforcement.").

The DOL has issued an interpretive bulletin addressing the time of payment for overtime compensation, see 29 C.F.R. § 778.106, to which the Second Circuit has deferred in the absence of a pertinent regulation issued through the formal rulemaking process, see Rogers, 148 F.3d at 55. Section 778.106 provides in relevant part:

> There is no requirement in the Act that overtime compensation be paid weekly. The general rule is that overtime compensation earned in a particular workweek must be paid on the regular pay day for the period in which such workweek ends. When the correct amount of overtime compensation cannot be determined until some time after the regular pay period, however, the requirements of the Act will be satisfied if the employer pays the excess overtime compensation as soon after the regular pay period as is practicable. Payment may not be delayed for a period longer than is reasonably necessary for the employer to compute and arrange for payment of the amount due and in no event may payment be delayed beyond the next payday after such computation can be made.

29 C.F.R. §778.106.

In the end, the Court in Parker found that the City demonstrated "that overtime worked in Week 2 of the Regular Gross period cannot be included in the paycheck covering that pay period" and that it could not "include the Week 2 overtime and still complete the process in time for a Friday payday." Parker, 2008 U.S. Dist. LEXIS 38769, *39-40. The Court held that the very overtime payment policy plaintiffs complain of here complies with the prompt payment requirement of the FLSA. See id. Therefore, plaintiffs fail to identify that DOC has a common policy to violate the "prompt payment" requirement of the FLSA, and their motion for conditional certification should be denied.

Plaintiffs fail to point to another policy that allegedly violates the FLSA. Rather, they largely complain of performing extensive overtime after the start of the COVID-19 pandemic and having to wait until the following pay period to receive some of their overtime payments. The pandemic has thrust Riker's Island into repeated emergency situations where the jails are frequently short-staffed from regularly imposed quarantines. See "'We Feel Like All of Us Are Gonna Get Corona.' Anticipating COVID-19 Outbreaks, Rikers Island Offers Warning For U.S. Jails, Prisons," available at https://time.com/5808020/rikers-island-coronavirus/ (last visited November 11, 2021) ("'New York City jails are the epicenter of the epicenter,' a spokesperson for the New York City Corrections Officer Benevolent Association (COBA) tells TIME. 'Every day, more C[orrection ]O[fficer]s and more inmates are testing positive.' Hundreds of correctional officers across the city have, in recent days, been calling out sick."); see also "NYC's Rikers Island jail spirals into chaos amid pandemic," available at https://apnews.com/article/kathy-hochul-health-prisons-new-york-new-york-city-da3d6f8334946cf2cc3eb2bac60538a2 (last visited November 14, 2021); "The Chaos on Riker's Island," https://www.nytimes.com/2021/10/11/nyregion/the-chaos-on-rikers-island.html (last visited

12

November 14, 2021). Yet, without providing any details, plaintiffs complain of some "*de facto*" policy that allegedly violates the FLSA.

Moreover, not only have courts found such policies FLSA compliant, but plaintiffs' unions have negotiated with defendant over the City's procedures for compensating its members, including during emergency situations like the pandemic, and found that they were entirely reasonable. In fact, the parties agreed to longer standards than that which plaintiffs complain. Plaintiffs' ambiguous claims to the contrary regarding exempt *and non-exempt* employees cannot be entertained. Therefore, plaintiffs fail to show a common policy to violate the FLSA governing the titles of Correction Officer, Captain, and ADW, and plaintiffs' request for conditional certification should be denied.

## POINT II

**PLAINTIFFS' PROPOSED NOTICE AND CONSENT MUST BE MODIFIED IF CONDITIONAL COLLECTIVE ACTION CERTIFICATION IS GRANTED.**

If the Court grants conditional certification and permits notice to be sent to putative collective action members, the proposed notice submitted by plaintiffs is defective in several respects and should be modified as set forth below.

**A.     The Proposed Notice Should be Disseminated Only Via First Class Mail**

Plaintiffs request that the proposed notice be sent via first class mail and e-mail to prospective collective members. However, because DOC only maintains the last known mailing address for current and former employees and does not maintain personal e-mail addresses for current or former employees, this request should be denied to the extent it seeks the personal e-mail addresses of prospective collective members.

13

Finally, plaintiffs also request that defendant provide phone numbers for each member of the putative collective. However, they have proffered no reason for this information. Accordingly, in the event the Court grants conditional certification of plaintiffs' proposed collective, defendant requests that the notice be provided via first class mail only to the extent that it is the method in which defendant communicates wage and hour matters, and plaintiffs' request for emails and phone numbers be denied.

**B.  The Proposed Notice Must Advise Plaintiffs of Their Right to Hire Their Own Attorney and Must Provide Plaintiffs with Defense Counsel's Information**

The proposed notice does not inform the putative class members that all "participating plaintiffs may retain their own counsel." See Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 450-451 (S.D.N.Y. 2011) (collecting cases). "[T]he notice should say that anyone who consents to participate has the right to hire his/her own attorney, at his/her own expense," and it should be in the same type-face and with equal distinction. See Shajan v. Barolo, 2010 U.S. Dist. LEXIS 54581, *5 (S.D.N.Y. June 2, 2010). Plaintiffs' proposed notice informs putative class members to contact plaintiffs' counsel and provides contact information in two locations. See Pagano Dec., Exhibit 6, at p. 3, 5. Defendant contends that both references to plaintiffs' counsel are misleading since they presuppose that the putative class members will hire plaintiffs' counsel rather than seek their own attorneys. Defendant requests that plaintiffs clearly inform participating plaintiffs of their right to retain their own counsel.

Finally, defendant requests that the putative class members be provided with defense counsel's information under a separate heading entitled "ATTORNEYS FOR DEFENDANT." Whitehorn,., 767 F. Supp. 2d at 451 (requiring inclusion of contact information for defendants' counsel). "Courts regularly permit inclusion of defense counsel's contact information on such notices." Escano v. N&A Produce & Grocery Corp., 2015 U.S. Dist. LEXIS

14

29785, *6 (S.D.N.Y. Mar. 11, 2015). Therefore, if the Court grants conditional certification, defendants request that putative class members only be notified by first class mail, informed of their right to hire their own counsel, and provided defense counsel's information.

## CONCLUSION

**WHEREFORE**, defendant respectfully requests that plaintiffs' Motion for Conditional Certification of the Collective Action be denied, and that defendant be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper. In the alternative, should the Court grant plaintiffs' Motion, defendant respectfully requests that the Court implement the requested notice modifications set forth above to avoid undue prejudice to defendant.

Dated:   Bronx, New York
         November 18, 2021

                              **GEORGIA M. PESTANA**
                              Corporation Counsel of the
                                City of New York
                              Attorney for Defendant
                              100 Church Street, Room 2-187
                              New York, New York 10007-2601
                              (212) 356-2440
                              kbarker@law.nyc.gov

By:       /s/                            
      Kami Z. Barker
      Senior Counsel