**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------ x

Omar Malcolm, et. al.,                                        :
                                                             :
                                        **Plaintiffs,**        :
                                                             :
                        -against-                            :
                                                             :
City of New York,                                            :
                                                             :
                                        **Defendant.**         :
                                                             :
                                                             :
------------------------------------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED:  March 8, 2022____

**1:20-CV-9641-ALC**

**Opinion and Order**

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Karven Alcindor ("Alcindor"), Anthony Aponte ("Aponte"), Shirlene Blair ("Blair"), Deryck Charles ("Charles"), Latif Cornelius ("Cornelius"), Lanae Curry ("Curry"), Jose DeJesus ("DeJesus"), Shakiyna Espino ("Espino"), Roberto Fernandez ("Fernandez"), Vlajemy Francois ("Francois"), Crystal Garnett ("Garnett"), Chantel Gouveia ("Gouveia"), April Herney-Kosakowski ("Herney"), Tamelle Hilliard ("Hilliard"), Yolanda Holmes ("Holmes"), Monique Johnson ("Johnson"), Keysha Lewis ("Lewis"), Omar Malcolm ("Malcolm"), Carolyn Maraj ("Maraj"), Huziran Mozeb ("Mozeb"), Zhihui Pu ("Pu"), David Ruddock ("Ruddock"), Myrline Ulysses ("Ulysses"), Brice Williams ("Williams") (collectively, "Plaintiffs"), individually and on behalf of themselves and others similarly situated, bring claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, against Defendant Department of Corrections ("DOC"), an agency of the City of New York (the "City"), for failure to pay overtime at all or in a timely manner. Plaintiffs are residents of various counties in the State of New York. Plaintiff Malcolm individually brings a retaliation claim under the FLSA. The City moves for partial dismissal of Plaintiffs' claims for failure to state a claim upon which relief can be granted under Rule 12(b)(6)

1

of the Federal Rules of Civil Procedure. For the reasons discussed below, the motion is **DENIED IN PART and GRANTED IN PART**.

**BACKGROUND FACTS[1] AND PROCEDURAL HISTORY**

Plaintiffs are Correction Officers, Captains, and Assistant Deputy Wardens with the DOC currently assigned to the Robert N. Davoren Complex ("RNDC"), Anna M. Kross Center ("AMKC"), and the Security Operations Division. Compl. ¶¶ 34-57. The DOC has repeatedly failed to pay, or was late in paying, overtime compensation to Plaintiffs from approximately January 2018 to January 2021. Compl. ¶¶ 68-70. They allege that this conduct was willful. Compl. ¶¶ 68.

Beginning his career as a Correction Officer, Plaintiff Malcolm was promoted to Captain and Assistant Deputy Warden ("ADW") on February 19, 2016 and March 28, 2018, respectively. While serving as ADW, assigned to AMKC, Malcolm worked overtime and did not receive his overtime pay. He had no work performance or discipline issues at AMKC. For approximately three years leading up to commencement of this action, Malcolm submitted "several complaints about Defendant's failure to pay overtime timely and indeed at all" in the form of "verbal and written communications with his assigned timekeepers, the central timekeeping unit, payroll department and his superiors." Compl. ¶¶ 101-02.

After submitting complaints, on or about September 27, 2019, Malcolm was the "sole person involuntarily transferred/reassigned" from AMKC "suddenly and without any prior discussion to [RNDC]." Compl. ¶¶ 105. No less than 15 other people should have been transferred before him. Once transferred/reassigned, he was no longer permitted to work the same amount of

---

[1] The facts are taken from Plaintiffs' Amended Collective Action Complaint filed on February 22, 2021. *See* ECF No. 26. At the motion to dismiss stage, courts accept as true all well-pleaded allegations in the complaint and draws all reasonable inferences in plaintiff's favor. *See N.Y. Pet Welfare Ass'n v. City of New York*, 850 F.3d 79, 86 (2d Cir. 2017).

overtime hours as before. He continued complaining to DOC about unpaid and late paid overtime after his transfer/reassignment. DOC required Malcolm to send video surveillance snapshots arriving and departing the RNDC facility. They also required his warden to attest to the payroll department that Malcolm had shown up for duty and/or worked overtime hours. DOC did not require anyone else to conduct such procedures.

On June 2, 2020, Malcolm sent an email that, among other things, stated that the failure to pay his outstanding overtime pay was "a direct violation of the Fair Labor Standards Act" dating back to October 2019. ECF No. 39-1.[2] On August 13, 2020, Acting Assistant Chief Sherrieann Rembert emailed Malcolm and his superiors stating that he should be restricted from earning overtime. On November 6, 2020, his timekeeper and payroll supervisor, Tanya Baker, emailed him and his superiors requesting that the warden order him to work without pay through "contractual additional tours of duty." Compl. ¶¶ 120. Malcolm raised his concerns with the DOC's Labor Relations Unit, but they never resolved his complaints.

