Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

**Law Office of Paul A. Pagano, P.C.**



March 9, 2022

**VIA ECF**
The Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

  Re: *Malcolm v. The City of New York*
     20-cv-09641(ALC)

Dear Judge Carter:

  This letter is written to respectfully advise the Court of Plaintiffs' forthcoming motion for reconsideration/clarification pursuant to Local Civil Rule 6.3 and FRCP 59(e) and to request a pre-motion conference seeking permission to move to amend Plaintiffs' first amended complaint ("FAC"). Docket Entry ("D.E.") 26.

## MOTION FOR RECONSIDERATION/CLARIFICATION

  Local Civil Rule 6.3 requires that a party seeking reconsideration serve a notice of motion with a memorandum of law "setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." Under FRCP 59(e) in order to be granted reconsideration the moving party must point to controlling decisions or data that the court overlooked. *Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019)

  On March 8, 2022, the Court granted, in part, Defendant's motion to dismiss Plaintiffs' FAC holding that "Plaintiffs' claims based on conduct or occurrences **before** November 17, 2018 are dismissed as time-barred under the applicable two-year statute of limitations." D.E. 67, p. 10. The basis for the Court's holding was that Plaintiffs' allegations of willfulness were too general with the Court further providing "That Malcolm, in his role as ADW, and unknown 'others' 'advised' some unknown other individual(s) about DOC's allegedly unlawful conduct is both conclusory, and much too general, to plead willfulness. Plaintiffs here allege far less than the *Whiteside*[1] plaintiff did, and there the Second Circuit held that the plaintiff failed to allege willfulness." D.E. 67, p. 6.

  Plaintiffs respectfully submit that in rendering its foregoing holding the Court overlooked the controlling data that was contained within Plaintiff Omar Malcolm's ("Malcolm") declaration which declaration the Court correctly noted was incorporated into the FAC. D.E. 67, p. 3, fn 2. In particular, Malcolm's declaration explicitly states that on April 21, 2020 he emailed Jason Dunkel, an attorney with the New York City Department of Corrections' Department of Labor Relations and Maria Guccione, the Executive Director of Labor Relations at the DOC, advising them of his unpaid overtime. D.E. 33-1, p. 1-2,¶ 4. Even more directly, Malcolm states

---
[1] Referring to *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021).

1



Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

**Law Office of Paul A. Pagano, P.C.**

> **On June 2, 2020, I sent an email to Nadine M. Pinnock, Deputy Commissioner of Human Resources for the DOC, Jason Dunkel, Maria Guccione, as well as DOC employees responsible for payroll.** Part of the email reads: 'After months and months of trying to retrieve monies owed to me by the department, I [] finally was able to track down my sign in/out sheets. These attached sheets will further detail how Assistant Deputy Warden Malcolm, Omar [has] not received unpaid overtime wages as far back as October [2019]. **This is a direct violation of the Fair Labor Standards Act.**

D.E. 33-1, p. 2, ¶ 5 (emphasis added).

Malcolm's declaration then goes on to state that after he informed Defendant about its violations of the FLSA, on August 13, 2020 Acting Assistant Chief Sherrieann Rembert emailed Malcolm and his supervisors ordering that such supervisors restrict Malcolm's ability to earn overtime for the rest of the month. D.E. 33-1, p. 2, ¶ 7.

Malcolm's foregoing statements specifically allege who he notified about violations of the FLSA (Dunkel, Guccione, and Pinnock), how he did so (by email), when he did so (April 21 and June 2, 2020), and what he said (that he complained about unpaid overtime and that he ***specifically advised Defendant that its actions were a direct violation of the Fair Labor Standards Act)***. None of the foregoing is conclusory and Plaintiffs submit same is more than sufficient to allege willfulness under any standard. Indeed, unlike *Whiteside* where the plaintiff did not allege that he complained to his managers about the situation or that his managers were aware that their actions violated or could violate the FLSA, here, Malcolm both complained to his managers and informed them *explicitly that their actions were a direct violation of the FLSA*.

Under such circumstances, Plaintiffs respectfully submit that their forthcoming motion for reconsideration should be granted and that the Court should reinstate the third year of Plaintiffs' FLSA claims.

Finally, it is unclear to Plaintiffs whether the Court's dismissal of the third year of Plaintiffs' FLSA claims is with or without prejudice. While Plaintiffs believe the third year of Plaintiffs' FLSA claims should be reinstated for the reasons set forth above, Plaintiffs would seek clarification that the dismissal is without prejudice.

## MOTION TO AMEND

As set forth above, Plaintiffs firmly believe that their allegations of willfulness are more than sufficient. Notwithstanding that, if Plaintiffs' motion for reconsideration is not granted, Plaintiffs seek leave to add even further detail regarding Defendant's ongoing willful violations of the FLSA.

It is axiomatic that under FRCP 15(b) leave to amend should be freely given when justice so requires. Such leave should be granted unless there is undue delay, bad faith, futility of the

2

Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

Law Office of Paul A. Pagano, P.C.

amendment, and most importantly resulting prejudice to the opposing party. *Canales v. Sheahan*, 12-CV-693A, at *10 (W.D.N.Y. Feb. 9, 2016). Moreover, delay without a showing of bad faith or undue prejudice should not be a basis for denial of a right to amend. *Id.* Here, Defendant cannot genuinely argue that any of the foregoing factors are present. As to the most important factor, prejudice, Courts analyze whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Wright v. Levitt*, No. 13-CV-563V, at *9 (W.D.N.Y. Oct. 18, 2016). None of those factors are present. To the extent amendment is necessary, the only impact will be to add an additional year to Plaintiffs and the putative collective's FLSA overtime claims and potentially a few additional collective members. Such additions would not result in any of the foregoing three factors particularly where an initial conference has not yet been held in this matter and no discovery has been conducted.

As to undue delay and bad faith there is no basis for Defendant to argue same. Plaintiffs believed (and still do) that the allegations in the FAC and the exhibit to it (Malcolm's declaration) are sufficient to allege Defendant's willfulness. Given the Court's decision, rendered yesterday, Plaintiffs are, in good faith, moving to reconsider and amend as soon as possible.

Moreover, it cannot be said that the amendments would be futile. If allegations pertaining to specifically who complaints were made to, how the complaints were made (by email), when the complaints were made, and that Defendant was directly told that its conduct was violating the FLSA are insufficient to allege willfulness, Defendant will add even further detail regarding Plaintiff Malcolm's and the other Plaintiffs' experiences with their unpaid overtime, Defendant's knowledge of its violations of the FLSA, and its willful ongoing violations of same.

Finally, Plaintiffs are cognizant of and wish to specifically acknowledge Rule 2D of Your Honor's rules regarding motions to dismiss. Plaintiffs understand that same is designed to facilitate discussion between the parties so as to avoid the need to move to amend complaints and as a result to stem the tide of motion practice. As to that, consistent with their forthcoming motion to reconsider, Plaintiffs genuinely believed that their original complaint supported by the Malcolm declaration incorporated therein was sufficient to allege willfulness and thus did not choose to amend their complaint. To the extent the Court ultimately holds otherwise, Plaintiffs respectfully request that the Court consider the lenient amendment standard and the fact that discovery has not yet taken place in this case in granting Plaintiffs leave to amend.

Respectfully submitted,
Law Office of Paul A. Pagano, P.C.

By: *Paul Pagano*
Paul A. Pagano, Esq.
*Incoming Attorneys for Plaintiffs*
100 Duffy Street, Suite 510
Hicksville, NY 11801
(917) 589-1479

cc: All Counsel of Record (VIA ECF)