UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
OMAR MALCOLM, KARVEN ALCINDOR, ANTHONY    Case No:  20-cv-09641(ALC)
APONTE, SHIRLENE BLAIR, DERYCK CHARLES,
LATIF CORNELIUS, LANAE CURRY, JOSE DEJESUS,
SHAKIYNA ESPINO, ROBERTO FERNANDEZ,
VLAJEMY FRANCOIS, CRYSTAL GARNETT, CHANTEL
GOUVEIA, APRIL HERNEY-KOSAKOWSKI, TAMELLE
HILLIARD, YOLANDA HOLMES, MONIQUE JOHNSON,
KEYSHA LEWIS, CAROLYN MARAJ, HUZIRAN
MOZEB, ZHIHUI PU, DAVID RUDDOCK, MYRLINE
ULYSSES, and BRICE WILLIAMS, individually and on
behalf of all others similarly situated,

**Hon. Andrew L. Carter, Jr.**

Plaintiffs,

-against-

THE CITY OF NEW YORK,

Defendant.
------------------------------------------------------------------------X

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION/VACATION/RELIEF/AMENDMENT

Law Office of Paul A. Pagano, P.C.      Law Offices of Jason L, Abelove, P.C.
*Attorneys for Plaintiffs*           *Attorneys for Plaintiffs*
100 Duffy Ave, Suite 510         666 Old Country Road, Suite 303
Hicksville, NY 11801            Garden City, NY 11530
(917) 589-1479               (516) 222-7000

Law Offices of Yale Pollack, P.C.
66 Split Rock Road
Syosset, New York 11791
(516) 634-6340

Of Counsel:   Paul A. Pagano, Esq.
              Jason Abelove, Esq.
              Yale Pollack, Esq.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

PROCEDURAL HISTORY .......................................................................................................... 2

STATEMENT OF FACTS FROM FAC ....................................................................................... 4

ARGUMENT ................................................................................................................................ 7

I.  PERTINENT STANDARDS ................................................................................................... 7

II. RESPECTFULLY, THE COURT SHOULD RECONSIDER THE PORTION OF ITS ORDER THAT DISMISSED THE PLAINTIFFS' FLSA CLAIMS TO THE EXTENT THEY ARE BASED ON CONDUCT PRE-DATING NOVEMBER 17, 2018 ...................................... 8

A. Court Holdings ........................................................................................................................ 8

B. Plaintiffs' Allegations Are Not Conclusory ........................................................................... 9

C. The Allegations In The FAC Are More Substantial Than in *Whiteside* ................................ 12

III. TO THE EXTENT THE COURT DISMISSED THE PLAINTIFFS' FLSA CLAIMS BASED ON CONDUCT PRE-DATING NOVEMBER 17, 2018 WITH PREJUDICE THE COURT SHOULD RECONSIDER SUCH HOLDING AND/OR PLAINTIFFS SHOULD BE GIVEN LEAVE TO AMEND THE FAC .................................................................................... 14

CONCLUSION ........................................................................................................................... 17

7074733.1

# TABLE OF AUTHORITIES

## CASES

*Canales v. Sheahan*, No. 12-CV-693A, 2016 U.S. Dist. LEXIS 15768 (W.D.N.Y. Feb. 9, 2016) ...................................................................................................................................................15

*Foman v. Davis*, 371 U.S. 178 (1962) ........................................................................................15

*Mestizo v. H2 Candy & Nuts, Inc.*, No. 17CV8519 (NSR)(LMS), 2019 U.S. Dist. LEXIS 85486, (S.D.N.Y. May 21, 2019) ...........................................................................................................7

*Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2d Cir. 2013) ...................15

*Park v. FDM Grp., Inc.*, No. 16-CV-1520-LTS, 2018 U.S. Dist. LEXIS 146191 (S.D.N.Y. Aug. 28, 2018)...................................................................................................................................7, 8

*Pichardo v. Ashcroft*, 374 F.3d 46 (2d Cir. 2004). .......................................................................8

*Reich v. Waldbaum, Inc.*, 52 F.3d 35 (2d Cir. 1995) .....................................................................9

*Romero v. Anjdev Enters.*, 2017 U.S. Dist. LEXIS 19275 (S.D.N.Y. Feb. 10, 2017) .................12

*Sahiti v. Tarentum, Ltd.*, 2022 U.S. Dist. LEXIS 38785 (S.D.N.Y. Mar. 4, 2022)...................7, 8

*Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021)................................................passim

*Wright v. Levitt*, No. 13-CV-563V, 2016 U.S. Dist. LEXIS 144232 (W.D.N.Y. Oct. 18, 2016) ................................................................................................................................... 15-16

## STATUTES

29 U.S.C. § 255(a) ........................................................................................................................8

