UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OMAR MALCOLM, et al., individually and on behalf of all other persons similarly situated,<br><br>        *Plaintiffs*,<br>  -against-<br><br>THE CITY OF NEW YORK,<br><br>        *Defendant*. | 20-cv-09641 (ALC)<br><br>__OPINION & ORDER__ |

**ANDREW L. CARTER, JR., United States District Judge:**

  Plaintiff Omar Malcolm and 23 other Named Plaintiffs are City of New York employees and bring this collective action pursuant to the Fair Labor Standards Act (29 U.S.C. §§ 201 et. seq., "FLSA") against the City, alleging failure to pay Plaintiffs overtime wages in violation of the FLSA. If a defendant is deemed to have committed willful violations of the FLSA, a plaintiff is entitled to a three-year statute of limitations, rather than the standard two-year statute of limitations. 29 U.S.C. § 255(a). Since Defendant claims that Plaintiffs have failed to allege willful violations, Defendant seeks the dismissal with prejudice of (1) claims beyond November 17, 2018 as time-barred; and (2) claims of any plaintiff who failed to plead facts, arising before November 17, 2018. *Id.* Defendant's Motion, ECF No. 91, is **DENIED**.

BACKGROUND

  **I.**  **Statement of Facts**

 The Court assumes the parties' familiarity with the facts as alleged in the original complaint. *See* ECF No. 1. Plaintiffs are Correction Officers, Captains, and Assistant Deputy Wardens ("ADW"), who are currently assigned to work in various facilities or divisions of the New York City Department of Corrections ("DOC"). Second Amended Complaint ("SAC"), ECF No. 80-2 at 2. The City utilizes a timekeeping technology called CityTime. *Id.* at ¶

1

61. As relevant here, the SAC contains allegations that the City of New York violated the FLSA (29 U.S.C. §§ 201 et. seq.) when Defendant failed to pay AWDs, Captains, and Correction Officers overtime wages at all, or in a timely manner, at the rate of one and one-half times their regular rate of pay, at any time within the three year period immediately preceding the filing of the initial complaint on November 17, 2020 and up to the time of trial. *Id.* at ¶ 72. On October 18, 2021, the parties agreed to toll the collective members' statute of limitation to August 23, 2021. ECF No. 55.

## II. Procedural History

Plaintiffs filed their initial complaint on November 17, 2020 against Defendant the City of New York. ECF No. 1. Plaintiffs then filed their FAC on February 22, 2021, and their SAC on April 5, 2022. ECF Nos. 26, 80-2. Plaintiffs allege Defendant violated the FLSA by not paying earned overtime at all, or in a timely manner, and Defendant's "unlawful conduct is widespread, repetitious, and consistent." SAC at ¶ 78.

On April 13, 2021, Defendant moved to partially dismiss Plaintiffs' FAC as time-barred. See ECF Nos. 31-32. On March 8, 2022, the Court found Plaintiffs failed to adequately allege willfulness, and dismissed Plaintiffs' claims beyond November 18, 2018. ECF No. 70. Plaintiffs then moved for reconsideration and leave to amend their Complaint. See ECF Nos. 71-83. On October 12, 2022, the Court denied Plaintiffs' motion for reconsideration, but granted leave to amend. See ECF No. 89. Plaintiffs' SAC included new "willfulness" allegations. See SAC at ¶¶ 82-94.

Before the Court is Defendant's motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). On October 21, 2022, Defendant moved for partial dismissal. ECF No. 91. On November 14, 2022, Plaintiffs filed their response. ECF No. 95. Defendant did not file a

reply. Defendant seeks dismissal with prejudice of (1) claims beyond November 17, 2018 as time-barred; and (2) claims of any plaintiff who failed to plead facts, arising after November 17, 2018. ECF No. 91. For the reasons stated herein, Defendant's motion for partial summary judgment is hereby **DENIED**.

## STANDARD OF REVIEW

### I. Federal Rules of Civil Procedure 12(b)(6)

When considering a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985). The Court should not dismiss the complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Moreover, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663.

