Law Offices of
# Jason L. Abelove, P.C.
666 Old Country Road
Suite 303
Garden City, New York 11530

Telephone: 516-222-7000             Facsimile: 516-542-2001
E-mail: jason@jasonabelove.com       www.JasonAbelove.com

July 15, 2024

**VIA ECF**
Hon. Andrew L. Carter
United States District Court, SDNY
40 Foley Square, Room 435
New York, NY 10007

          Re:     *Malcolm v City of New York*
                   Docket No.: 20-cv-9641

Dear Judge Carter:

       This firm along with the Law Office of Paul A. Pagano, P.C. and the Law Offices of Yale Pollack, P.C. are counsel for Plaintiffs in the above referenced matter. This letter is submitted in opposition to the request of the Moser Law Firm, P.C. ("Moser Firm") to, "submit [its] position on the proposed settlement."

       Initially, the Moser Firm was terminated as counsel by Plaintiffs in this action in February 2022. Moser's position as former counsel does not give him authority to submit a position on a proposed settlement which has been agreed to by current Plaintiffs' counsel, Defendants' counsel, and the parties. It is undisputed that the Moser Firm had nothing to do with the negotiation of the Settlement Agreement or the upcoming Motion for Settlement Approval. Indeed, Moser is not even in possession of any of the underlying discovery on which the settlement was reached. Without any data, how could he possibly "comment" on the Agreement.

       This is nothing more than the Moser Firm's attempt to recover attorneys' fees. Certainly, to the extent the Moser Firm has any right to any attorneys' fees for the period of time it was counsel, Moser is free to make whatever application he thinks is appropriate once the settlement is approved and fees are awarded. There is no reason for him to "comment" in any way on a settlement agreement in a matter in which he did not represent any party to the agreement at the time it was made.

       As for the settlement agreement, Plaintiffs will be submitting their approval motion today. In connection with the motion, we asked Mr. Moser to submit his time records and a declaration substantiating same. So far he has refused to do so.

      Finally, there is no reason for Mr. Moser to seek a delay of a settlement which impacts a Collective of 2,600 members. We will hold all attorneys' fees in escrow until this dispute is resolved so the Collective can receive its compensation.

      Thank you for your attention to this matter.

                                  Very truly yours;

                                  Jason L. Abelove

JLA:

cc:      All ECF Counsel