UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

OMAR MALCOLM, KARVEN ALCINDOR, ANTHONY APONTE, SHIRLENE BLAIR, DERYCK CHARLES, LATIF CORNELIUS, LANAE CURRY, JOSE DEJESUS, SHAKIYNA ESPINO, ROBERTO FERNANDEZ, VLAJEMY FRANCOIS, CRYSTAL GARNETT, CHANTEL GOUVEIA, APRIL HERNEY-KOSAKOWSKI, TAMELLE HILLIARD, YOLANDA HOLMES, MONIQUE JOHNSON, KEYSHA LEWIS, CAROLYN MARAJ, HUZIRAN MOZEB, ZHIHUI PU, DAVID RUDDOCK, MYRLINE ULYSSES, and BRICE WILLIAMS, individually and on behalf of all others similarly situated,

                              Plaintiffs,
        -against-

20-cv-09641 (ALC)(SDA)

Plaintiff Name:_____

Distribution Amount:_____

THE CITY OF NEW YORK,

                              Defendant.
-------------------------------------------------------------------X

**NOTICE OF COLLECTIVE ACTION SETTLEMENT FOR ASSISTANT DEPUTY WARDENS, CAPTAINS, AND CORRECTION OFFICERS WHO WORKED FOR THE CITY OF NEW YORK AND WERE STATIONED AT RIKERS ISLAND**

Dear Current or Former Assistant Deputy Warden, Captain, or Correction Officer:

      We are writing to notify you that a settlement has been reached with the City of New York ("City") covering the period of time from November 17, 2017 to December 14, 2023 (the "Collective Period"). This settlement was approved by the United States District Court for the Southern District of New York on [DATE], 2024.

      You are receiving this letter because you have been identified as an Assistant Deputy Warden, Captain or Correction Officer who was stationed at Rikers Island at some point during the Collective Period and who has previously submitted a consent to join form in connection with this action.

      This Notice explains your right to share in the monetary proceeds of this settlement and answers some questions you may have regarding the lawsuit, the settlement of the lawsuit, and the calculation and distribution of your awards under this settlement.

*Why am I receiving this Notice?*

On November 17, 2020, Plaintiffs including Omar Malcolm ("Plaintiffs") filed a lawsuit against the City alleging, among other things, that it failed to pay Assistant Deputy Wardens, Captains, and Correction Officers stationed at Rikers Island their overtime pay in a timely fashion or at all, resulting in violations of the Fair Labor Standards Act. As a result of extensive negotiations, Plaintiffs and the City have reached a settlement that covers members of the Settlement Collective. You have been identified as a member of the Settlement Collective. This Notice describes the settlement and informs you about your share of the settlement proceeds.

*What is the Settlement Amount and How will my awards be calculated?*

Under the terms of the settlement, the City will pay $6,200,000.00 (the "Gross Settlement Amount"). Subject to Court approval, there will be attorneys' fees and expenses in the amount of $24,500, one-third (1/3) of the balance, or $2,058,500 as attorneys' fees, and administrative costs of $30,000. Moreover, Plaintiff Malcolm will receive $50,000 in connection with a retaliation claim that was asserted as part of the litigation. The balance, $4,037,000.00 will be distributed among the approximately 2,600 members of the Settlement Collective.

The following is how damages will be computed for the Settlement Collective. For each individual Settlement Collective member their total number of overtime hours worked, as reflected in the City's records, during the Collective Period will be divided by the total number of overtime hours worked by all Settlement Collective members, as reflected in the City's records, during the Collective Period to arrive at a percentage. That percentage will be multiplied first by $3,000,000 to determine each Settlement Collective member's gross backpay award and second by $3,150,000 less attorneys' fees and costs (including administrative costs) to arrive at a liquidated damages award. In recognition of the fact that the 24 lead Plaintiffs filed their consents approximately 2 years before the balance of the Settlement Collective members and have been actively assisting with prosecution of the lawsuit the numerator of the lead Plaintiffs' above equation shall be multiplied by 3. Each Settlement Collective member who has a backpay award above $75 and a liquidated damages award above $25 will have said awards reduced ratably so that each Settlement Collective member who would not otherwise receive $75 in back pay and $25 in liquidated damages is awarded same.

All settlement award determinations will be based on the City's personnel and payroll records and all applicable employee payroll taxes and withholdings from the settlement awards will be as set forth in the Settlement Agreement.

*How will settlement awards be distributed and can I contest the amount of my award?*

There will be three rounds of payment (one for a backpay award and two for liquidated damages awards) with slight differences between those Settlement Collective members who are currently working for the Department of Corrections and those who are no longer working for the Department of Corrections.

Within 90 days from the later of the date the Court enters an order finally approving the Settlement Agreement or the resolution of an appeal therefrom the City: (1) will provide payroll checks/make direct deposits to its current employees for their backpay award; (2) shall send payroll checks for back wages to Analytics Group, LLC (the third party administrator of the settlement) for former employees; (3) and

shall send a lump sum payment representing, among other things, funds for payment of the liquidated damages awards to Analytics Consulting, LLC.  Within 30 days after, Analytics Consulting LLC shall issue initial checks for liquidated damages to all Settlement Collective members (both current and former employees) subject to a $100,000 reserve (taken proportionally from each of the Settlement Collective members' liquidated damages entitlements) to cover any disputes regarding the amount of funds received by any Settlement Collective member.  Thereafter, Analytics Consulting, LLC will provide the backpay checks it received from the City to former employees on an ad-hoc basis as the former employees' initial liquidated damages checks clear.  **Please note that it is imperative that you cash your checks as soon as you get them so that the next round of checks may be sent.**

Any disputes with respect to your awards must be raised within 120 days after the first round of liquidated damages checks are issued.  To contest the award you must contact Analytics Consulting, LLC at [insert phone number] or [insert email address] and advise as to the grounds as to why you believe your award is inaccurate.  Analytics Consulting, LLC in concert with Plaintiffs' counsel shall resolve any such disputes. After the later of the foregoing 120 days or the resolution of all timely raised disputes, Analytics Consulting LLC shall issue a second round of liquidated damages checks exhausting whatever remains of the reserve. The second round of liquidated damages checks shall be in proportion to each Settlement Collective member's entitlement (e.g., if a Settlement Collective Member is entitled to 1% of the liquidated damages award s/he would receive 1% of any unexhausted reserve).

### *What will happen as a result of the settlement?*

In connection with the settlement, you are releasing all federal, state and/or local statutory wage and hour claims that could have been asserted in the litigation, arising from the beginning of your employment with the City through December 14, 2023 for the period of time you worked in the positions of Assistant Deputy Warden, Captain and/or Correction Officer for the City ("Released Claims").  You are also agreeing not to sue the City in the future in connection with any Released Claims.  Finally, the instant lawsuit will be discontinued.

### *Who should I contact if I have questions?*

If you have any questions about the administration of the settlement you should feel free to contact Analytics Consulting, LLC at [insert phone number] and/or [insert email address].  If you have any legal or other questions you should feel free to contact legal counsel for this matter Paul Pagano of the Law Office of Paul A. Pagano, P.C. at (917) 589-1479 or Jason Abelove of the Law Offices of Jason L. Abelove P.C. at (516) 222-7000.