UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
OMAR MALCOLM, KARVEN ALCINDOR,
ANTHONY APONTE, SHIRLENE BLAIR, DERYCK
CHARLES, LATIF CORNELIUS, LANAE CURRY,
JOSE DEJESUS, SHAKIYNA ESPINO, ROBERTO
FERNANDEZ, VLAJEMY FRANCOIS, CRYSTAL         Case No. 20-CV-09641(ALC)
GARNETT, CHANTEL GOUVEIA, APRIL HERNEY-
KOSAKOWSKI, TAMELLE HILLIARD, YOLANDA        **PAGANO DECLARATION**
HOLMES, MONIQUE JOHNSON, KEYSHA LEWIS,       **IN SUPPORT OF**
CAROLYN MARAJ, HUZIRAN MOZEB, ZHIHUI PU,     **UNOPPPOSED APPROVAL**
DAVID RUDDOCK, MYRLINE ULYSSES, and BRICE    **MOTION**
WILLIAMS, individually and on behalf of all others
similarly situated,
                                    Plaintiffs,    **Hon. Andrew L. Carter, Jr.**

- against -

THE CITY OF NEW YORK,

                                    Defendant.
------------------------------------------------------------------------x

    PAUL PAGANO, an attorney duly admitted to practice in the Courts of this State and this Court, hereby affirms the following upon information and belief and under penalty of perjury:

    1.    Jason Abelove, Yale Pollack and I are the lawyers primarily responsible for prosecuting Plaintiffs Omar Malcolm, Karven Alcindor, Anthony Aponte, Shirlene Blair, Deryck Charles, Latif Cornelius, Lanae Curry, Jose DeJesus, Shakiyna Espino, Roberto Fernandez, Vlajemy Francois, Crystal Garnett, Chantel Gouveia, April Herney-Kosakowski, Tamelle Hilliard, Yolanda Holmes, Monique Johnson, Keysha Lewis, Carolyn Maraj, Huziran Mozeb, Zhihui Pu, David Ruddock, Myrline Ulysses, and Brice Williams' (collectively the "Named Plaintiffs") and the nearly 2,600 opt-in plaintiffs ("Opt-in Plaintiffs" and with the Named Plaintiffs, "Settlement Plaintiffs") claims against the City of New York ("Defendant") for violation of the Fair Labor Standards Act in failing to pay overtime and failing to pay overtime timely.

2. The instant declaration is being submitted in support of the Settlement Plaintiffs' unopposed motion for approval of the settlement agreement between the Settlement Plaintiffs and the Defendant.

3. The undersigned attended Cornell University's School of Industrial and Labor Relations graduating in 2004 and subsequently attended St. John's University School of Law graduating in 2009.

4. After being admitted to the bar in February 2010, I began a legal career with a focus on litigation. In August 2014, I started working for Certilman Balin Adler & Hyman, a firm with a considerable practice in Labor and Employment litigation including NYLL and FLSA matters.

5. Since my separation from Certilman, I have continued to spend a substantial portion of my practice in labor and employment litigation with a focus on wage and hour issues including at my own firm opened in January 2022 of which I am the Managing Partner.

6. In my almost 15 years of practice, I have represented numerous clients in labor and employment matters, including those pertaining to NYLL and FLSA issues, in formal litigation and arbitration.

7. Among the matters I have litigated are *Connors et al v. American Medical Response, Inc. et al* under docket number 20-cv-05046 in the United States District Court for the Southern District of New York. That matter concerned: (1) failure to pay overtime in violation of New York Labor Law ("NYLL"); (2) failure to pay overtime in violation of the Fair Labor Standards Act ("FLSA"); (3) violation of frequency of pay provisions of NYLL § 191; and (4) failure to provide notices as required by NYLL § 195 (1). Ultimately, I was appointed class counsel and was able to reach a favorable class and collective wide settlement.

8. Another matter I'm currently litigating is *Caccavale et al v. Hewlett-Packard Company a/k/a HP Inc. et al* under docket number 20-cv-00974 in the United States District

Court for the Eastern District of New York. There plaintiffs have sued various Hewlett Packard companies as well as Unisys Corporation for, *inter alia*, failure to pay overtime wages timely in accordance with NYLL § 191(1)(a) and failure to pay overtime wages timely in violation of the prompt payment requirement of the FLSA. As part of that litigation, the undersigned, along with Mr. Abelove, is prosecuting claims for violation of the prompt payment requirement of the FLSA on behalf of numerous collective members.

