

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

July 24, 2024

**VIA ECF**

Hon. Andrew L. Carter, USDJ
United States District Court, SDNY
40 Foley Square, Rm 435
New York, NY 10007

      Re:    *Malcolm v City of New York,* Case No. 20-cv-9641

Dear Judge Carter:

      I am compelled to respond to Abelove's letter dated July 15, 2024 (ECF No. 167), in which he misstates that the undersigned was "terminated" in February 2022. By this letter, the Moser Law Firm, PC requests an order directing Messrs. Pagano, Pollack, and Abelove to share with the undersigned the data underlying the proposed settlement and for leave to a brief not to exceed 10 pages regarding the proposed settlement on or before August 9, 2024.

      Local Rule 1.4 states that "[a]n attorney who has appeared as attorney of record for a party may be relieved or displaced *only by order of the Court* and may not withdraw from a case without *leave of the Court granted by order*. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for. . . displacement and the posture of the case, including its position, if any, on the calendar and whether or not the attorney is asserting a retaining or charging lien." (emphasis added). As neither Mr. Abelove nor Mr. Pagano filed a motion to displace the undersigned, I am currently counsel of record for the Plaintiffs. Nevertheless, neither counsel for the City of New York nor Messrs. Abelove and Pagano have furnished the calculations and spreadsheets underlying the proposed settlement to the undersigned.

      On August 23, 2021, the Moser Law Firm, PC, filed a motion for conditional certification and notice to the putative opt-ins. (ECF Nos. 45-48). The proposed notice identifies the Moser Law Firm, PC, as the plaintiff's counsel. *See* Proposed Notice (ECF 46-1, page 5 of 6)(stating in response to "Do I have a lawyer in this case?" that "If you choose to join this lawsuit, you may be represented by Paul A. Pagano, Esq. and Steven J. Moser, Esq. of the Moser Law Firm, P.C., 5 East Main Street, Huntington NY 11743, http://www.moseremploymentlaw.com; Tel (631) 824-0200."), and give the Moser Law Firm the authority to file the consent. The notice also advises that "[u]nder the fee agreement, in the event there is a recovery, *Plaintiffs' counsel* will receive a percentage of any settlement obtained[.]" *Id.*

      On February 21, 2022, Messrs. Pagano, Pollack, and Abelove submitted a reply brief in support of the motion for conditional certification in which they advised the Court of their consent to only two changes to the proposed notice: (1) language stating that putative opt-ins c ould "retain

Hon. Andrew L. Carter, Jr., USDJ
Re:    *Malcolm v. City of New York*
Page 2


MOSER LAW FIRM, PC

their own counsel" and to (2) adding the DOC's counsel's information. (ECF No. 65, page 14 of 15).

On September 30, 2022, the Court issued a docket order finding that "The plaintiff has met his modest burden showing that the plaintiffs are similarly situated. Plaintiff consented to minor changes in the proposed notice. The notice *as modified by plaintiff's consent* is approved." (emphasis added).

After that, on November 13, 2022, Messrs. Pagano, Pollack and Abelove made changes to the notice and consent forms without obtaining Court approval or moving to displace the undersigned as counsel of record. More specifically, although Messrs. Pagano, Pollack, and Abelove have not furnished a copy of the notice which was mailed to the collective, the language "for the unpaid/delayed payment of overtime wages and related relief" was added to the consent form and the "Law Offices of Jason L. Abelove PC, the Law Office of Paul A. Pagano, P.C., and the Law Offices of Yale Pollack, PC (collectively the "Firms")" were substituted for the Moser Law Firm, PC. (Compare ECF No. 46-1 with ECF No. 131, annexed hereto as Exhibits 1 and 2). While Messrs. Pagano, Pollack, and Abelove may believe that the Court gave its *implied consent* to changes to the notice, the appropriate course would have been to seek approval of changes *not explicitly authorized by the Court.*

Of greater concern is the settlement itself. It is not signed by the Plaintiffs. The declarations in support of the settlement make unsubstantiated claims. The proposed settlement contains a disguised service award to Plaintiff Malcolm in the sum of $50,000 and a "treble damages" service award to the named plaintiffs, the precise amount of which has not been calculated or disclosed. On July 19, 2024, in response to the Court's expressed due process concerns regarding a 1-step settlement, Mr. Pagano submitted a letter stating that *Marichal v Attending Home Care Servs., LLC*, 432 F Supp 3d 271 (EDNY 2020) supports the proposed settlement's approval. As the Court is well aware, neither *Marichal* nor any other cases cited by Mr. Pagano support the fairness of the proposed settlement.

Counsel's reasons for not providing for a two-step settlement are that (1) the claims administration expenses will go up by $30,000.00 (less than ½ of 1 percent of the settlement amount), (2) the collective members should not be required to "give consent again" because they might fail to do so "even though they want to participate in the settlement," and (3) if notice is sent to the over 12,000 potential collective members giving them the opportunity to join, the settlement would be "diluted." Because there are 2,600 collective members, the cost of mailing notice ($11 per person) is wildly exaggerated. However, even if not wildly exaggerated, the cost of $11 per person in exchange for the collective's due process rights is a bargain, especially considering the amount of the disguised incentive awards. The statement that requiring notice to the collective could result in the exclusion of collective action members who might want to participate in the settlement is no more grounded than Mr. Pagano's assumption that all 2,600 collective action members actually "want to participate." The suggestion that the proposed settlement was not, in fact, for the 2,600-member collective but instead covers 12,000 individuals who might want to opt in is equally absurd.

Hon. Andrew L. Carter, Jr., USDJ
Re:    *Malcolm v. City of New York*
Page 3

MOSER LAW FIRM, PC

     We remain willing to cooperate with Messrs. Abelove and Pagano to consummate a fair FLSA settlement.  To date have been met with hostility.

     Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

CC:    All counsel of record via ECF