UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
OMAR MALCOLM, KARVEN ALCINDOR,
ANTHONY APONTE, SHIRLENE BLAIR, DERYCK
CHARLES, LATIF CORNELIUS, LANAE CURRY,
JOSE DEJESUS, SHAKIYNA ESPINO, ROBERTO
FERNANDEZ, VLAJEMY FRANCOIS, CRYSTAL       Case No. 20-CV-09641(ALC)
GARNETT, CHANTEL GOUVEIA, APRIL HERNEY-
KOSAKOWSKI, TAMELLE HILLIARD, YOLANDA      **ABELOVE DECLARATION
HOLMES, MONIQUE JOHNSON, KEYSHA LEWIS,     IN FURTHER SUPPORT OF
CAROLYN MARAJ, HUZIRAN MOZEB, ZHIHUI PU,   UNOPPPOSED APPROVAL
DAVID RUDDOCK, MYRLINE ULYSSES, and BRICE  MOTION**
WILLIAMS, individually and on behalf of all others
similarly situated,
                        Plaintiffs,        **Hon. Andrew L. Carter, Jr.**

       - against -

THE CITY OF NEW YORK,

                        Defendant.
------------------------------------------------------------------------x

      JASON ABELOVE, an attorney duly admitted to practice in the Courts of this State and this Court, hereby affirms the following upon information and belief and under penalty of perjury:

      1.      Paul Pagano, Yale Pollack and I are the lawyers primarily responsible for prosecuting Plaintiffs Omar Malcolm, Karven Alcindor, Anthony Aponte, Shirlene Blair, Deryck Charles, Latif Cornelius, Lanae Curry, Jose DeJesus, Shakiyna Espino, Roberto Fernandez, Vlajemy Francois, Crystal Garnett, Chantel Gouveia, April Hefney-Kosakowski, Tamelle Hilliard, Yolanda Holmes, Monique Johnson, Keysha Lewis, Carolyn Maraj, Huziran Mozeb, Zhihui Pu, David Ruddock, Myrline Ulysses, and Brice Williams' (collectively the "Named Plaintiffs") and the nearly 2,600 opt-in plaintiffs' ("Opt-in Plaintiffs" and with the Named Plaintiffs, "Settlement Plaintiffs") claims against the City of New York ("Defendant")

1

for violation of the Fair Labor Standards Act in failing to pay overtime and failing to pay overtime timely.

2. The instant declaration is being submitted in further support of the Settlement Plaintiffs' unopposed motion for approval of the Settlement Agreement between the Settlement Plaintiffs and the Defendant ("Approval Motion") that was submitted to the Court on July 15th and 16th. *See* Docket Entries 168 and 169.

## SETTLEMENT PLAINTIFFS' DAMAGES CALCULATIONS

3. As set forth in the Settlement Agreement, the total amount of the settlement is $6.2 million. The Approval Motion, consistent with the Settlement Agreement, requests that the $6.2 million be distributed as follows: (1) $24,000 to Plaintiffs' counsel for costs; (2) $2,058,500 to Plaintiffs' counsel as attorneys' fees (1/3 of the settlement sum less expenses); (3) $30,000 to Analytics Consulting, LLC to administer the settlement; (4) $50,000 to Plaintiff Malcolm in connection with his retaliation claim; and (5) the balance, $4,037,500, to be distributed to the Settlement Plaintiffs.

4. As to the $4,037,500, same will be distributed to the Settlement Plaintiffs based on the proportion of overtime hours each of them worked during the period of November 17, 2017 to December 14, 2023 ("Pertinent Period") relative to the total number of overtime hours worked by all Settlement Plaintiffs during the Pertinent Period with a minor adjustment for the Named Plaintiffs.

5. More particularly, for each Settlement Plaintiff their total number of overtime hours worked during the Pertinent Period will be divided by the total number of overtime hours worked by all Settlement Plaintiffs during the Pertinent Period to arrive at a percentage. That percentage will be multiplied first by $3,000,000 to determine each Settlement Plaintiff's gross

backpay award and second by $3,150,000 less attorneys' fees and costs (including administrative costs) to arrive at a liquidated damages award.  In recognition of the fact that the 24 Named Plaintiffs filed their consent to join forms approximately 2 years before the Opt-In Plaintiffs, the numerator in the Named Plaintiffs' above equations shall be multiplied by 3.  Each Settlement Plaintiff who has a backpay award above $75 and a liquidated damages award above $25 will have said awards reduced ratably so that each Settlement Plaintiff who would not otherwise receive $75 in backpay and $25 in liquidated damages is awarded same.

6. To determine each Settlement Plaintiffs' damages award(s), the Defendant provided Plaintiffs with overtime data, to the extent it had same, for the full Pertinent Period for all 2,563 Opt-in Plaintiffs and overtime data for the Named Plaintiffs for the periods of November 17, 2017 to January 9, 2021 and February 20, 2023 to December 23, 2023.  That data, along with the dates some of the Named Plaintiffs separated from the Department of Corrections, was provided to Plaintiffs' damages expert, Andrew J. Perun of the Accurity Group.

7. Mr. Perun took that data, undertook the necessary adjustments for the Named Plaintiffs, and calculated each Settlement Plaintiff's damages based on the formula set forth in the Settlement Agreement.

8. Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' expert's calculations, with employee number removed, which provide the total settlement sum to be awarded to each Settlement Plaintiff as well as their backpay and liquidated damages sums.  Should the Court have any questions about same Plaintiffs would be happy to answer them.

**WHEREFORE,** for the reasons set forth in Plaintiffs' previously submitted memorandum of law, Plaintiffs' request for approval of the settlement agreement should be granted.

Dated: August 28, 2024
      Garden City, New York

    Law Offices of Jason L, Abelove, P.C.

By: *Jason Abelove*
Jason L. Abelove, Esq.
*Attorneys for Plaintiffs*
666 Old Country Road, Suite 303
Garden City, NY 11530
(516) 222-7000