Law Offices of
# Jason L. Abelove, P.C.
666 Old Country Road
Suite 303
Garden City, New York 11530

Telephone: 516-222-7000                                                                    Facsimile: 516-542-2001
E-mail: jason@jasonabelove.com                                                       www.jasonabelove.com

September 10, 2024

**VIA ECF**
The Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

      Re:    *Malcolm v. The City of New York*
               20-cv-09641(ALC)

Dear Judge Carter:

     This letter is submitted on behalf of the Law Offices of Jason L. Abelove, P.C. and the Law Office of Paul A. Pagano, P.C. in response to the Court's August 23, 2024 Order directing the foregoing to file a status report regarding the attorney fee dispute with the Moser Law Firm on or before September 10, 2024. *See* Docket Entry ("D.E.") 178.

     On July 11, 2024, the undersigned reached an agreement with Mr. Moser's attorney Mr. Peter Shipman to resolve Mr. Moser's attorney fee dispute based on a percentage of the contingency fees to be awarded by the Court. D.E. 174, p. 2. The next day Mr. Shipman advised the undersigned that his client was going back on the deal and was demanding over 120% of the agreed upon amount. D.E. 174, p. 2. Thereafter, on July 15th and July 25th, Mr. Moser submitted letters to the Court wrongfully contending to be Plaintiffs' counsel and feigning issues with the proposed settlement in an effort to disrupt the settlement and extract his demanded attorneys' fees. D.E. 166, 172. Mr. Moser's bad faith efforts were set forth in detail in the undersigned's July 30, 2024 letter. D.E. 174.

     On August 1, 2024, Mr. Shipman emailed a letter to my office which threated to file a frivolous motion to disqualify myself and Mr. Pagano as counsel if we did not capitulate to his attorney fee demands. While Mr. Moser and Mr. Shipman were careful enough to dress their threat up in concern about the collective, the goal was simply to get me to agree to his ever increasing fee demand or risk having Mr. Moser wreak havoc on the settlement agreement no matter who it hurt, which, in this instance, is 2,600 employees of the Department of Corrections; the same people who he alleged were his clients.

1

Undercutting Mr. Moser's fraudulent message of concern for the collective members was the fact that the title of the .pdf document that was sent to me was "STEVE MOSER FEE COLLECTION CASE" (all caps in original).

Thereafter, Your Honor scheduled a conference call for August 8, 2024 at 3:30 p.m. D.E. 175. On August 8, 2024, the conference was held. During the conference Mr. Moser conceded that, notwithstanding his prior misrepresentations to the Court, he was in fact terminated by Plaintiffs in February 2022. Mr. Moser also abandoned all pretense that he had issues with the settlement and demanded to discuss what he referred to as "the elephant in the room" which was his alleged entitlement to attorneys' fees. The Court confirmed with Mr. Moser that all he was concerned about was the collection of fees. The conference concluded and shortly thereafter Mr. Moser was terminated on the docket. D.E. 176.

On August 23, 2024, the Court issued an Order directing us to file a status report regarding the attorney fee dispute with the Moser Law Firm on or before September 10, 2024. D.E. 178. To be clear, Plaintiffs' counsel do not believe that the Moser Law Firm is entitled to any fees given both his abandonment of the action and his repeated deliberate attempts to undermine the settlement agreement of the very clients he falsely claimed to represent. Despite this, in the interest of attempting to avoid a further burden on the Court, I reached out to Mr. Shipman on August 26, 2024 in a final attempt to resolve Mr. Moser's fee dispute. Mr. Shipman indicated that Mr. Moser was not going to further negotiate. Accordingly, we were not able to reach a resolution with Mr. Moser.

On August 28, 2024, the Court approved the settlement agreement. D.E. 180.

Unfortunately, it does not appear that there can be a settlement of Mr. Moser's fee demand. To the extent there is to be an adjudication of same, Plaintiffs' counsel respectfully request that such adjudication await the full administration of the settlement. As stated above, while we believe that Mr. Moser's abandonment of the case and efforts to undermine the settlement preclude him for recovering any fees, to the extent there is further analysis one element of same would be the time and labor spent by outgoing and incoming counsel. *Jeon v Riley*, 2021 US Dist LEXIS 45732, at *6 (E.D.N.Y. Mar. 10, 2021). While the number of hours for the Moser Law Firm has been set since its discharge in February 2022, the number of hours to be expended by the Law Office of Paul A. Pagano, P.C. and the Law Offices of Jason L. Abelove, P.C. will not be set for quite some time.

The recently approved settlement agreement will require substantial administration by Analytics Consulting, LLC and Plaintiffs' counsel including, but not limited to: (1) making sure appropriate social security numbers and mailing addresses are obtained for all 2,600 Plaintiffs; (2) overseeing the disbursement of three separate rounds of payments (one back pay award and two liquidated damages checks); and (3) adjudicating any disputes that arise as the result of the payments to the Settlement Plaintiffs.[1] It is anticipated that, mailing of tax documents

---

[1] In the interest of fairness, the settlement agreement provides for a mechanism by which any Settlement Plaintiff may challenge the amount of their damages award.

2

notwithstanding, at the latest, the administration of the settlement will be completed by May 25, 2025.

Given the size and complexity of the administration of the settlement, Plaintiffs' counsel anticipates spending hundreds of additional hours to see the settlement through to its ultimate resolution. As such, any adjudication of a fee dispute which might analyze the number of hours spent by the firms would, respectfully, be premature at this juncture. If it pleases the Court, Plaintiffs' counsel would be happy to submit a letter to the Court within two weeks of the completion of the pertinent parts of the settlement's administration.

Respectfully submitted,

Jason L. Abelove

cc: All Counsel of Record (VIA ECF)