

Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

**Law Office of Paul A. Pagano, P.C.**

December 6, 2024

**VIA ECF**
The Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    *Malcolm v. The City of New York*
               20-cv-09641(ALC)

Dear Judge Carter:

      This firm, along with the Law Offices of Jason L. Abelove, P.C., are counsel to Plaintiffs in the above-entitled action. This letter is submitted to respectfully request a conference with the Court in connection with a final determination regarding the amount of any charging lien due to the lead Plaintiffs' prior counsel, the Moser Law Firm, P.C.

**PERTINENT HISTORY**

      To briefly reiterate, the instant collective action litigation against the City of New York for late paid/unpaid overtime was started when the undersigned was working for Mr. Moser at the Moser Law Firm. P.C. ("Moser Firm"). I brought the lead client, Omar Malcom to the firm. As a result of my efforts, Mr. Malcolm and the other lead plaintiffs retained the Moser Firm. Eventually, Mr. Moser decided that: (1) he did not want to make the sizable investment of time and money necessary to properly prosecute the case; and (2) he was not getting a big enough portion of the potential fees.[1] He then fired me in December 2021.

      In February 2022 Mr. Malcolm and the other lead plaintiffs terminated the Moser Firm and retained my firm ("Pagano Firm"), and the Law Offices of Jason L. Abelove, P.C. ("Abelove Firm"). The Moser Firm had no further involvement in the litigation after its termination. From February 2022 onward my firm and the Abelove Firm vigorously prosecuted the litigation. Through the Abelove and Pagano Firms' efforts, measured, in part, by hundreds of hours of attorney time and over $20,000 in legal costs and expenses, a $6.2 million settlement was reached, the overwhelming majority of which is in the process of being distributed to approximately 2,600 employees of the Department of Correction.

      As the Court may recall, while the Pagano Firm and Abelove Firm were in the process of submitting the settlement agreement for approval, Mr. Moser wrote to the Court, on two separate occasions, falsely claiming to still represent plaintiffs, dishonestly claiming that there were issues

---

[1] Pursuant to an employment agreement between the Moser Firm and myself, the Moser Firm was required to fund the costs of this litigation and I am entitled to 65% of any of the Net Fees the Moser Firm collects in connection with this litigation. To avoid confusion, the Pagano Firm is not a signatory to any agreement with the Moser Firm or Moser individually.

1



**Paul A. Pagano, Esq.**
Paul@LawOfficePaulPagano.com
(917)589-1479

**Law Office of Paul A. Pagano, P.C.**

with the settlement (despite conceding that he had none of the data on which the arms-length mediated settlement was reached), and/or insisting that he be permitted to be heard on the settlement, all in an effort to undermine the settlement and extract attorneys' fees. Copies of the Moser Firm's correspondence to the Court and the Abelove and Pagano Firms' responses are attached hereto as Exhibit A.

In addition to the foregoing, on August 1, 2024, Jason Abelove was emailed a letter which threatened to file a frivolous motion to disqualify the Pagano Firm and Abelove Firm as counsel in this litigation if they did not capitulate to Moser's attorney fee demands. While Mr. Moser and his attorney were careful enough to dress their threat up in concern about the collective members, the goal was simply to get the Pagano Firm and Abelove Firm to agree to Moser's ever increasing fee demand or risk having Moser wreak havoc on the settlement agreement no matter who it hurt, which was 2,600 employees of the Department of Correction, the same people who he alleged were his clients. Undercutting Moser's disingenuous message of concern for the collective members was the fact that the title of the pdf document that was sent to Mr. Abelove was "STEVE MOSER FEE COLLECTION CASE" (all caps in original).

On August 8, 2024, the Abelove Firm, Pagano Firm and Moser Firm appeared before Your Honor for a conference. During same, Moser conceded that he had been terminated as plaintiffs' counsel in February 2022, abandoned all pretense about issues with the settlement, and demanded to discuss the "elephant in the room" which was his alleged entitlement to attorneys' fees. Attached hereto as Exhibit B is a transcript from the August 8, 2024 conference. *See e.g.*, p. 5, lines 19-23, p. 7 lines 9-14, p. 8 lines 11-18. There was also a general understanding that the fee dispute would be resolved by the Court after the settlement was approved. *See e.g.*, Exhibit B, p. 7 lines 16-23. On August 28, 2024, the Court approved the settlement agreement and since then it has been in the process of being administered. Docket Entry 180.

