```
                  UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF NEW YORK
         -----------------------------:
         OMAR MALCOLM, on behalf       : Case No.: 20-cv-9641
         of all others similarly      :
         situated,                     :
                        Plaintiff,     :
              v.                       :
         CITY OF NEW YORK,             : New York, New York
                                       : August 8, 2024
                        Defendants     :
         -----------------------------:
              TRANSCRIPT AND STATUS CONFERENCE HEARING

              BEFORE THE HONORABLE ANDREW L. CARTER

                  UNITED STATES DISTRICT JUDGE



         APPEARANCES:

         For Plaintiff:     LAW OFFICE OF JASON L. ABELOVE, PC
                            BY:  Jason L. Abelove, Esq.
                                 Paul A. Pagano, Esq.
                            666 Old Country Road - Suite 303
                            Garden City, New York 11530

         For Plaintiff:     MOSER LAW FIRM
                            BY:  Steven J. Moser, Esq.
                            133 C New York Avenue
                            Huntington, New York 11743


         For Defendant:     JACKSON LEWIS P.C.
                            BY:  Adam S. Gross, Esq.
                                 Felice B. Ekelman, Esq.
                                 Annabel R. Stanley, Esq.
                            666 Third Avenue - 29th Floor
                            New York, New York 10017




         Proceedings recorded by electronic sound recording;
         Transcript produced by transcription service

              AMM TRANSCRIPTION SERVICE - 631.334.1445
```

```
 1              THE DEPUTY CLERK:  Good afternoon.  This is
 2   Tara, Judge Carter's deputy.  Who just joined the
 3   call, please?
 4              MR. ABELOVE:  Yeah, hi, this is Jason
 5   Abelove and Paul Pagano, counsel for plaintiffs.
 6              THE DEPUTY CLERK:  Yes, thank you so much,
 7   sir.
 8              MR. ABELOVE:  Thank you so much.
 9              THE DEPUTY CLERK:  Good afternoon.  This is
10   Tara, Judge Carter's deputy.  Who just joined the
11   call, please?
12              THE COURT:  Hi, Tara, it's Judge Carter.
13              THE DEPUTY CLERK:  Hi, Judge.
14              Good afternoon.  This is Tara, Judge
15   Carter's deputy.  Who just joined the call, please?
16              MR. GROSS:  Good afternoon.  This is Adam
17   Gross from Jackson Lewis for the City.
18              THE DEPUTY CLERK:  Thank you, Mr. Gross.
19   Are you having any additional counsel joining you
20   today?
21              MR. GROSS:  I believe my colleague, Felice
22   Ekelman, is planning on joining, if she's not
23   already on the line.
24              THE DEPUTY CLERK:  Okay.  Thank you.
25              Good afternoon.  This is Tara, Judge
```

```
 1   Carter's deputy.  Who just joined the call, please?
 2             MR. MOSER:  Steven Moser.
 3             THE DEPUTY CLERK:  Thank you, Mr. Moser.
 4             Good afternoon.  This is Tara, Judge
 5   Carter's deputy.  Who just joined the call, please?
 6             MS. STANLEY:  Hi, this is Annabel Stanley
 7   from Jackson Lewis for defendants.
 8             THE DEPUTY CLERK:  Thank you, Ms. Stanley.
 9             Good afternoon.  This is Tara, Judge
10   Carter's deputy.  Who just joined the call, please?
11             MS. EKELMAN:  Felice Ekelman.
12             THE DEPUTY CLERK:  Thank you, Ms. Ekelman.
13             Good afternoon.  This is Tara, Judge
14   Carter's deputy.  Who just joined the call, please?
15             THE LAW CLERK:  Hi, Tara.  It's Jess.
16             THE DEPUTY CLERK:  Hi, Jess.
17             So, Counsel, today's telephone conference
18   is being recorded.  So I ask that each time that you
19   address the Court to please state your name prior to
20   speaking, and when you are not addressing the Court
21   to please place your phone on mute.  Thank you.
22             Civil cause for a telephone conference in
23   case number 20-cv-9641, Malcolm, et al. vs. City of
24   New York, et al.
25             Counsel, please state your appearances for
```

1   the plaintiffs.
2           MR. ABELOVE:  Good afternoon, Your Honor.
3   Jason Abelove, and present with me is Paul Pagano,
4   Law Offices of Jason Abelove, PC, 666 Old Country
5   Road, Garden City, New York.
6           MR. MOSER:  And Steven Moser for the
7   plaintiffs.
