

Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

# Law Office of Paul A. Pagano, P.C.

December 18, 2024

**VIA ECF**
The Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    *Malcolm v. The City of New York*
              20-cv-09641(ALC)

Dear Judge Carter:

    This letter is submitted by the parties as a joint status report in accordance with Your Honor's September 16, 2024 order to provide a joint status report. *See* Docket Entry 182.

    The parties are happy to report that the administration of the settlement is moving efficiently considering the magnitude of the settlement in terms of both dollars and number of collective members (approximately 2,600).

    The Court approved the settlement agreement on August 28, 2024. Docket Entry 180. Given that date, under the terms of the settlement agreement, the City was required by November 26, 2024 to (1) provide payroll checks/make direct deposits to its active employees for backpay; (2) send payroll checks for back wages to Analytics Consulting, LLC for inactive employees; (3) send a lump sum amount to Analytics Consulting LLC for liquidated damages awards and attorneys' fees and costs; and (4) send the individual payment for Plaintiff Malcolm's emotional distress damages to the Law Office of Paul A. Pagano, P.C. To the best of the parties' understanding this has been accomplished[1].

    At this juncture, Analytics Consulting, LLC is waiting for the lump sum check to clear, after which, in accordance with the settlement agreement, it will (1) retain its expenses for its services; (2) issue a payment for attorneys' fees and costs; and (3) issue initial liquidated damages awards to the collective members (subject to a $100,000 reserve). Also per the settlement agreement, once the initial liquidated damages awards checks clear the collective members accounts, Analytics Consulting, LLC will provide the backpay checks it received from the City of New York to inactive employees on an ad-hoc basis. Any disputes with respect to a plaintiffs' award will have to be raised by the given plaintiff within 120 days after the first round of liquidated damages checks are issued. Thereafter, Analytics Consulting, LLC in concert with Plaintiffs will resolve any disputes and after the later of the foregoing 120 days or the resolution of all timely raised disputes, Analytics Consulting LLC shall issue a second round of liquidated damages checks exhausting whatever remains of the $100,000 reserve.

---

[1] The Law Office of Paul A. Pagano, P.C. has mailed Mr. Malcolm's check to him.



Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

# Law Office of Paul A. Pagano, P.C.

To the extent the Court is interested in further updates on the administration of the settlement, the parties would respectfully request that an update be Ordered for late May 2025 at which point the first round of liquidated damages checks should be disbursed in full, all back pay checks should be disbursed in full, and the parties will have an understanding as to whether any of the collective members are contesting their award amount.

                              Respectfully submitted,
                              Law Office of Paul A. Pagano, P.C.

By: *Paul Pagano*
      Paul A. Pagano, Esq.
      *Attorneys for Plaintiffs*
      100 Duffy Street, Suite 510
      Hicksville, NY 11801
      (917) 589-1479

cc: All Counsel of Record (VIA ECF)

2