# EMPLOYMENT AGREEMENT

This AGREEMENT made as of this  15  day of May 2020, between Moser Law Firm, P.C., hereinafter referred to as the "Firm," and Paul Pagano, Esq., hereinafter referred to as the "Attorney," (the Firm and the Attorney shall be collectively referred to as the "Parties" and each shall be referred to as a "Party").

## RECITALS

Whereas, the Firm is a Professional Service Corporation formed under the laws of the State of New York and authorized to render legal services;

Whereas, Steven Moser, Esq. is a licensed attorney registered to practice law in the State of New York and is the sole shareholder of the Firm;

Whereas, Attorney is a licensed attorney registered to practice law in the State of New York;

Whereas, the Parties desire to have Attorney practice law as an employee of the Firm subject to the terms and conditions of this Agreement;

It is agreed by and between the Parties as follows:

**Section 1.**   Employment.  The Parties agree that Attorney shall be employed by the Firm in accordance with the terms of this Agreement.

**Section 2.**   Compensation

 2.1. Base Salary.  For services rendered by Attorney under this Agreement, the Firm shall pay Attorney an annual salary of $50,000, payable bi-weekly or as may otherwise be mutually agreed by the Parties in writing, beginning on July 1, 2020.  The salary may be changed by mutual agreement of the




Parties at any time. The salary shall be subject to all applicable withholdings.

2.2. <u>Contingency Fees.</u>

2.2.1 <u>Contingency Matters Originated by Attorney.</u> For all contingency matters originated by Attorney, Attorney shall receive 65% of the Net Fees collected by Firm and Firm shall retain 35% of the Net Fees collected by Firm. "Net Fees" shall be defined as the fees collected by Firm on a given matter less out of pocket expenses for that matter (including, but not limited to, filing fees, motion fees, mailings, PACER fees, legal research fees, consulting fees, expert witness fees, investigative fees, deposition transcript costs, etc., but not general overhead such as rent, salaries, insurance, etc.).

2.2.2 <u>Contingency Matters Not Originated by Attorney.</u> For all contingency matters not originated by Attorney, Attorney shall receive fees as follows:

(a) The total fees billed by the Firm shall be computed by multiplying hours worked on the matter by the following hourly rates: Steven J. Moser - $450 per hour; Attorney - $325 per hour; Paralegal Work - $125 per hour;

(b) Attorney's hourly rate shall be multiplied by the Net Fees collected and divided by the ~~total fees~~ billed or COLLECTED (the "Effective Hourly Rate"). lower of ~~total fees~~ billed or COLLECTED

2

2.2.2.1.~~X~~   If the hours billed by the Attorney on the matter are less than 33% of the Total Attorneys' Hours billed by the Firm on the matter, Attorney shall receive 60% of his Effective Hourly Rate multiplied by the hours billed by Attorney. The term "Total Attorneys' Hours" means the total number of hours billed by attorneys on a given matter (as opposed to paralegals, support staff, etc).

2.2.2.~~2~~2~~X~~   If the hours billed by the Attorney on the matter are equal to or greater than 33% of the Total Attorneys' Hours billed by the Firm on the matter, Attorney shall receive 33% of the Net Fees recovered.

2.3. <u>Hourly Fees</u>.

For all hourly fee matters originated by Attorney:

(a)   Attorney shall receive 66.67% of the attorneys' fees billed by Attorney;

(b)   Attorney shall receive 33.33% of the attorneys' fees billed by Steven J. Moser;

(c)   Attorney shall receive 50% of the fees billed by any attorneys or staff other than Steven J. Moser.

The hourly rates charged and terms of payment shall be governed by the specific hourly retainer agreement between the Firm and the client. If the Firm does not collect the total attorneys' fees due and owing for a given hourly matter, Attorney and Firm's receipt of attorneys' fees shall be



3

reduced proportionally to the amount actually recovered (e.g. if 80% of attorneys' fees due and owing for a given matter are recovered, Attorney and Firm shall each receive 80% of the attorneys' fees they would otherwise recover given full payment of attorneys' fees).

2.4. <u>Fees Due</u>.  Any fees due and owing to Attorney pursuant to the terms of this Agreement shall be paid to Attorney no later than fifteen (15) days after the Firm's receipt of same and shall be reported as miscellaneous income on form 1099.

