

**Steven J. Moser**
Tel: 631-824-0200
steven.moser@moserlawfirm.com

March 14, 2025

**VIA ECF**

Hon. Andrew L. Carter, USDJ
United States District Court, SDNY
40 Foley Square, Rm 435
New York, NY 10007

    Re:    *Malcolm v City of New York,* Case No. 20-cv-9641

Dear Judge Carter:

Please accept this letter in response to the Court's order dated February 26, 2025 requesting the parties positions with regard to the effect of two cases on the within dispute.

## INTRODUCTION

On December 28, 2021, Mr. Pagano was advised that his employment with the Moser Law Firm would end effective January 27, 2022. According to Mr. Pagano's billing records submitted to the court in July 2024, he ceased working on Malcolm v. City of New York on December 22, 2021 and had no further communications with Plaintiffs between December 22, 2021 and February 12, 2022. Then, he resumed work on the matter on February 12, 2022.

| Date | Activity | Matter | Description | Billing Status | Rate/ Unit Price | Labor Time/ Quantity |
|---|---|---|---|---|---|---|
| DOC | | | | | | |
| Paul Pagano | | | | | | |
| 02/12/2022 | Meeting | DOC | Meeting with Plaintiffs in Queens to obtain signatures for retainer agreements | Ready | $0 hr | 4.50 |

However, Mr. Abelove's billing records indicate that he and Paul Pagano engaged in surreptitious unauthorized communications with the clients of the Moser Law Firm while Mr. Pagano was still employed by the Moser Law Firm. In addition, Mr. Abelove was soliciting the Firms' clients. More specifically, Mr. Abelove's records reflect the following:

Hon. Andrew L. Carter, Jr., USDJ 
Re: *Malcolm v. City of New York*
Page 2

| Date | Description | Time |
|---|---|---|
| 1/6/2022 | Meeting with Pagano | 2.50 |
| 1/13/2022 | Meeting with Clients | 2.75 |
| 1/14/2022 | Review pleadings and prior motions; t/c client; meeting with Pagano | 4.25 |
| 1/16/2022 | Further review of Prior Pleadings and motions; meeting with Client | 5.75 |

Mr. Pagano did not contemporaneously recording these activities on the Moser Law Firm's billing system and the unauthorized communications were not discovered until July 2024, after the case was settled subject to Court approval.

Then, when the Moser Law Firm filed a demand for arbitration as permitted by the employment agreement between the Moser Law Firm and Mr. Pagano, he opposed the application, claiming that he is not bound by the agreement to arbitrate because the Law Office of Paul Pagano, P.C., was formed by him during his employment with the Moser Law Firm, P.C., but didn't exist at the time he was hired by the Moser Law Firm. In other words, an employee can circumvent a valid employment agreement simply by creating a corporate alter-ego during his employment and then diverting the employer's clients to the newly created entity.

## *EMILE* AND *LOVE & MADNESS*

In *Emile v. Ethical Culture Fieldstone Sch.,* No. 21-CV-3799 (JPO), 2024 WL 1216473, (S.D.N.Y. Mar. 21, 2024), the Plaintiff fired his former counsel (The Cochran Firm ("TCF")) and retained a new attorney (Nathaniel Smith). Plaintiff's new counsel argued that TCF was not entitled to a fee. The Court disagreed, and awarded the contractual contingency fee (40%) to TCF. In *Love & Madness, Inc. v. Claire's Holdings,* LLC, 2021 U.S. Dist. LEXIS 190851, at *5-6 (S.D.N.Y. Oct. 4, 2021), Judge Oetken noted that a federal court's decision whether to exercise ancillary jurisdiction over an attorney fee dispute is discretionary. These cases broadly stand for the proposition that a Court may, but is not required, to exercise jurisdiction over fee disputes between attorneys, and may award contractual contingency fees.

## ABELOVE AND PAGANO'S CLAIMS AGAINST THE MOSER LAW FIRM

Mr. Abelove and Mr. Pagano have made the following claims against the undersigned:

1. The Moser Law Firm breached its obligation to fund the Malcolm case as required by the employment agreement between Mr. Pagano and the Moser Law Firm. Therefore, the Moser Law Firm is not entitled to enforce the terms of the employment agreement.



**MOSER LAW FIRM, PC**

2. The undersigned has engaged in attorney misconduct and thereby has forfeited any right to receive a portion of the attorneys' fees.
3. The Moser Law Firm opposed the settlement and thereby forfeited any right to recover a portion of the settlement.

### THE MOSER LAW FIRM'S CLAIMS AGAINST PAGANO AND ABELOVE

The Moser Law Firm has the following claims against Messrs. Pagano and Abelove and their respective firms:

1. **New York Judiciary Law 475.**

[T]he attorney who appears for a party has a lien upon his or her client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, award, settlement, judgment or final order in his or her client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

N.Y. Jud. Law § 475.

