

Paul A. Pagano, Esq.
Paul@LawOfficePaulPagano.com
(917)589-1479

# Law Office of Paul A. Pagano, P.C.

April 3, 2025

**VIA ECF**
The Honorable Andrew L. Carter, Jr., U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

    Re:    *Malcolm v. The City of New York*
              20-cv-09641(ALC)

Dear Judge Carter:

    This firm ("Pagano Firm"), along with the Law Offices of Jason L. Abelove, P.C. ("Abelove Firm" and collectively the "Plaintiffs' Firms"), are counsel to Plaintiffs. The Plaintiffs' Firms and the Moser Firm recently submitted letter briefs relating to the Court's authority to hear and determine the charging lien dispute between the Moser Firm and the Plaintiffs' Firms. Docket Entries 196, 197, 200, 201. Among other things, the Moser Firm has argued that an arbitration clause in an agreement between the Moser Firm and me individually requires that the charging lien dispute be arbitrated. As previously provided, the Plaintiffs' Firms fervently disagree with the Moser Firm's position. We write to inform the Court that on March 27, 2025 the Nassau County Supreme Court granted the Pagano Firm's and the undersigned's Order to Show Cause/petition staying the Moser Firm's improperly commenced arbitration.

    On December 22, 2023, the Moser Firm submitted a letter to this Court asserting, *inter alia*, a charging lien pursuant to Judiciary Law § 475. D.E. 153. In July 2024, the Moser Firm attempted to obstruct the settlement of this matter so that it could try to extract unearned attorneys' fees. On August 8, 2024, the Court held a conference with the Plaintiffs' Firms and the Moser Firm at which time the Moser Firm conceded that its actions were in service of its attempt to obtain attorneys' fees. Further, it was understood that the lien dispute would be resolved after the settlement was approved. On August 28, 2024, the Court approved the settlement agreement for this matter.

    Instead of moving to fix its alleged charging lien, on or about November 13, 2024, the Moser Firm filed a demand for arbitration against the Pagano Firm and the undersigned individually. The demand for arbitration pled as follows: "Breach of contract/attorneys' fee sharing dispute. Paul Pagano, Esq. was an employee of the Moser Law Firm, PC (the "firm"). An agreement between the parties provided for the to (sic) division of attorneys' fees. Thereafter, upon Mr. Pagano's separation from the firm, he solicited the clients in a case commenced by the firm (Malcolm v. City of New York, 20-cv-9641), and refuses to split attorneys fees earned in accordance with the terms of the agreement." Exhibit A, p. 1. The arbitration demand sought 100% of the fees awarded in this matter in the amount of $2,058,500. Exhibit A, p. 1.

    As is detailed in prior correspondence, the Moser Firm's claim is entirely without merit. *See e.g.* D.E. 189, p. 2-3, D.E. 200, p. 2-3. As also detailed in prior correspondence, arbitration is

1


Paul A. Pagano, Esq.  
Paul@LawOfficePaulPagano.com  
(917)589-1479

**Law Office of Paul A. Pagano, P.C.**



not the appropriate forum for the charging lien dispute. D.E. 189, p. 2-3, D.E. 196, p. 2-3. Given the foregoing, the Pagano Firm and I filed a petition with an Order to Show Cause seeking to stay the arbitration in the Nassau County Supreme Court. On November 29, 2024, a temporary restraining order was granted staying the arbitration pending a decision on the order to show cause. The Moser Firm never opposed the order to show cause/petition.

On March 27, 2025, the Nassau County Supreme Court issued a decision granting the Pagano Firm's and the undersigned's order to show cause/petition. *See* Exhibit B. In its decision the Court noted that: (1) "Petitioners seek a permanent stay of the arbitration as it relates to the Pagano Firm on the grounds that there is no agreement to arbitrate as between the Moser Firm and the Pagano Firm, and that the Pagano Firm has not been served with an application to compel arbitration pursuant to CPLR 7503(a)[;]" and (2) "Petitioners also seek a temporary stay of the arbitration as it relates to Paul Pagano. While Petitioners concede that Paul Pagano is subject to the arbitration provision in the Employment Agreement between the Moser Law Firm, P.C. and Paul Pagano, Petitioners maintain that the arbitration should nevertheless be stayed as to Paul Pagano until such time as a Court determines and adjudicates the amount of fees, if any, the Moser Firm is entitled to." Exhibit B, p. 1-2. Consistent with such positions and that "It is well settled that a party may not be compelled to arbitrate a dispute unless there is evidence which affirmatively establishes that the parties clearly, explicitly, and unequivocally agreed to arbitrate the dispute[,]" the Court granted the order to show cause/petition. Exhibit B, p. 2.

More specifically, the Court ordered that the Pagano Firm's and undersigned's petition is granted to the extent that the arbitration: (1) is permanently stayed as against the Pagano Firm and (2) is temporarily stayed as against me personally pending a determination and adjudication by a Court of the amount of attorneys' fees, if any, the Moser Firm is entitled to. Exhibit B, p. 2. At bottom, the Nassau County Supreme Court's holding is further indica that the charging lien dispute can and should be resolved by this Court.

      Respectfully submitted,  
      Law Office of Paul A. Pagano, P.C.

By: *Paul Pagano*  
Paul A. Pagano, Esq.  
*Attorneys for Plaintiffs*  
100 Duffy Street, Suite 510  
Hicksville, NY 11801  
(917) 589-1479

cc: All Counsel of Record (VIA ECF)

2