On April 13, 2021, Defendant filed a motion to dismiss the First Amended Complaint. ECF Nos. 31-32.[3] Plaintiffs opposed on May 4, 2021. ECF No. 33. On May 19, 2021, Defendant replied. ECF No. 37. The Court considers this motion fully briefed.

## STANDARD OF REVIEW

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] On May 24, 2021, Plaintiffs filed this exhibit to be appended to the amended complaint. Courts may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).
[3] Plaintiffs commenced this action on November 17, 2020. ECF No. 1. But the First Amended Complaint was filed on February 22, 2021. ECF No. 26.

544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully," and accordingly, where the plaintiff alleges facts that are "'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In considering a motion to dismiss, the court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *See Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008). However, the court need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555); *see also id.* at 681. Instead, the complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555). "[I]f [the] complaint clearly shows the claim is out of time," a court may dismiss a claim under the statute-of-limitations at the pleadings stage. *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999). In addition to the factual allegations in the complaint, the court may consider "the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

**DISCUSSION**

Defendant's motion raises two grounds for partial dismissal of the operative complaint: (1) that some of Plaintiffs' claims are time-barred, and (2) that Malcolm fails to state a retaliation claim. The Court will address each in turn.

## I. The Two-Year Limitations Period Applies

An FLSA action carries a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. Section 255(a); *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62, 70 (2d Cir. 2014). The Parties dispute the proper pleading standard for demonstrating willfulness at the motion to dismiss stage and whether the complaint adequately pleads willfulness. The Second Circuit has held that "a plaintiff must allege facts at the pleading stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021). The Circuit explicitly rejected sister circuits' views that "the mere allegation of willfulness suffices," and explained that *Twombly-Iqbal* imposes a requirement that a showing of willfulness must be based on well-pleaded factual allegations. *Id.* at 320-21. It also instructed that district courts "need not accept as true a plaintiff's conclusory allegation that a defendant willfully violated the FLSA." *Id.* at 321.

"An employer willfully violates the FLSA when it 'either knew or showed reckless disregard for the matter of whether its conduct was prohibited by' the Act." *Young v. Cooper Cameron Corp.*, 586 F.3d 201, 207 (2d Cir. 2009) (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988)). "[I]f an employer acts unreasonably, but not recklessly, in determining its legal obligation, its action should not be considered willful." *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995) (internal quotation marks and alterations

omitted) (quoting *McLaughlin*, 486 U.S. at 133). The "plaintiff bears the burden of proof" on willfulness. *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999).

Plaintiffs allege that the DOC willfully failed to pay overtime compensation at all, or in a timely manner. Compl. ¶¶ 67, 79, 85, 91. Such general allegations are insufficient to adequately plead willfulness for statute of limitations purposes in this Circuit. The Court cannot reasonably infer willfulness from bare allegations without additional factual content. That Malcolm, in his role as ADW, and unknown "others" "advised" some unknown other individual(s) about DOC's allegedly unlawful conduct is both conclusory, and much too general, to plead willfulness. Plaintiffs here allege far less than the *Whiteside* plaintiff did, and there the Second Circuit held that the plaintiff failed to allege willfulness. *Whiteside*, 995 F.3d at 324-25. The two-year statute of limitations controls the FLSA claims here. Consequently, Plaintiffs' claims based on conduct occurring before November 17, 2018—two years before the date the original complaint was filed—are dismissed.

## II. Plaintiff Omar Malcolm Has a Well-Pleaded Retaliation Claim

Under the FLSA, it is "unlawful for any person . . . to discharge . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under FLSA." 29 U.S.C. § 215(a)(3); *Mullins v. City of New York*, 626 F.3d 47, 53 (2d Cir. 2010). For a plaintiff to establish a *prima facie* case of retaliation, they must demonstrate (1) participation in protected activity known to the defendant, like the filing of a FLSA lawsuit, (2) an employment action disadvantaging the plaintiff, and (3) a causal connection between the protected activity and the adverse employment action. *See id.* (citing *Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 566 (2d Cir. 2000), *superseded on other grounds by* N.Y.C. Local L. No. 85). "[R]etaliatory animus" is

sufficient to establish a causal connection between an adverse action and plaintiff's protected activity. *Id.*

Plaintiff Malcolm has adequately pleaded protected activity. He made multiple oral and written communications to his employer—including timekeepers, the payroll department, and his superiors—regarding the failure to pay (or to timely pay) overtime compensation. Such complaints would encompass his June 2020 email that explicitly asserted a violation of the FLSA.