## RULES

Federal Rule of Civil Procedure 15(a)(2) ..............................................................................passim
Federal Rule of Civil Procedure 59 ......................................................................................passim
Federal Rule of Civil Procedure 60 ......................................................................................passim
Local Rule 6.3 ......................................................................................................................passim

7074733.1

Plaintiffs Omar Malcolm ("Malcolm"), Karven Alcindor ("Alcindor"), Anthony Aponte ("Aponte"), Shirlene Blair ("Blair"), Deryck Charles ("Charles"). Latif Cornelius ("Cornelius"), Lanae Curry ("Curry"), Jose DeJesus ("DeJesus"), Shakiyna Espino ("Espino"), Roberto Fernandez ("Fernandez"), Vlajemy Francois ("Francois"), Crystal Garnett ("Garnett"), Chantel Gouveia ("Gouveia"), April Herney-Kosakowski ("Herney-Kosakowski"), Tamelle Hilliard ("Hilliard"), Yolanda Holmes ("Holmes"), Monique Johnson ("Johnson"), Keysha Lewis ("Lewis"), Carolyn Maraj ("Maraj"), Huziran Mozeb ("Mozeb"), Zhihui Pu ("Pu"), David Ruddock ("Ruddock"), Myrline Ulysses ("Ulysses"), and Brice Williams ("Williams"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), respectfully submit this memorandum of law in support of Plaintiffs' motion seeking an order: (1) pursuant to Local Rule 6.3 and Federal Rules of Civil Procedure 59(e) and 60(b)(1) and (6) reconsidering, vacating, amending and/or otherwise obtaining relief from the Court's March 8, 2022 Opinion and Order ("Order," Docket Entry ("D.E.") 67); (2) permitting amendment of the first amended complaint ("FAC," D.E. 26) to the form of the proposed second amended complaint submitted herewith or another appropriate complaint; and (3) awarding such other and further relief as the Court deems just and proper.

## PRELIMINARY STATEMENT

On March 8, 2022, the Court granted, in part, Defendant The City of New York's motion to dismiss Plaintiffs' FAC holding that Plaintiffs' claims based on conduct pre-dating November 17, 2018 were time barred under the applicable two-year statute of limitations.  The Court's rationale was that the allegations in the FAC concerning willfulness were too conclusory and did not meet the standard set forth in *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021).

1

Plaintiffs respectfully submit that in reaching the foregoing holding the Court overlooked the well-pleaded allegations of the FAC (including those in Plaintiff Malcolm's declaration which were incorporated into the FAC and the email attached as an exhibit to the FAC) that sufficiently allege willfulness.  Such allegations include that Defendant was aware that Plaintiffs worked overtime hours for which they were not compensated and/or not compensated in a timely fashion, that Plaintiff Malcolm emailed the New York City Department of Corrections' ("DOC") Department of Labor Relations and the Executive Director of Labor Relations at the DOC advising them of his unpaid overtime and that Plaintiff Malcolm emailed the Deputy Commissioner of Human Resources for the DOC as well as employees responsible for payroll that he had not received overtime pay and that Defendant's failure to pay him overtime was a direct violation of the Fair Labor Standards Act ("FLSA").  Given the foregoing, Plaintiffs respectfully submit that, pursuant to Local Rule 6.3, FRCP 59(e), and FRCP 60(b)(1) and (6), the Order should be modified to reinstate Plaintiffs' claims based on conduct predating November 17, 2018, *to wit* from November 17, 2017 to November 16, 2018.  Alternatively, Plaintiffs respectfully request that they be granted leave to amend the FAC.

## **PROCEDURAL HISTORY**

On November 17, 2020, plaintiffs filed their initial complaint alleging violations of the FLSA including the delayed payment of overtime.  D.E. 1.  Thereafter, on January 11, 2021, 11 people filed consent to join forms.  D.E. 9-19.[1]  On January 12, 2021, the Defendant filed a letter seeking a pre-motion conference in connection with an anticipated motion to dismiss plaintiffs'

---

[1] A 12th consent form was filed on January 13, 2021.  D.E. 21.

7074733.1

complaint.  D.E. 20.  On January 13, 2021, plaintiffs wrote to the Court advising that they would amend their complaint.  D.E. 22.

On February 22, 2021, Plaintiffs filed the FAC.  D.E. 26.  On March 3, 2021, the Defendant filed a letter seeking a pre-motion conference in connection with an anticipated motion to dismiss the FAC.  D.E. 27.  On March 8, 2021, Plaintiffs filed their opposition letter. D.E. 29.  On March 23, 2021, the Court denied Defendant's request for a pre-motion conference and granted Defendant leave to move to dismiss the FAC.  D.E. 30.  On April 13, 2021, Defendant filed its motion to dismiss the FAC.  D.E. 31, 32.  On May 4, 2021, Plaintiffs filed their memorandum of law in opposition to Defendant's motion.  D.E. 33.  Plaintiffs also filed a declaration of Plaintiff Omar Malcolm that was incorporated by reference into the FAC.  D.E. 33-1.  On May 19, 2021, Defendant filed its reply memorandum of law.  D.E. 37.  On May 24, 2021, Plaintiffs annexed a June 2, 2020 email from Plaintiff Malcolm to Defendant to the FAC as an exhibit.  D.E. 39-1.