Deciding whether a complaint states a plausible claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 678-79 (2009) (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

### I. Defendant's Motion to Dismiss Third-Year Claims Is Denied.

Plaintiffs allege their employer, the City of New York, (1) did not pay them overtime worked; and (2) issued late payments for overtime worked. If a defendant is deemed to have committed willful violations of the FLSA, a plaintiff is entitled to a three-year statute of limitations, rather than the standard two-year statute of limitations. 29 U.S.C. § 255(a). In accordance with the FLSA, plaintiffs are entitled to liquidated damages equal in amount to actual damages. *Barfield v. N.Y. City Health & Hosps. Corp.*, 537 F.3d 132, 150 (2d Cir. 2008). However, district courts have the discretion to deny liquidated damages where "the employer shows that, despite its failure to pay appropriate wages, it acted in subjective 'good faith' with objectively 'reasonable grounds' for believing that its acts or omissions did not violate the FLSA." *Id*. (quoting 29 U.S.C. § 260). "The employer bears the burden of proving good faith and reasonableness, but the burden is a difficult one, with double damages being the norm and single damages the exception." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 142 (2d Cir. 1999). "To establish 'good faith,' a defendant must produce plain and substantial evidence of at least an honest intention to ascertain what the Act requires and to comply with it." *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997) (internal quotation marks and citation omitted). An employer may demonstrate "good faith" by showing that it took "active steps to ascertain the dictates of the FLSA and then act[ed] to comply with them." *Barfield*, 537 F.3d at 150.

"[A] plaintiff must allege facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Whiteside v. Hover-Davis, Inc.*, 995 F.3d 315, 320 (2d Cir. 2021). "[T]o prove a willful violation of the FLSA within the meaning of § 255(a), it must be established that the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Parada v. Banco Indus. De Venez.*, 753 F.3d 62, 71 (2d Cir. 2014) (quoting *Reich v. Waldbaum, Inc.*, 52 F.3d 35, 39 (2d Cir. 1995)). "[M]ere negligence on the part of an employer is not enough to establish willfulness." *Adams v. City of New York*, No. 16-CV-3445 (RA), 2021 WL 1791182, at *11 (S.D.N.Y. May 5, 2021).

Here, Plaintiffs amended their Complaint to add allegations of willfulness in support of their three-year FLSA exception. SAC at ¶¶ 82-94. Because Plaintiff Malcolm has made sufficient allegations that he made DOC aware of issues with unpaid or untimely paid overtime, Defendant's motion to partially dismiss claims exceeding the two-year statute of limitations is denied. In their SAC, Plaintiffs allege Mr. Malcolm made complaints to DOC "early and often, dating back to early 2016 and increasing in ferocity as Defendant's willful actions become more widespread and frequent." *Id.* at ¶ 87. Mr. Malcolm alleges he "submitted numerous complaints through, *inter alia*, several verbal and written communications with his assigned timekeepers, the central timekeeping unit, payroll department and his superiors. *Id.* at ¶ 115. Mr. Malcolm allegedly filed a complaint about unpaid overtime with DOC's Labor Relations Unit and had multiple email exchanges with the Mr. Jason Dunkel, a unit attorney, and Ms. Maria Guccione, the Executive Director of Labor Relations at the DOC. *Id*. at ¶¶ 88-89. However, these exchanges are not attached to the Complaint. Plaintiffs have provided a June 2, 2020 email from Mr. Malcolm to Nadene M. Pinnock, Deputy Commissioner of Human Resources for the DOC and

5

others, in which Mr. Malcolm claims he had "not received unpaid overtime wages as far back as October. This is a direct violation of the Fair Labor Standards Act." See ECF No. 39-1. Plaintiffs allege Mr. Malcolm repeatedly raised issues about overtime with Defendant over a number of years. Yet Plaintiffs have attached only one email in support of this contention. Although these purported communications have not been provided to the Court, Plaintiffs provide detailed accounts of persons Mr. Malcolm filed complaints with, by which means, and the alleged timeframe that these concerns were raised. *Id.* at ¶¶ 82-94. Plaintiffs have "allege[d] facts at the pleadings stage that give rise to a plausible inference that a defendant willfully violated the FLSA for the three-year exception to apply." *Whiteside*, 995 F.3d at 320.