9. Other wage and hour matters I have litigated include, but are not limited to: (1) *Castillo* v. *Camelot Specialty Limos, Inc.* in the Supreme Court of the State of New York Queens County under index number 716864/2021 which concerned allegations of unpaid wages including unpaid overtime; (2) *Conte et al v. Tri-State Technologies Inc. et al* in the Supreme Court of the State of New York Nassau County under index number 605088/2022 which concerns allegations of unpaid overtime; (3) *Chan et al v. Clear 19 Diagnostics et al* in the United States District Court for the Southern District of New York under docket number 21-cv-09687 which concerned, *inter alia*, alleged failure to pay overtime in violation of the NYLL and FLSA; (4) *Sarpal v. NYC Green Transportation Group, LLC et al* in the United States District Court for the Eastern District of New York under docket number 20-cv-04474 which concerned, *inter alia*, alleged failure to pay overtime in violation of the NYLL and FLSA; (5) *Sanchez v. Amana Food Corp. et al* in the Supreme Court of the State of New York Kings County under index number 513942/2020 which concerned, *inter alia*, alleged unpaid overtime; (6) *Quindara v. Helen Gordon et al* in the Supreme Court of the State of New York Queens County under index number 705163/2019 which concerned, *inter alia*, alleged unpaid overtime; (7) *Rodriguez v. Baldwin Tire House Inc. et al* in the Supreme Court of the State of New York Nassau County under index number 603979/2017 which concerned, *inter alia*, alleged violations of the NYLL

and FLSA; (8) *Brown v. 590-600 Realty Corp. et. al.* in the Supreme Court of the State of New York Nassau County under index number 601605/2017 which concerned, *inter alia*, alleged violations of the NYLL; (9) *Logan-Binder v. James Cuminsky et al* in the Supreme Court of the State of New York Suffolk County under index number 620778/2016 which concerned alleged violations of the NYLL; (10) *Polanco et. al. v. K. Peng Realty Corp.* in the Supreme Court of the State of New York Queens County under index number 704717/2016 which concerned alleged violations of the NYLL; (11) *Shamilov v. S.K.I. Wholesale Beer Corp et al* in the Supreme Court of the State of New York Kings County under index number 507756/2014 which concerned alleged NYLL violations; (12) *Aponte v. Franco Food Corp. et al* in the United States District Court for the Southern District of New York under docket number 20-cv-07747 which concerned alleged violations of the NYLL and FLSA including unpaid overtime; and (13) *Francis v. MME Group LLC et. al.* in the United States District Court for the Eastern District of New York under docket number 20-cv-05194 which concerned alleged violations of the NYLL and FLSA including unpaid overtime wages.

10. In addition to formal litigations, I have served as arbitration counsel in several cases concerning alleged violations of the NYLL and FLSA.

11. With respect to the instant action I, and/or Mr. Abelove once he joined the litigation: (1) had discussions with the lead Plaintiffs and drafted the initial complaint; (2) obtained conditional certification; (3) retained a third party vendor at counsel's cost to send out over 12,000 notices to potential opt-ins; (4) catalogued, redacted, processed and filed almost 2,600 opt-in forms; (5) amended the first amended complaint and overcame a related motion to dismiss which had the impact of restoring liquidated damages to the litigation and adding an additional year of potential damages; (6) analyzed thousands of lines of payroll data; (7)

engaged in settlement negotiations for months on end with two sets of defense counsel; (8) engaged in a successful day long mediation; (9) drafted and executed the settlement agreement; and (10) drafted and filing the instant approval motion.

12. I have spent a significant amount of time prosecuting this matter on a contingency fee basis. Attached collectively hereto as Exhibit 1 are my time records. For this matter, my initial time records were maintained by a former employer in Clio, a legal software program. While I no longer have access to that software, I do have the tasks completed and the time spent conducting same which I have put into an excel spreadsheet as part of Exhibit 1. The total time spent was approximately 82.7 hours for which I am requesting a $500 hourly rate. When I opened my own practice, I began maintaining my time records in Bill4Time which is where I maintain them now. At my own firm I have spent approximately 217.6 hours on this matter for which I am requesting a $500 hourly rate. At the requested hourly rate my personal lodestar for this matter would be approximately $150,150.

13. Moreover, substantial additional work will need to be completed after approval of the settlement. Initially, Plaintiffs' counsel is still in the process of obtaining additional time/payroll data to finalize award calculations. Moreover, Plaintiffs' counsel will need to oversee the administration of the settlement. Same will include, *inter alia*, making sure settlement funds are received, making sure three separate rounds of checks are properly distributed to the approximately 2,600 Settlement Plaintiffs, handling any questions the Settlement Plaintiffs might have, and resolving any disputes the Settlement Plaintiffs may have with respect to the amount of their award. Plaintiffs' counsel conservatively anticipates that such work will take at least another 100 hours.

14. In closing I would like to note that the Settlement Plaintiffs had been essentially abandoned by their unions and left without recourse for their late paid and unpaid overtime. Though taking on a litigation of this size and complexity was a risk, particularly for my practice, Jason,

5

Yale, and I nevertheless pressed forward knowing how important it was to the nearly 2,600 Settlement Plaintiffs. I am very happy that we were able to retain a very favorable result for them as evidenced by their glowing declarations in support of this settlement.

I declare under penalty of perjury, under 28 U.S.C. § 1746, that the foregoing is true and correct.

**WHEREFORE,** for the reasons set forth in Plaintiffs' concurrently submitted memorandum of law, Plaintiffs' request for approval of the settlement agreement should be granted.

Dated: July 15, 2024
       Hicksville, New York

                                                    Law Office of Paul A. Pagano, P.C.

                                                    By: _/s/ Paul Pagano_____
                                                    Paul A. Pagano, Esq.
                                                    *Attorneys for Plaintiffs*
                                                    100 Duffy Avenue, Suite 510
                                                    Hicksville, NY 11801
                                                    (516) 222-7000