On or about November 13, 2024, the Moser Firm filed a demand for arbitration against the undersigned personally and the Pagano Firm. In yet another example of bad faith and unethical behavior the Moser Firm *demanded the entirety of the legal fee awarded in this case in the amount of $2,058,000*. Moser is undoubtedly aware that there are no legal or factual circumstances under which he would be awarded the entire fee, but nevertheless demanded it to tie up the attorneys' fees under New York Rule of Professional Conduct 1.15(b)(4), yet again in the hopes of extorting a disproportionate amount of attorneys' fees.

As, *inter alia*, the Pagano Firm and Abelove Firm are not parties to any agreement with the Moser Firm, let alone one to arbitrate, and they are necessary parties in any charging lien dispute, the Pagano Firm filed an order to show cause and an Article 75 in Nassau County Supreme Court seeking to stay the arbitration. On November 29, 2024, the Nassau County Supreme Court issued a TRO staying the arbitration. The motion is presently returnable on December 16, 2024.

Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

**Law Office of Paul A. Pagano, P.C.**



## **INTERVENTION IS NECESSARY**

Based on the Moser Firm's actions to date it is abundantly clear that it and its owner are improperly attempting to extract, by any means necessary, the greatest amount of attorneys' fees they can, from an action on which they barely worked and which they abandoned years ago.

As will be established more fully in a potential motion/brief by the Pagano and Abelove Firms, the Moser Firm is entitled to a *de minimis* amount of attorneys' fees, if any. Initially, a firm which unjustifiably abandons its clients is not entitled to a charging lien. *Tenney v. Berger*, 93 N.Y. 524, 529 (1883). Here, Moser's refusal to fund the litigation as required by, *inter alia*, the employment agreement between the Moser Firm and the undersigned individually and the Moser Firm's retainer agreement(s) with the lead plaintiff(s) is an abandonment of the matter which requires the relinquishment of the Moser Firm's fee claim.

Even if the Moser Firm were to overcome the hurdle that it abandoned the case, which it should not, in evaluating fee disputes between outgoing and incoming counsel, Courts evaluate the time and labor spent by each firm, the actual work performed by each firm, the difficulty of the questions involved, the skills required to handle the matter, the attorney's skills and experience, and the effectiveness of counsel in bringing the matter to a resolution. *Jeon v Riley*, 2020 US Dist LEXIS 220899, at *8 (EDNY Nov. 23, 2020). Each one of the foregoing factors require that the lion's share of the attorneys' fees be awarded to the Pagano and Abelove Firms. While each factor will be discussed in depth in any potential motion/brief, three in particular stand out. The first two are the number of hours spent by the firms and the actual work performed by the firms. While the Moser Firm has steadfastly refused to produce any of its time records to date, it claims that Steven Moser worked approximately 79 hours on the litigation. There can be no dispute that the Pagano and Abelove Firms have worked the overwhelming majority of hours on the matter and completed the overwhelming majority of the work. Third, when evaluating the effectiveness of counsel in bringing the matter to a resolution, it cannot be overstated that the Pagano and Abelove Firms litigated the case to a successful conclusion achieving a $6.2 million settlement while Moser *actively tried to destroy the settlement on numerous occasions in order to extract attorneys' fees*.

## **Conclusion**

While the Pagano and Abelove Firms would ideally wait until the settlement has been fully administered before determining any allocation of fees (as they are likely to have to spend hundreds of more hours in administration), Moser's actions in, *inter alia*, filing for arbitration require a quicker resolution. To that end, it is respectfully requested that the Court: (1) hold a phone or in-person conference regarding the Moser Law Firm's alleged charging lien; (2) hold a pre-motion conference in connection with moving to discharge the Moser Law Firm's alleged charging lien; and/or (3) set a date for an attorney fee hearing.
.

3

Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

# Law Office of Paul A. Pagano, P.C.



        Respectfully submitted,
        Law Office of Paul A. Pagano, P.C.

By: _____*Paul Pagano*_____
      Paul A. Pagano, Esq.
      *Attorneys for Plaintiffs*
      100 Duffy Street, Suite 510
      Hicksville, NY 11801
      (917) 589-1479

cc: All Counsel of Record (VIA ECF)