8           THE DEPUTY CLERK:  And for the defendant?
9           MS. EKELMAN:  Felice Ekelman --
10          MR. GROSS:  Adam Gross --
11          MS. EKELMAN:  Oh --
12          MR. GROSS:  You have both Felice Eckelman
13  and Adam Gross and Annabel Stanley from Jackson
14  Lewis for the defense, for the City.
15          THE DEPUTY CLERK:  Thank you.
16          THE COURT:  Okay.  Good afternoon.  We're
17  here today to discuss the ongoing dispute between
18  plaintiffs' counsel.
19          Upon review of the Moser law firm's letter
20  dated July 25, 2024, it's my understanding that
21  Moser alleges that he remains designated counsel of
22  record.  And upon the review of Abelove and Pagano's
23  letter dated July 30, 2024, it's my understanding
24  that plaintiffs' counsel alleges that plaintiffs
25  terminated the Moser law firm in February 2022.

```
 1              So let me just find out from Mr. Moser, did
 2   your client terminate you in February 2022?
 3              MR. MOSER:  I read this news Mr. Pagano
 4   that the clients had terminated me when he left the
 5   Moser law firm, but I don't have anything to
 6   substantiate that.
 7              THE COURT:  Did you respond in an e-mail
 8   that you would cease working on the case
 9   immediately?
10              MR. MOSER:  Yes.
11              THE COURT:  Okay.  So why is it that you
12   feel, if you feel, that you are still counsel on
13   this case?
14              MR. MOSER:  Simply because the -- I
15   would -- the defense counsel -- plaintiffs' counsel
16   never moved to displace me.  And I haven't seen
17   anything in terms of hard evidence that what they're
18   saying is correct.
19              The other thing that I will bring up is
20   that the elephant in the room is that --
21              THE COURT:  Hold on.  Hold on.  Hold on.
22   Hold on.  Hold on.  Hold on, before we get to any
23   other elephant.
24              MR. MOSER:  Okay.
25              THE COURT:  So what you just said is that
```

1    you haven't been terminated because the plaintiff
2    didn't move -- because Abelov didn't move to
3    terminate you?
4             MR. MOSER:  Correct.
5             THE COURT:  Okay.  And if Abelov were to
6    move to terminate you today, what reason would there
7    be for me not to grant that today?
8             MR. MOSER:  The settlement agreement
9    itself, Your Honor, is just -- it's wholly
10   deficient.
11            THE COURT:  No.  No.  No.  No.  My question
12   is about you being counsel.  What would be any
13   reason for me not to terminate?  If you're saying
14   the sole reason is you believe that you are still
15   counsel of record is that Abelove didn't move to
16   terminate you, if Abelove were to move to terminate
17   you right now, why shouldn't I grant that motion?
18            MR. MOSER:  The only reason to not grant
19   that motion would be, Your Honor, that the --
20   there's an inherent conflict of interest between
21   Abelove and his clients, which is an irreconcilable
22   difference in the agreement that Abelove and
23   Pagano --
24            THE COURT:  No.  No.  Hold on.  Hold on.
25   That's got nothing to do with you, does it?  What

```
 1   does that have to do with you?
 2             MR. MOSER:  No, that would just be the
 3   disqualification of them, that is correct.
 4             THE COURT:  So again, if there is, what
 5   reason would there be for me not to grant any motion
 6   to terminate you right now?
 7             MR. MOSER:  Other than what I've mentioned,
 8   nothing.
 9             THE COURT:  Okay.  Now, tell me about
10   elephants.  What elephant are we talking about?
11             MR. MOSER:  The elephant in the room is
12   attorney's fees.  The case was settled in December
13   of 2023 supposedly, and the way the settlement is
14   structured --
15             THE COURT:  Hold on.  Hold on.  Hold on.
16   Hold on.  Hold on.  Hold on.  Can't attorney's fees
17   be dealt with after any approval of the settlement?
18             MR. MOSER:  I'm totally okay with that,
19   Your Honor, so long as that's -- it's made
20   explicitly clear that, you know, my lien on the
21   attorney's fee survives the settlement.  I'm not
22   interested in standing in the way of it.  I'm just
23   here to protect my rights.
24             THE COURT:  So to be clear, if I were to
25   terminate you as counsel, you still have a lien on
```

```
 1   the settlement -- you still have a lien for
 2   attorney's fees.  And you agree that the attorney's
 3   fees dispute can be solved later if, in fact, this
 4   settlement is approved by the Court, correct?