2.5. <u>Hewlett Packard and Unisys Matter</u>.   Notwithstanding the terms and conditions set forth above, the Parties recognize and agree that the Attorney originated the matter currently pending in the United States District Court for the Eastern District of New York entitled *Caccavale et. al. v. Hewlett-Packard Company et. al.*  The Parties agree that any fees Firm collects in connection with said matter, related matters, and/or any matter regarding or referred by Anthony Caccavale, Anthony Mangelli and/or Doug Sorbie shall be distributed as follows: 42.5% to Attorney, 42.5% to Firm and 15% to Anthony LoPresti, Esq.  Such fees shall be paid to Attorney and Anthony LoPresti no later than fifteen (15) days after the Firm's receipt of same.

2.6. <u>Referral Fees</u>.  It is anticipated that, from time to time, in the interest of business generation and in order to compensate other attorneys for work actually performed, Firm and/or Attorney may want to pay a referral fee to

a referring attorney. The Parties agree to work together in good faith to determine how the referral fee shall be funded.

**Section 3.**     Title. Attorney shall be a non-equity partner of the Firm. Attorney shall have no ownership interest in the Firm, no voting power with respect to the Firm, and no liability for the costs and expenses of the Firm. Attorney may immediately market himself as a Partner of the Firm through networking/personal communications and set his billable rate accordingly. Retainer agreements for matters originated by Attorney must be signed by both Steven J. Moser and Attorney in order to be valid. Such signatures shall not be unreasonably withheld.

**Section 4.**     Liability Insurance. The Firm shall maintain professional liability insurance covering the acts and omissions of Attorney in the performance of Attorney's professional duties.

**Section 5.**     Sick Days, Personal Days, Vacation Days. Attorney shall be entitled to five paid days off for sickness or other personal matters, and two weeks of paid vacation each year. Vacation days shall be scheduled at such time as will least interfere with the business of the Firm. Attorney is further entitled to time off on all holidays normally celebrated in accordance with the Firm's stated policy.

**Section 6.**     Term

   6.1. One Year, Automatic Extension. The term of this Agreement shall begin on the date hereof and continue for a period of one year and shall be

automatically extended from year to year unless terminated in accordance with this section.

   6.2. <u>Events of Termination</u>

      6.2.2.  Thirty (30) days' written notice by either Party. Employment is at-will and no cause is necessary.

      6.2.3.  The mutual written agreement of the Parties to termination.

   6.3. <u>Survival</u>. Notwithstanding the termination of this Agreement, the payment of fees to the Attorney and the Firm shall survive this agreement. The confidentiality provision (Section 14) shall also survive this agreement.

**Section 7.**   <u>Notices</u>. All notices under this Agreement shall be emailed to the Parties hereto at the following respective email addresses:

   Attorney: paul.pagano@gmail.com

   Firm: smoser@moseremploymentlaw.com

**Section 8.**   <u>Invalidity.</u> The invalidity or unenforceability of any provision or provisions of this Agreement shall not affect the other provisions, and this Agreement shall be construed in all respects as if any invalid or unenforceable provisions were omitted.

**Section 9.**   <u>Arbitration</u>. All disputes, differences and controversies arising out of, under, or in connection with this Agreement shall be settled and finally determined by arbitration under the Rules of the American Arbitration Association.

**Section 10.**   <u>Outside Work</u>. The Attorney shall give the Firm the right of first refusal with regard to all new cases and clients originated by the Attorney. In

the event that Firm does not wish to take a case that Attorney seeks to bring to the Firm, Attorney shall be free to handle the matter individually or with another Firm provided it does not interfere with Attorney's work with the Firm.

Section 11.  Amendments.  The terms of this Agreement may not be modified, revised or otherwise amended without an express written agreement signed by each of the Parties.

Section 12.  Counterparts.  This Agreement may be executed in counterparts and fax copies and/or electronically scanned copies of signatures shall have the same effect as original signatures.

Section 13.  Complete Agreement.  This Agreement sets forth the full and complete understanding of the Parties with respect to the employment of Attorney.

Section 14.  Confidentiality.  Except as required by law, or to enforce the terms of this agreement, and in consideration for the payment of fees and compensation under this agreement, Attorney shall keep confidential (i) the terms of this agreement (except to the extent needed to enforce same) and (ii) "Confidential Information" as hereinafter defined. "Confidential Information" includes confidential attorney client communications, the names of clients and the nature of the client's representation, information concerning matters being investigated by the Firm, information regarding the Firm's finances and accounting practices, information concerning Firm marketing and business strategies, information concerning vendors of the firm, and any other

confidential and/or proprietary information of the Firm, or the clients of the Firm.

The parties have executed this Agreement as of the date and year first above written.

MOSER LAW FIRM, P.C.

_____  5-15-2020

By: Steven Moser, Esq., Owner


_____  5-17-2020

By: Paul Pagano, Esq.

PAP