2. **Breach of Fiduciary Duty**

In New York, an employee owes a fiduciary duty to his employer. *McKinnon Doxsee Agency, Inc. v. Gallina*, 2020 N.Y. Slip Op. 05499 (2d Dep't Oct. 7, 2020); *30 FPS Prods., Inc. v. Livolsi*, 68 A.D.3d 1101, 1102, 891 N.Y.S.2d 162 (2d Dep't 2009))(finding that "an employee owes a duty of good faith and loyalty to an employer"). This fiduciary duty barring solicitation exists until the attorney is no longer employed by the firm. *Reese v. Richman*, 2019 N.Y. Slip Op. 30885(U) (2019).

"[I]t clear that surreptitious solicitation of a firm's clients by an associate attorney [during his employment] is actionable[.]" *Raymond H. Wong PC v. Xue*, No. 115269/04, 2005 N.Y. Misc. LEXIS 3254, at *3-4 (Sup. Ct. Feb. 4, 2005). A lawyer may plan his departure but may not "impermissibly solicit[] clients..or take other action detrimental to the interests of the firm." *Nixon Peabody L.L.P. v. de Senilhes, Valsamdidis, Amsallem, Jonath, Flaicher Associes*, 2008 N.Y. Slip Op. 51885(U) (2008); *see also Graubard Mollen Dannett & Horowitz v. Moskovitz,* 86 N.Y.2d 112, 120-21, 629 N.Y.S.2d 1009, 1013-14, 653 N.E.2d 1179, 1183-84 (1995) (finding that "secretly attempting to lure firm clients (even those [a] partner has brought into the firm and personally represented) to [a] new association" is inconsistent with such a fiduciary duty); McKinnon Doxsee Agency, Inc. v. Gallina, 2020 NY Slip Op 05499, ¶ 1, 187 A.D.3d 733, 733, 132 N.Y.S.3d 144, 146 (App. Div. 2nd Dept.)("surreptitious solicitation of firm clients for a partner's personal gain indeed would be contrary to the partner's fiduciary duty").

Hon. Andrew L. Carter, Jr., USDJ  
Re:   *Malcolm v. City of New York*
Page 4

> The law is clear that disloyal fiduciaries must disgorge all wrongful benefits obtained by their disloyalty, including compensation and interest (see, e.g., Phansalkar v Andersen Weinroth & Co., LLP, 344 F.3d 184, 208-10 [2d Cir 2003] [ordering forfeiture of disloyal fiduciary's compensation including non-cash "partner allocations" and interests in investment opportunities]; Design Strategy, Inc. v Davis, 469 F.3d 284, 291 [2d Cir 2006] [same]).

*212 Inv. Corp. v. Kaplan*, 2007 N.Y. Slip Op. 51577(U) (2007).

### 3.   Tortious interference with Contract

"While it is true that contracts between a law firm and its clients is terminable at will, a cause of action for tortious interference is still actionable if the solicitation is in violation of the Canons of Ethics or in derogation of the law[.]"  Raymond H. Wong PC v. Xue, *No. 115269/04, 2005 N.Y. Misc. LEXIS 3254, at \*8* (Sup. Ct. Feb. 4 2005) (citing Trager, Cronin & Byczek, LLP v. Decolator, NYLJ, Nov, 20, 1998, at 34, col 3)).  Here, Mr. Abelove has furnished billing records stating that on January 13, 2022, he met with the Firm's clients.  Section 1200.8 [DR 2-103] prohibits an attorney from soliciting either in person or by telephone "unless the recipient is a close friend, relative, former client or existing client".

Under New York Law, a lawyer forfeits his entire fee due to misconduct where the misconduct relates to the representation for which the fees are sought.  *Decolator, Cohen & DiPrisco, L.L.P. v. Lysaght, Lysaght & Kramer, P.C., 304 A*.D.2d 86, 91, 756 N.Y.S.2d 147, 150 (1st Dep't 2003).

### 4.   Tortious Interference with Prospective Economic Relations

A law firm is entitled to a judgment of liability for tortious interference with prospective economic relations where there is proof that a former employee of the firm interfered with the law firm's business relations with clients by persuading some clients to discharge the firm.  *Gorayeb & Assocs., P.C. v. Toledo, 20*18 N.Y. Slip Op. 31153(U) (2018).