In *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 106 (2d Cir. 2015), the Second Circuit squarely addressed the question of what constitutes an actionable filing of a complaint under the anti-retaliation provision of the FLSA. It held that "an employee may premise a section 215(a)(3) retaliation action on an oral complaint made to an employer, so long as—pursuant to *Kasten*—the complaint is 'sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection.'" *Greathouse*, 784 F.3d at 107 (quoting *Kasten v. Saint-Gobain Performance Plastics Corp.*, 131 S.Ct. 1325, 1335 (2011)). Here, Malcolm made verbal and written complaints to his employer, and such complaints, as pleaded, would lead a reasonable employer to notice that he is asserting his rights under the FLSA. His complaints expressed concern about failure to pay overtime wages at all, as well as late payment of overtime. In addition to his June 2020 email explicitly stating a FLSA violation, he even complained to the DOC Labor Relations Unit for resolution. Complaining employees "need not invoke the [FLSA] by name." *Id.* at 116 (citing *Kasten*, 131 S.Ct. at 1335). That Malcolm does not allege that he used the magic word "FLSA" until his June 2020 email to DOC supervisors and other employees does not demonstrate a failure to plead protected activity.

He also adequately pleaded adverse employment action. "An employment action disadvantages an employee if it well might have dissuaded a reasonable worker from making or supporting [similar] charge[s]." *Mullins v. City of New York*, 626 F.3d at 53 (2d Cir. 2010) (citing *Burlington N. & Santa Fe Ry. Co. v. White,* 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006)) (citations and internal quotation marks omitted). For instance, following several of his alleged complaints regarding overtime, he was suddenly reassigned/transferred from AMKC to RNDC, which significantly reduced his permissible amount of overtime hours and required him to take more stringent steps to prove overtime than other employees. Malcolm had no work performance or discipline issues at AMKC, and he alleged that at least 15 other employees were initially due to be reassigned/transferred from AMKC before him. Separately, in August 2020, the DOC imposed a restriction order on his overtime during his RNDC tenure. Taking his allegations as true, he has sufficiently pleaded that he suffered adverse employment action.[4]

There is a causal connection between (1) his earlier complaints at AMKC regarding overtime and his abrupt reassignment/transfer, significant reduction in authorized overtime hours, and the ensuing strict overtime proof procedures that he had to complete once at RNDC; and (2) his complaints at RNDC, especially his June 2020 email expressly stating a FLSA violation, and the restriction order imposed on his overtime.

A plaintiff may allege a causal connection between adverse action and their protected activity "through evidence of retaliatory animus directed against a plaintiff by the defendant." *Johnson v. Palma*, 931 F.2d 203, 207 (2d Cir. 1991). Causation may also be established indirectly,

---

[4] Defendant articulates other arguments that are unavailing. For example, Defendant asserts that the Collective Bargaining Agreement for Assistant Deputy Wardens requires the overtime proof procedures that Malcolm alleges constituted an adverse action. But this contention raises a factual dispute and is more appropriate for summary judgment or trial on the merits. Malcolm has provided well-pleaded allegations regarding adverse employment actions he suffered. Whether the evidence, yet to be discovered, is sufficient to maintain a retaliation claim is a question that this Court will tackle at a later stage in this litigation.

"by showing the protected activity was followed closely by discriminatory treatment, or through other circumstantial evidence such as disparate treatment of fellow employees who engaged in similar conduct." *Gordon v. N.Y. City Bd. of Educ.*, 232 F.3d 111, 117 (2d Cir. 2000).

While Malcolm has failed to allege direct retaliatory animus, he has pleaded sufficient facts giving rise to an inference based on disparate treatment or temporal proximity. For instance, following overtime complaints made to DOC employees, including superiors, he was the only employee reassigned/transferred suddenly to RNDC, which limited his ability to earn overtime. Moreover, regarding the more stringent measures he had to complete to prove his overtime once at RNDC, where he continued to make complaints, he alleges "that no one else, including non-complaining employees, had to follow [them]." Compl. ¶¶ 115. Finally, Malcolm sent an email dated June 2, 2020 that explicitly asserted a FLSA violation dating back to October 2019 and, approximately two months later, the DOC imposed a restriction order on his overtime. Such a short timeframe between the adverse action and his protected activity here is "very close," and thus this Court may infer causation. *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273, 121 S. Ct. 1508, 1511, 149 L. Ed. 2d 509 (2001) (citing cases where three months or more is insufficient to draw an inference). The Second Circuit has also expressly declined to define the "outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action." *Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Ed.*, 444 F.3d 158, 168 (2d Cir. 2006) (quoting *Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cty.*, 252 F.3d 545, 554 (2d Cir. 2001)). Drawing all reasonable inferences in Malcolm's favor, the Court holds that causation can be inferred based on disparate treatment or temporal proximity.

Because Malcolm has adequately pleaded the requisite elements, the Court holds that he has not failed to state a claim for relief under the FLSA's anti-retaliation provision.

## CONCLUSION

For the reasons discussed above, Defendant's motion for partial dismissal is **GRANTED IN PART and DENIED IN PART**. Plaintiffs' claims based on conduct or occurrences **before** November 17, 2018 are dismissed as time-barred under the applicable two-year statute of limitations. Plaintiff Omar Malcolm has stated a claim for retaliation under the Fair Labor Standards Act. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 25.

**SO ORDERED.**

**Dated**: March  8 , 2022
New York, New York

_____
**The Hon. Andrew L. Carter, Jr.**
**United States District Judge**

10