On March 8, 2022, the Court issued the Order which dismissed Plaintiffs' claims to the extent their FLSA claims were based on pre-November 17, 2018 conduct as the allegations in the FAC regarding willfulness were held to be too conclusory and not to the standard set forth in *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021).  D.E. 67, p. 6, 10.  The next day Plaintiffs wrote to the Court advising that they would be moving for reconsideration and respectfully requesting a pre-motion conference in connection with moving to amend the FAC. D.E. 68.

The day after that, Defendant, on consent of the Plaintiffs, wrote to the Court requesting an extension of its time to oppose Plaintiffs' request for a pre-motion conference and proposing a

3

briefing schedule for Plaintiffs' motion for reconsideration.  D.E. 69.  On March 15, 2022, the Court granted Defendant's request for an extension of time to respond to Plaintiffs' letter requesting a pre-motion conference until March 21, 2022.  D.E. 70.  On March 18, 2022, Plaintiffs submitted a letter to the Court seeking clarification as to whether the Court had approved the parties' proposed briefing schedule.  D.E. 71.  Also on March 18, 2022, the Court modified the parties' proposed briefing schedule.  D.E. 72.  On March 21, 2022, Defendant submitted its letter in opposition to Plaintiffs' request for a pre-motion conference.  D.E. 73.  On March 22, 2022, Plaintiffs submitted a letter to the Court clarifying certain items raised in the parties' March 9, 2022 and March 21, 2022 submissions.  D.E. 74.

On April 4, 2022, the Court issued an order granting Plaintiffs permission to move to amend the FAC and directing the parties to meet and confer with respect to a briefing schedule for Plaintiffs' motion to amend.  D.E.  76.  Shortly thereafter, the parties submitted a proposed briefing schedule that was subsequently approved by the Court.  D.E. 77, 78.

## STATEMENT OF FACTS FROM FAC

The following facts are taken from the FAC and bear directly on the issue of Defendant's willfulness:

o Paragraph 65. In direct violation of its own payroll policy, Defendant/DOC has repeatedly failed to pay Plaintiffs, and other similarly situated individuals, their overtime compensation earned in a particular workweek on the regular pay day for the period in which such workweek ends.  D.E. 26, p. 7;

o Paragraph 66. The Defendant/DOC has engaged in a widespread practice of delaying the payment of overtime compensation to the Plaintiffs and other similarly situated individuals for one pay period or more.  D.E. 26, p. 7;

o Paragraph 77. Defendant/DOC required overtime work. Defendant/DOC is aware that Plaintiffs, the Late Paid Overtime Collective and the Unpaid Overtime Collective worked

7074733.1

overtime and despite that knowledge did not pay them or paid them in an untimely fashion.  D.E. 26, p. 48;

o   Paragraph 78. Defendant/DOC's unlawful conduct is widespread, repetitious, and consistent affecting Plaintiffs, the Late Paid Overtime Collective and the Unpaid Overtime Collective.  D.E. 26, p. 48;

o   Paragraph 101. Throughout the past three (3) years up to and including present, Plaintiff Malcolm has submitted several complaints about Defendant's failure to pay overtime timely and indeed at all.  D.E. 26, p. 51;

o   Paragraph 102. Plaintiff Malcolm has submitted numerous complaints through, *inter alia*, several verbal and written communications with his assigned timekeepers, the central timekeeping unit, payroll department and his superiors.  D.E. 26, p. 51;

o   Paragraph 103. Plaintiff Malcolm's complaints about his late/unpaid overtime in violation of the FLSA went ignored or worse.  D.E. 26, p. 51;

o   Paragraph 112. Subsequent to his improper transfer, Plaintiff Malcolm continued to complain by, *inter alia*, on December 29, 2019 sending a lengthy email regarding unpaid/late paid overtime.  D.E. 26, p. 52;

o   Paragraph 117. Notwithstanding the foregoing harassing procedures and Plaintiff Malcolm's complaints, Defendant continued to pay Plaintiff Malcolm's overtime late or not at all.  D.E. 26, p. 53;

o    Paragraph 118.  On August 13, 2020, Acting Assistant Chief Sherrieann Rembert emailed Plaintiff Malcolm and his superiors stating "Restrict ADW Malcolm for the remaining [sic] of the month[.]" referring to restricting him from earning overtime.  D.E. 26, p. 53;