In support of their willfulness claim, Plaintiffs claim Defendant is on notice that its practices are allegedly unlawful under the FLSA because Defendant has repeatedly been sued by city employees for similar FLSA allegations of nonpayment of overtime wages, or untimely payment of overtime wages owed. The Court may consider the existence of similar FLSA suits against the City to support the claim of willfulness required to extend the FLSA statute of limitations beyond the standard two years. *See Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir. 1988) (employer "was on actual notice of the requirements of the FLSA by virtue of its earlier [unpaid overtime] violations"). Plaintiffs' counsel has brought multiple FLSA suits against the City. *See Nell v. City of New York*, No. 19-CV-6702 (LGS), 2021 WL 2716523, at *1 (S.D.N.Y. July 1, 2021) (current and former Motor Vehicle Operators contend the City willfully violated the FLSA by failing to pay Plaintiffs for all of their overtime hours, failing to pay overtime in a timely manner, and providing overtime payments without accounting for differential pay). *See also Lynch v. City of New York*, 291 F.Supp.3d 537, 553-54 (S.D.N.Y. 2018) (finding city employees alleging untimely payment of overtime and improperly calculated

overtime pay raised triable issues of willfulness by arguing the City "was on notice of its violations given several other lawsuits under the FLSA" regarding CityTime); *Adams*, 2021 WL 1791182, at *9 (S.D.N.Y. May 5, 2021) (Fraud Investigators and Associate Fraud Investigators for the City's Human Resources Administration allege unpaid overtime and untimely payment of overtime); *Lawtone-Bowles v. City of New York*, No. 16-CV-4240 (AJN), 2020 WL 2833366, at *5 (S.D.N.Y. June 1, 2020) (citations omitted) (finding in an action brought by Motor Vehicle Operators that because the City "has been sued several times before regarding nearly identical allegations [of improperly calculated, unpaid, or delayed payment of overtime]", "a reasonable factfinder could conclude that Defendant lacked the requisite subjective good faith and objective reasonableness, and willfully violated the FLSA."); *Drayton v. City of New York*, No. 18-CV-10138 (ALC), 2023 WL 3479619, at *4 (S.D.N.Y. May 16, 2023) (collecting cases). "Courts in this Circuit have generally left the question of willfulness to the trier of fact." *Lawtone-Bowles*, 2020 WL 2833366, at *5 (citing *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 268 (E.D.N.Y. 2008)). A reasonable factfinder could conclude that Defendant violated the FLSA by not paying earned overtime at all, or in a timely manner, and that Defendant's "unlawful conduct is widespread, repetitious, and consistent." SAC at ¶ 78. In FLSA cases alleging unpaid overtime, district courts in this Circuit have repeatedly denied motions for summary judgment on willfulness, and agreed with Plaintiffs that, in part due to a history of identical FLSA lawsuits against Defendant, "[t]here is ample evidence in the record that a reasonable factfinder could weigh against Defendant on these issues." *Viera v. City of New York*, 512 F. Supp. 3d 461, 470 (S.D.N.Y. 2021); *see also Drayton*, 2023 WL 3479619, at *4 (same).

As such, Defendant's motion to dismiss claims beyond November 17, 2018 is DENIED.

## II. Defendant's Motion to Partially Dismiss Certain Opt-In Plaintiffs' Claims Is Denied.

Defendant next moves to dismiss the claims of any plaintiff in the collective action who failed to plead facts arising before November 17, 2018. Under 29 U.S.C. § 256(b), the statute of limitations runs for each individual plaintiff in two ways: (1) if the individual was a named plaintiff, the statute of limitations stops running when the original complaint was filed, or when the parties agreed to toll the statute of limitation; (2) if the individual was not a named plaintiff, the statute of limitations stops running when the individual files written consent with the Court to opt-in to the collective action. Plaintiffs filed their initial Complaint on November 17, 2018. ECF No. 1. On October 18, 2021, the parties agreed to toll the collective members' statute of limitation to August 23, 2021. ECF No. 55. Defendant argues Plaintiffs who do not have similarly situated allegations before the filing of the initial Complaint on November 17, 2018 should be dismissed. Defendant also seeks dismissal of Plaintiffs who do not have similarly situated allegations two years prior to the date they opted into the collective action, or the agreed-upon tolling date of August 23, 2021. Plaintiffs submit they do not yet know what specific time periods each of the opt-in collective members will claim they have unpaid or late paid overtime for. The Court declines to resolve these issues at this stage.

## CONCLUSION

For the foregoing reasons, Defendant's partial Motion to Dismiss, ECF No. 91, is **DENIED**.

**SO ORDERED.**

**Dated: June 30, 2023**
   New York, New York

ANDREW L. CARTER, JR.
United States District Judge