 5             MR. MOSER:  Correct.
 6             THE COURT:  Okay.  So then what is -- what
 7   reason is there -- well, let me rephrase that.
 8             Is there any reason at all for you to be
 9   involved in objecting to the settlement at this
10   point?
11             MR. MOSER:  Well, aside from the due
12   process concerns, the way that Abelove and Pagano
13   structured the settlement, it's an attempt to
14   circumvent my request or my lien for fees based upon
15   an agreement with Mr. Pagano.  That's one issue that
16   I have with it.  But if the Court is saying that the
17   lien for attorney's fees will survive the
18   settlement, then, you know, I'll stand aside.
19             THE COURT:  Okay.  Let me hear from
20   Abelove.
21             MR. ABELOVE:  Your Honor, that's sort of --
22   that's our position, really.  I think that to the
23   extent Mr. Moser is entitled to fees, that can be
24   dealt with later.  And I think that this -- that was
25   our point and our response, that this really was all
```

1   about fees and not about the underlying agreement.
2   Like, we anticipate -- we're hopeful and anticipate
3   that the settlement agreement will be approved by
4   this Court.  The Court is welcome to do that now if
5   it wants, but, you know, we anticipate that that's
6   going to be approved by the Court.
7          The language that Mr. Moser is complaining
8   about is virtually identical to, I think, eight
9   other agreements that the City has entered into that
10  have been approved.  I mean, even the section
11  numbers are pretty -- are almost the same.  And we
12  even looked at agreements that Mr. Moser has, and
13  it's similar to those.  So there's nothing unusual
14  about it, but certainly, like, my position has --
15         THE COURT:  Enough.  That's enough.  Hold
16  on.  Hold on.
17         Let me go back to Mr. Moser and ask this
18  question.  You raised something about
19  disqualification of plaintiffs' counsel.  Is this,
20  again, related to attorney's fees or something else?
21         MR. MOSER:  This -- if I still represent --
22  I can be heard if I no longer represent these
23  individuals, Your Honor.  But if the Court believes
24  that I no longer represent these individuals and
25  wants to relieve me, then I have no continuing

```
 1   obligation to anyone to contest the settlement.
 2              THE COURT:  I understand that you raised
 3   something about a conflict of interest.  And again,
 4   is this conflict of interest, this alleged conflict
 5   of interest, does that something to do with the
 6   attorney fees or is it something else?
 7              MR. MOSER:  No.
 8              THE COURT:  No, what?  Is it something
 9   else?  Or no, what?
10              MR. MOSER:  It's something in the
11   agreement.
12              THE COURT:  All right.  So defense counsel,
13   do you wish to be heard on this at all?
14              If you're speaking, you're on mute.
15              MS. EKELMAN:  No, your Honor.
16              THE COURT:  Okay.  All right.
17              Mr. Abelove, are you moving for the
18   termination of the Moser firm as counsel?
19              MR. ABELOVE:  Yes, Your Honor.
20              THE COURT:  That is granted.
21              I will focus my attention soon again on the
22   settlement agreement.  And all parties are in
23   agreement that the lien continues; is that correct,
24   Mr. Abelove?
25              MR. ABELOVE:  Yes, to the extent -- yes.
```

```
 1  Yes, your Honor.
 2              THE COURT:  Is that correct, defense
 3  counsel?
 4              Again, if you're speaking, I cannot hear
 5  you.
 6              MS. EKELMAN:  We're not aware of any liens.
 7              THE COURT:  The lien from the attorneys.  I
 8  know this doesn't directly -- may not directly
 9  concern you.
10              MS. EKELMAN:  No, it does not.
11              THE COURT:  Okay.  All right.  So we are
12  adjourned.  Thank you very much.
13              MR. MOSER:  Thank you.
14              MR. ABELOVE:  Thank you, Your Honor.
15
16                           0O0
17
18
19
20
21
22
23
24
25
```

```
 1
 2                    C E R T I F I C A T E
 3
 4        I, Adrienne M. Mignano, certify that the
 5   foregoing transcript of proceedings in the case of
 6   Malcolm, et al. v. City of New York;
 7   Docket #20CV9641 was prepared using digital
 8   transcription software and is a true and accurate
 9   record of the proceedings.
10
11
12   Signature    _Adrienne M. Mignano_____
13                ADRIENNE M. MIGNANO, RPR
14
15   Date:      November 27, 2024
16
17
18
19
20
21
22
23
24
25
```