### 5.   Breach of Contract

Mr. Pagano signed an arbitration agreement that broadly covers any disputes between Mr. Pagano and the Moser Law Firm, and contains fee-sharing provisions.  "It has long been understood that in disputes among attorneys over the enforcement of fee-sharing agreements, the courts will not inquire into the precise worth of the services performed by the parties as long as each party actually contributed to the legal work and there is no claim that either 'refused to contribute more substantially.'" *Benjamin v. Koeppel*, 85 N.Y.2d 549, 556, 626 N.Y.S.2d 982, 985, 650 N.E.2d 829, 832 (1995).



MOSER LAW FIRM, PC

### UNDER NEW YORK LAW THE PHRASE *QUANTUM MERUIT* ("AS MUCH AS HE DESERVES") PERMITS A COURT TO AWARD CONTINGENT FEES TO ATTORNEYS AS A PERCENTAGE OF THE FEES RECOVERED

Quantum meruit is not limited to attorney compensation calculated by hourly rates. *Padilla v. Sansivieri*, 2006 N.Y. Slip Op. 3744 (2d Dep't May 9, 2006).; *Decolator, Cohen & DiPrisco, L.L.P., 30*4 A.D.2d at 92, 756 N.Y.S.2d at 151 (affirming trial court's award of a quantum meruit percentage of the total contingency fee collected by defendant law firm). "In the event the dispute is not between the client and attorney but between incoming and outgoing attorneys, the outgoing attorney may elect whether he will take his compensation on the basis of a presently fixed dollar amount quantum meruit, or whether he will take a contingent percentage instead to be determined at the conclusion of the case, also on the basis of quantum meruit." *Paulsen v. Halpin*, 74 A.D.2d 990, 991, 427 N.Y.S.2d 333, 335-36 (4th Dep't 1980).

Under New York Law, the calculation of an award of legal fees as a portion of a contingent fee and based on an hourly rate are both properly fixed as quantum meruit determinations. *See Lai Ling Cheng v. Modansky Leasing Co.*, 73 N.Y.2d 454, 459, 539 N.E.2d 570, 541 N.Y.S.2d 742 (1989); *Decolator, Cohen & DiPrisco, L.L.P., 30*4 A.D.2d 86, 756 N.Y.S.2d 147; *Matter of Cordes v. Purcell, Fritz & Ingrao, 89* A.D.2d 870, 453 N.Y.S.2d 237 (1982); *Paulsen*, 74 A.D.2d 990, 427 N.Y.S.2d 333; *Reubenbaum v. B. & H. Express, Inc., 6* A.D.2d 47, 174 N.Y.S.2d 287 (1st Dep't 1958)).

The percentage to be awarded to outgoing counsel may be fixed at the time of substitution. *Lai Ling Cheng*, 73 N.Y.2d at 458, 539 N.E.2d at 744, 541 N.Y.S.2d at 572.  An attorney may also be awarded a contingent fee based upon a proportionate share of the work he or she performed after the case is resolved.  *Wiggins v. Kopko*, 2013 N.Y. Slip Op. 2312 (3d Dep't Apr. 4, 2013)

### CONCLUSION

As previously stated, ancillary jurisdiction over attorneys' fee disputes is discretionary. *Gov't Emps. Ins. Co. v. Grinberg*, No. 12 Civ. 2448 (JG) (VMS), 2016 U.S. Dist. LEXIS 28244, at *16-17 (E.D.N.Y. Mar. 2, 2016) (recommending that the District Court decline to exercise ancillary jurisdiction over the Parties' fee dispute and direct the Clerk of the Court to close this matter).

There is no requirement under Judiciary Law § 475 that the underlying action which generated the fee must have been commenced in a New York State Court in order to be the subject of a charging lien. Rather, the statute itself speaks in terms of an action "in any court" *Orseck v. Shemesh*, 243 A.D.2d 790, 791, 662 N.Y.S.2d 622, 624 (3d Dep't 1997). Charging liens have been imposed under the statute for recoveries arising out of actions in out-of-State and Federal courts (*see Butler, Fitzgerald & Potter v. Gelmin, 2*35 A.D.2d 218, 219 (1st Dep't 1997); *Max E. Greenberg, Cantor, Trager & Toplitz v. Goddard & Blum, 195 A*.D.2d 393 (1st Dep't 1993)). Therefore, should the Court decline to exercise ancillary jurisdiction, the parties may resolve their

Hon. Andrew L. Carter, Jr., USDJ
Re:   *Malcolm v. City of New York*
Page 6

MOSER LAW FIRM, PC

disputes either through arbitration (as required by the employment agreement) or through a plenary action in the New York State Supreme Court.

    If the Court exercises ancillary jurisdiction over the disputes between the attorneys, we respectfully ask that the parties be given leave to assert and answer claims as against each other, and that the Court allow pre-hearing/pre-motion discovery concerning the dispute.

    Respectfully submitted,

*Steven J. Moser*

Steven J. Moser

CC:   All counsel of record via ECF