o   Paragraph 121. Given the extremely unfair and pervasive actions being perpetrated by Defendant, Plaintiff Malcolm's warden attempted to assist by contacting Ms. Baker and Ms. Rembert. Unfortunately, Plaintiff Malcolm's issues continued.  D.E. 26, p. 54;

o   Paragraph 122.  Thereafter, Plaintiff Malcolm proceeded to contact and file a complaint with the DOC's Labor Relations Unit.  D.E. 26, p. 54;

o   Paragraph 123. Mr. Jason Dunkel and Ms. Maria Guccione, labor relations staff, responded via email on one occasion and provided that they would look into Plaintiff Malcolm's issues and get back to him. However, his complaints were never resolved via the labor relations unit, payroll department, human resources division or otherwise. D.E. 26, p. 54;

5

o   Paragraph 125. Plaintiff Malcolm has been complaining vociferously about Defendant's violations of the FLSA since at least November 2016 with complaints ramping up from mid-late 2019 to present as the Defendant/DOC's violations of the FLSA have become more frequent and widespread.  D.E. 26, p. 54;

o   Paragraph 126. As set forth above, Plaintiff Malcolm's complaints have been frequent and both verbal and in writing.  D.E. 26, p. 54;

o   Paragraph 127.  As a direct result of his complaints, Plaintiff Malcolm has, *inter alia*, been improper transferred from AMKC to RNDC directly impacting his ability to earn overtime, has been subjected to improper overtime restrictions, has been forced to take unnecessary and harassing steps to prove the amount of overtime he has worked (e.g. being forced to utilize surveillance footage and have his warden vouch for his overtime worked), and has been repeatedly harassed by Defendant. No one else was subjected to, *inter alia*, an improper transfer, draconian time keeping methodologies or the level of harassment Plaintiff Malcolm has experienced, including but not limited to, those who have not complained about violations of the FLSA.  D.E. 26, p. 54-55;[2]

o   Paragraph 4 of Malcolm declaration incorporated into FAC.  On April 21, 2020, I sent an email to Jason Dunkel, an attorney with the New York City Department of Corrections' ("DOC") Department of Labor Relations, and Maria Guccione, the Executive Director of Labor Relations at the DOC, advising them of a "Payroll Complaint" which I "tried to rectif[y]" on my own "to no avail." The April 21, 2020 email makes reference to overtime worked but not paid in October 2019, January 2020 and February 2020.  D.E. 33-1, p. 1-2;

o   Paragraph 5 of Malcolm declaration incorporated into FAC.  On June 2, 2020, I sent an email to Nadine M. Pinnock, Deputy Commissioner of Human Resources for the DOC, Jason Dunkel, Maria Guccione, as well as DOC employees responsible for payroll. Part of the email reads: "After months and months of trying to retrieve monies owed to me by the department, I[] finally was able to track down my sign in/out sheets. These attached sheets will further detail how Assistant Deputy Warden Malcom, Omar [has] not received unpaid overtime wages as far back as October [2019]. **This is a direct violation of the Fair Labor Standards Act.**"  D.E. 33-1, p. 2 (emphasis added);

o   Paragraph 7 of Malcolm declaration incorporated into FAC.  On August 13, 2020, less than two months after I complained of the FLSA violation, Acting Assistant Chief Sherrieann Rembert emailed me and my superiors ordering "Restrict ADW Malcolm for the remaining [sic] of the month[.]" referring to restricting me from earning overtime.  D.E. 33-1, p. 2; and

---

[2] Given the Court's reference to paragraphs 67, 79, 85, 91 of the FAC being too conclusory, Plaintiffs have not included them herein.  D.E. 67, p. 6.

    o   The June 2, 2020 email referenced in the FAC and in the Malcolm declaration
incorporated into the FAC and attached as an exhibit to the FAC specifically advises the
Defendant that its failure to pay Plaintiff Malcolm his overtime wages is a direct violation
of the FLSA.  D.E. 39-1.

## ARGUMENT

## I. PERTINENT STANDARDS

The instant motion seeks relief pursuant to Local Rule 6.3, FRCP 59(e), FRCP 60(b)(1)

and (6), and FRCP 15(a)(2).  "Motions for reconsideration under Local Rule 6.3 are committed

to the sound discretion of the district court" and require the moving party to "point to controlling

decisions or data that the court overlooked[.]"  *Mestizo v. H2 Candy & Nuts, Inc.*, No. 17CV8519

(NSR)(LMS), 2019 U.S. Dist. LEXIS 85486, at *2 (S.D.N.Y. May 21, 2019)(internal quotation

marks omitted).  The movant must demonstrate that "the controlling law or factual matters might

reasonably be expected to alter the [C]ourt's decision."  *Sahiti v. Tarentum, Ltd.*, 2022 U.S. Dist.

LEXIS 38785, at *4 (S.D.N.Y. Mar. 4, 2022)(internal quotation marks omitted).

"Reconsideration may be granted to correct clear error, prevent manifest injustice or review the

court's decision in light of the availability of new evidence." *Mestizo*, 2019 U.S. Dist. LEXIS

85486, at *2.

FRCP 59(e) entitled "MOTION TO ALTER OR AMEND A JUDGMENT" provides that

"A motion to alter or amend a judgment must be filed no later than 28 days[3] after the entry of the

judgment."  "Rule 59(e) motions are granted to correct clear error, prevent manifest injustice or

review the court's decision in light of the availability of new evidence[.]"  *Park v. FDM Grp.,

Inc.*, No. 16-CV-1520-LTS, 2018 U.S. Dist. LEXIS 146191, at *2 (S.D.N.Y. Aug. 28,

---

[3] The parties agreed that should the Court adopt the parties' proposed briefing schedule,
Defendant would waive any argument as to timeliness.  *See e.g.* D.E. 72, p. 1, fn. 1.  In any
event, this motion is made within the time limits set forth in FRCP 59 and FRCP 60.

7074733.1

2018)(internal quotations omitted).  Similarly FRCP 60(b)(1) and (6) motions allow a Court to relieve a party from an order due to mistake, inadvertence, surprise, or excusable neglect or any other reason that justifies relief.  *Park*, 2018 U.S. Dist. LEXIS 146191 at *2-3.  Notably, Rule 60(b)(6) has been described as "a grand reservoir of equitable power to do justice in a particular case." *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004).

While the standards for reconsideration are strict,[4] for the reasons set forth herein, Plaintiffs believe they are met.

Moreover, should the Court not reinstate Plaintiffs' FLSA claims predicated on actions pre-dating November 17, 2018, Plaintiffs respectfully request that they be permitted to amend their FAC pursuant to FRCP 15(a)(2).  It is well settled that FRCP 15(a)(2) permits a plaintiff to amend the pleadings with leave of the Court or consent of the opposing party.  Further, FRCP 15 (a)(2) provides that leave to amend a complaint should be freely given when, as here, justice so requires.

## II. RESPECTFULLY, THE COURT SHOULD RECONSIDER THE PORTION OF ITS ORDER THAT DISMISSED THE PLAINTIFFS' FLSA CLAIMS TO THE EXTENT THEY ARE BASED ON CONDUCT PRE-DATING NOVEMBER 17, 2018

### A. Court Holdings

FLSA claims are governed by a two-year statute of limitations except that causes of action arising out of willful violations are subject to a three-year statute of limitations.  29 U.S.C. § 255(a).

After reviewing the FAC for allegations of the Defendant's willfulness, the Court held that

---

[4] *See e.g. Sahiti*, 2022 U.S. Dist. LEXIS 38785, at *4.

7074733.1

> Plaintiffs allege that the DOC willfully failed to pay overtime compensation at all, or in a timely manner.  Compl. ¶¶ 67, 79, 85, 91. Such general allegations are insufficient to adequately plead willfulness for statute of limitations purposes in this Circuit. The Court cannot reasonably infer willfulness from bare allegations without additional factual content. That Malcolm, in his role as ADW, and unknown "others" "advised" some unknown other individual(s) about DOC's allegedly unlawful conduct is both conclusory, and much too general, to plead willfulness. Plaintiffs here allege far less than the *Whiteside* plaintiff did, and there the Second Circuit held that the plaintiff failed to allege willfulness. *Whiteside*, 995 F.3d at 324-25. The two-year statute of limitations controls the FLSA claims here. Consequently, Plaintiffs' claims based on conduct occurring before November 17, 2018—two years before the date the original complaint was filed—are dismissed.

D.E. 67, p. 6.

In brief, the Court dismissed Plaintiffs' claims based on conduct pre-dating November 17, 2018 based on: (1) its conclusion that the allegations in the FAC concerning willfulness were too conclusory, citing to ¶¶ 67, 79, 85 and 91 of the FAC; and (2) its conclusion that the allegations in the FAC concerning willfulness were far less than the plaintiff's in *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315 (2d Cir. 2021) where the Court found that the plaintiff had not sufficiently alleged willfulness.

**B. <u>Plaintiffs' Allegations Are Not Conclusory</u>**

Plaintiffs respectfully submit that the Court overlooked factual allegations, set forth above, that provide substantial detail regarding the fact that the Defendant "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995); D.E. 67, p. 5-6.  For example, paragraph 77 of the FAC alleges that Defendant required Plaintiffs and the putative collective members to work overtime, that Defendant was aware of the overtime worked and that notwithstanding that

9

7074733.1

awareness did not pay Plaintiffs or the putative collective members their overtime or paid them in an untimely fashion.  D.E. 26, p. 48.  As other examples, paragraphs 101, 102, 103, 112, 117, 118, 121, 122, 123, 125 and 127 of the FAC detail the numerous verbal and written complaints Plaintiff Malcolm has made to his superiors, the DOC's Labor Relations Unit, the DOC's payroll department, and the DOC's human resources department since November 2016 as well as the repercussions he has suffered as a result of his complaints.  D.E. 26, p. 51-55.  Such allegations set forth the time frames and dates of complaints regarding unpaid/late paid overtime (e.g. November 2016-mid-late 2019, December 29, 2019, and August 13, 2020), the methods of complaint (verbal and email), and the individuals and departments who received the complaints (assigned timekeepers, the central timekeeping unit, the payroll department, superiors, Acting Assistant Chief Sherriean Rembert, Plaintiff Malcolm's warden, and Mr. Jason Dunkel and Ms. Maria Guccione from the DOC's labor relations staff).

In addition to the foregoing detailed allegations, on May 4, 2021, Plaintiff Malcolm filed a declaration that he requested be incorporated into the FAC.  D.E. 33-1.

As set forth above, in paragraph 4 of the declaration, Plaintiff Malcolm alleges

> On April 21, 2020, I sent an email to Jason Dunkel, an attorney with the New York City Department of Corrections' ("DOC") Department of Labor Relations, and Maria Guccione, the Executive Director of Labor Relations at the DOC, advising them of a "Payroll Complaint" which I "tried to rectif[y]" on my own "to no avail." The April 21, 2020 email makes reference to overtime worked but not paid in October 2019, January 2020 and February 2020.

D.E. 33-1, p. 1-2.

In paragraph 5 of the declaration, Plaintiff Malcolm alleges

7074733.1

> On June 2, 2020, I sent an email to Nadine M. Pinnock, Deputy Commissioner of Human Resources for the DOC, Jason Dunkel, Maria Guccione, as well as DOC employees responsible for payroll. Part of the email reads: "After months and months of trying to retrieve monies owed to me by the department, I[] finally was able to track down my sign in/out sheets. These attached sheets will further detail how Assistant Deputy Warden Malcom, Omar [has] not received unpaid overtime wages as far back as October [2019]. **This is a direct violation of the Fair Labor Standards Act.**"

D.E. 33-1, p. 2 (emphasis added).

In paragraph 7 of the declaration Plaintiff Malcolm alleges

> On August 13, 2020, less than two months after I complained of the FLSA violation, Acting Assistant Chief Sherrieann Rembert emailed me and my superiors ordering "Restrict ADW Malcolm for the remaining [sic] of the month[.]" referring to restricting me from earning overtime.

D.E. 33-1, p. 2.

Rather than being conclusory, the foregoing allegations provide who Plaintiff Malcolm notified about violations of the FLSA (Dunkel, Guccione, and Pinnock), how he did so (by email), when he did so (April 21, 2020 and June 2, 2020), and what he said (that he complained about unpaid overtime and that he *specifically advised Defendant that its actions were a direct violation of the Fair Labor Standards Act)*.

In addition to the allegations in the body of the FAC and in the declaration incorporated into the FAC, on May 24, 2021, Plaintiffs filed the June 2, 2020 email referenced in the FAC and explicitly quoted in Plaintiff Malcolm's declaration as an exhibit to the FAC.  D.E. 39, 39-1. With respect to the email, the Court provided

> On May 24, 2021, Plaintiffs filed this exhibit to be appended to the amended complaint. Courts may consider "the documents attached to the complaint as exhibits, and any documents incorporated in

the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted).

D.E. 67, p. 3, fn. 2.

The email from Plaintiff Malcolm to, *inter alia*, Pinnock, Dunkel, and Guccione provides, in pertinent part, "After months and months of trying to retrieve monies owed to me by the department, I've finally was able to track down my sign in/out sheets. These attached sheets will further detail how Assistant Deputy Warden Malcolm, Omar #134 have not received unpaid overtime wages as far back as October. This is a direct violation of the Fair Labor Standards Act." D.E. 39-1.

Given the foregoing allegations, a three-year statute of limitations should apply to Plaintiffs' FLSA claims. *See e.g. Romero v. Anjdev Enters.*, 2017 U.S. Dist. LEXIS 19275, at *22-23 (S.D.N.Y. Feb. 10, 2017)(applying three-year statute of limitations where, as here, Defendants had actual knowledge of their obligations under the FLSA).

**C.** **The Allegations In The FAC Are More Substantial Than in *Whiteside***

In *Whiteside* the Court held "that the mere allegation of willfulness is insufficient to allow an FLSA plaintiff to obtain the benefit of the three-year exception at the pleadings stage. Rather, a plaintiff must allege facts that permit a plausible inference that the defendant willfully violated the FLSA for that exception to apply." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 323 (2d Cir. 2021). In deciding that Whiteside had not sufficiently alleged willfulness the Court seized on, *inter alia*, the fact that Whiteside did not allege that he ever complained about the situation to his managers, Whiteside failed to allege any details regarding whether his managers said anything to him suggesting an awareness of the impropriety of the managers' actions, and

12

that Whiteside failed to allege that his managers acted in any manner suggesting an awareness that their actions violated or could violate the FLSA. *Whiteside*, 995 F.3d at 324. By contrast, here, Plaintiff Malcolm alleges that he complained to his superiors. Indeed, Plaintiff Malcolm alleges that he has submitted numerous written and verbal complaints to his assigned timekeepers, the central timekeeping unit, the payroll department and his superiors, even providing the dates/time frames of those complaints and the names of some of the individuals he complained to including Acting Assistant Chief Sherriean Rembert and Mr. Jason Dunkel and Ms. Maria Guccione who are labor relations staff. D.E. 26, p. 51-55, ¶ 101, 102, 103, 112, 117, 118, 121, 122, 123, 125 and 127. Notably, Malcolm alleges that his complaints date back to at least November 2016, putting Defendant on notice of its FLSA violations even before the third year of Plaintiffs' FLSA claims that is the subject of this motion for reconsideration, 2017. D.E. 26, p. 54, ¶ 125. In addition to the foregoing allegations contained in the body of the FAC, the allegations contained in the Malcolm declaration annexed to the FAC also set forth that Plaintiff Malcolm complained to his superiors. D.E. 33-1, p. 1-2, ¶ 4, 5, 7. Further, the email attached to the FAC as an exhibit is an actual complaint to Plaintiff Malcolm's superiors/Defendant. D.E. 39-1.

Unlike the plaintiff in *Whiteside*, Plaintiff Malcolm also alleged that his superiors/Defendant were aware that their actions violated the FLSA. At ¶ 122 and 123 of the FAC, Plaintiff Malcolm alleges that he filed a complaint about his unpaid/late paid overtime with the DOC's Labor Relations Unit and that Dunkel and Guiccione advised that they would look into the issues regarding unpaid/late paid overtime and get back to him. D.E. 26, p. 54. At paragraph 77 of the FAC, Plaintiffs allege that Defendant required overtime work, was aware

13

7074733.1

that Plaintiffs and the collective members worked overtime and that despite that knowledge did not pay them or paid them in an untimely fashion.  D.E. 26, p. 48.  In addition to the foregoing allegations in the body of the FAC, the Malcolm declaration incorporated into the FAC provides that he directly emailed Dunkel, Guiccione, Pinnock (Deputy Commissioner of Human Resources for the DOC) and employees responsible for payroll that Defendant's failure to pay his overtime wages as far back as October 2019 was "**a direct violation of the Fair Labor Standards Act.**"  D.E. 33-1, p. 2 (emphasis added).  And again, the email attached to the FAC as an exhibit is concrete evidence of a complaint to Defendant that expressly advises it that its actions are violating the FLSA.  D.E.  39-1.

In sum, the allegations set forth in the body of the FAC, the allegations incorporated into the FAC by the Malcolm declaration, and the email exhibit attached to the FAC, are each more substantial than those set forth in *Whiteside* and, taken together, are far more substantial than those in *Whiteside*.

### III. TO THE EXTENT THE COURT DISMISSED THE PLAINTIFFS' FLSA CLAIMS BASED ON CONDUCT PRE-DATING NOVEMBER 17, 2018 WITH PREJUDICE THE COURT SHOULD RECONSIDER SUCH HOLDING AND/OR PLAINTIFFS SHOULD BE GIVEN LEAVE TO AMEND THE FAC

The Order provides that "Plaintiffs' claims based on conduct or occurrences **before** November 17, 2018 are dismissed as time-barred under the applicable two-year statute of limitations."  D.E. 67, p. 10.  The Order is silent with respect to whether the dismissal is with or without prejudice.  To the extent the dismissal is with prejudice, Plaintiffs respectfully submit that same represents error and that Plaintiffs should be permitted leave to amend the FAC to the

14

form of the concurrently submitted proposed second amended complaint ("SAC")[5] to add further

allegations concerning the Defendant's willful violations of the FLSA.  *See e.g. Nakahata v.*

*N.Y.-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198-199 (2d Cir. 2013)(finding that

District Court abused its discretion in not permitting plaintiffs to file an amended complaint

where plaintiffs were not provided an opportunity to seek leave to amend in response to the

District Court's order of dismissal).

Initially, it is well settled that where possible claims should be decided on their merits.

*Foman v. Davis*, 371 U.S. 178, 182 (1962)("If the underlying facts or circumstances relied upon

by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his

claim on the merits.")

Moreover, it is axiomatic that under FRCP 15(a)(2) leave to amend should be freely

given when justice so requires.  Such leave should be granted unless there is undue delay, bad

faith, futility of the amendment, or most importantly resulting prejudice to the opposing party.

*Canales v. Sheahan*, No. 12-CV-693A, 2016 U.S. Dist. LEXIS 15768, at *12 (W.D.N.Y. Feb. 9,

2016).  Moreover, delay without a showing of bad faith or undue prejudice should not be a basis

for denial of a right to amend.  *Id.*  Here, Defendant cannot genuinely argue that any of the

foregoing factors are present.  As to the most important factor, prejudice, Courts analyze whether

the amendment would: "(i) require the opponent to expend significant additional resources to

conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or

(iii) prevent the plaintiff from bringing a timely action in another jurisdiction."  *Wright v. Levitt*,

---

[5] Attached to the concurrently submitted Pagano declaration ("Pagano Dec.") as Exhibit 1 is the proposed SAC.  Exhibit 2 to the Pagano Dec. is a redlined comparison document between the FAC and SAC.

7074733.1

No. 13-CV-563V, 2016 U.S. Dist. LEXIS 144232, at *13-14 (W.D.N.Y. Oct. 18, 2016).  None

of those factors are present.  To the extent amendment is necessary, Plaintiffs are merely adding

and collating allegations regarding the Defendant's willful violations of the FLSA.  Pagano Dec.,

Exhibit 1, p. 48-50, ¶ 82-94.  Such allegations would not result in any of the foregoing three

factors particularly where an initial conference has not yet been held in this matter and no

discovery has been conducted.

     As to undue delay and bad faith there is no basis for Defendant to argue same.  Plaintiffs

believed (and still do) that the allegations in the FAC, Malcolm's declaration incorporated

therein, and the exhibit attached thereto, are sufficient to allege Defendant's willfulness.

However, if, upon reconsideration, such allegations are considered insufficient, Plaintiffs' instant

motion seeking leave to amend is made in good faith shortly after the Court's Order.

     Moreover, it cannot be said that the proposed amendments would be futile.  The added

allegations collate the allegations from the FAC, the Malcolm declaration incorporated into the

FAC and the email attached as an exhibit to the FAC as well as additional allegations to

unquestionably demonstrate that Defendant was well are of the fact that its actions of not paying

overtime and/or paying overtime late violated the FLSA.  Pagano Dec., Exhibit 1, p. 48-50, ¶ 82-

94.

     Finally, Plaintiffs would like to address the potential impact that Rule 2D of Your

Honor's individual rules may have on this motion.  Same provides that

> i. During a pre-motion conference to discuss a motion to dismiss,
> the non-moving party must advise the Court and its adversary
> whether it intends to file an amended pleading based on the pre-
> motion conference letter, and if so, when it will do so. If the party
> amends, the opposing party may then: (a) file an answer or (b)

7074733.1

submit a letter stating that it still intends to file a motion to dismiss. No further requests for a pre-motion conference are necessary.

ii. If the non-moving party elects not to amend its complaint and the motion to dismiss is granted, **it is unlikely that the Court will grant the non-moving party leave to amend.**

Plaintiffs understand that the Rule is designed to facilitate discussion between the parties so as to avoid the need to move to amend complaints and as a result to stem the tide of motion practice. That said, Plaintiffs would respectfully note two things. First, there was no pre-motion conference held on Defendant's motion to dismiss the FAC. D.E. 30. Second, *Whiteside*, which represents a sea change in the decisional law regarding the pleading of willfulness and appears to have heightened the pleading standard for willfulness was not decided until April 27, 2021 which was after the FAC was filed (2/22/21, D.E. 26), after the pre-motion letters were submitted (3/3/21 and 3/8/21, D.E. 27, 29), after the request for a pre-motion conference was denied and Defendant was given leave to move to dismiss the FAC (3/23/21, D.E. 30), after Defendant's moving papers were filed (4/13/21, D.E. 31) and just 7 days before Plaintiffs' opposition was filed (5/4/21, D.E. 33). While Plaintiffs firmly believe that the FAC meets the standard discussed in *Whiteside*, *Whiteside* was not available at the time Plaintiffs would have contemplated amending the FAC without motion practice (e.g. right after Defendant's March 3, 2021 letter requesting a pre-motion conference).

## CONCLUSION

For the reasons set forth above, Plaintiffs' instant motion seeking reconsideration/vacation/relief should be granted in its entirety and/or Plaintiffs should be granted leave to amend their FAC and Plaintiffs should be granted such other and further relief as the Court deems proper.

17

7074733.1

Dated:  April 5, 2022
        Hicksville, New York

Law Office of Paul A. Pagano, P.C.

By: *Paul Pagano*
_____

Paul A. Pagano, Esq.
*Attorneys for Plaintiffs*
100 Duffy Avenue, Suite 510
Hicksville, NY 11810
(917) 589-1479

18

7074733.1